IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TSMC TECHNOLOGY, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LIMITED and TSMC NORTH AMERICA CORP., | ) ) ) ) ) | Civil Action No. 14-cv-00721-LPS |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ZOND, LLC, | ) ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF THE TSMC PLAINTIFFS'
MOTION TO ENJOIN ZOND, LLC FROM MAINTAINING
A LATER-FILED ACTION IN THE DISTRICT OF MASSACHUSETTS**

Dated: June 19, 2014

**DUANE MORRIS LLP**

Richard L. Renck (#3893)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Phone:  302-657-4900
Fax:  302 657 4901
Email: rlrenck@duanemorris.com

*Attorneys for Plaintiffs TSMC Technology, Inc.,
Taiwan Semiconductor Manufacturing Company,
Limited and TSMC North America Corp.*

## TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................1

II.     NATURE AND STAGE OF THE PROCEEDINGS ...........................................2

     A.     Zond's Litigation Campaign in Massachusetts....................................... 2

     B.     The Events Leading to this Declaratory Judgment Action ..................... 4

III.     SUMMARY OF ARGUMENT ........................................................................6

IV.     STATEMENT OF FACTS ..............................................................................7

V.     ARGUMENT .................................................................................................9

     A.     This Delaware Action Should Proceed as the First-Filed Case ............................. 9

         1.     Under the First-to-File Rule, this District Was the First to Take Possession Over this Dispute Concerning the Group Two Patents.............................................................................. 9

         2.     No Exceptional Circumstances Justify Departure from the Rule ............ 11

             a.     Zond's June 5 Letter Does Not Justify Departure……………….12

             b.     Litigation over the Group One Patents in Massachusetts Does Not Justify Departure…………………………………….13

     B.     The § 1404 Transfer Factors Also Favor This District ......................................... 16

         1.     The Private-Interest Factors Weigh in Favor of Delaware ...................... 16

         2.     The Public-Interest Factors Do Not Favor Transfer ................................ 18

         3.     The Final Balancing of the § 1404 Factors Favors Delaware.................. 20

VI.     CONCLUSION.............................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abbott Labs. v. Johnson & Johnson*, 524 F. Supp. 2d 553 (D. Del. 2007) ....................................10

*Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376 (D. Del. 2012) ................ 10-11

*Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941)................................................6, 11

*Datex-Ohmeda, Inc. v. Hill-Rom Servs., Inc.*, 185 F. Supp. 2d 407 (D. Del. 2002)...............12, 20

*E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969 (3d Cir. 1988) ................................................................11

*Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341 (Fed. Cir. 2005) ......................................13

*Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704 (Fed. Cir. 2013)......................10

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993).................................6, 9, 11, 13

*Human Genome Sciences, Inc. v. Genentech, Inc.*, Civ. No. 11-082-LPS, 2011 WL
    2911797 (D. Del. July 18, 2011)........................................................................................15

*Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744
    (D. Del. 2012) ........................................................................................................... passim

*Intellectual Ventures I LLC v. Checkpoint Software*, 797 F. Supp. 2d 472 (D. Del. 2011)...........16

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) .............................................16, 18, 20

*Laboratory Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326 (Fed. Cir. 2004)...................1

*In re Link-A-Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011)............................................16

*Micron Technology, Inc. v. MOSAID Technologies, Inc.*, 518 F.3d 897 (Fed. Cir. 2008)............16

*Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396 (D. Del. 2013).......................................... passim

*Thales Airborne Sys. v. Universal Avionics Sys.*, Civ. No. 05-853-SLR, 2006 WL
    1749399 (D. Del. June 21, 2006)......................................................................................10

*Trustco Bank v. Automated Transactions, LLC*
    933 F. Supp. 2d 668 (D. Del. 2013)...................................................................11-12, 16-17

**Statutes**

28 U.S.C. § 1404.......................................................................................................6, 16, 20

35 U.S.C. § 271(g) ...............................................................................................................17

## I.   INTRODUCTION

This declaratory judgment patent case implicates the "first-to-file" rule in the context of "parallel" or "mirror image" actions—that is, "co-pending patent infringement and declaratory judgment actions involving the same patents and the same parties." *Laboratory Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1328 (Fed. Cir. 2004); *Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396, 401 (D. Del. 2013).   The TSMC plaintiffs here filed this declaratory judgment action for non-infringement of six patents purportedly assigned to defendant Zond.   Zond later filed a duplicative complaint asserting infringement of the same six patents in the District of Massachusetts ("Massachusetts").   This first-filed Delaware case should proceed and Zond should be enjoined from pursuing its later-filed suit in Massachusetts.

This action arises from a procedurally complicated litigation campaign brought in Massachusetts by Zond, which is essentially a non-practicing entity.   That campaign once involved seven separate actions before five different judges on a different set of patents than the ones at issue here.   One of the Massachusetts cases named two of the TSMC plaintiffs in this case—Taiwan Semiconductor Manufacturing Company Ltd. ("TSMC Ltd.") and TSMC North America Corp.   The case against those TMSC entities was the last-filed of the seven suits—Zond named TSMC Ltd. and TSMC North America as defendants in September 2013—and is now administratively closed (as of June 2, 2014), in light of TSMC's petitions for *inter partes* review ("IPR") on all the asserted claims.

This declaratory judgment case involves six additional Zond patents.   Before this suit, Zond had not asserted any of these patents against TSMC in Massachusetts—despite purporting to be these patents' owner at all relevant times and despite asserting two of the six against another group of defendants (Gillette and Procter & Gamble) in a separate infringement action in Massachusetts.   Instead, unhappy with TSMC's IPR petitions and the court's ensuing

1

administrative closure, Zond recently threatened TSMC with the possibility of a new round of litigation on these additional patents if TSMC did not immediately take a license to Zond's patent portfolio.   In TSMC's view, these additional patents are even further removed from TSMC's technology than the patents Zond had previously asserted against it.

Refusing to be held hostage by Zond's hold-up tactics, TSMC brought this declaratory judgment action on the six additional patents in Zond's state of corporate formation (Delaware). In response, Zond has now filed a new action in Massachusetts against TSMC on these identical patents, essentially mirroring TSMC's Delaware suit.   Under the well-settled first-to-file rule, Zond's duplicative Massachusetts action should be enjoined in favor of TSMC's suit here.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

Defendant Zond is a Delaware limited liability company.   (*See, e.g.*, D.I. 10, First Am. Compl., at ¶ 1 in *Zond Inc. v. Fujitsu Ltd. et al.*, Civ. No. 13-cv-11634, D. Mass).[1]   Zond purports to own 18 U.S. patents relating generally to what it calls "plasma discharge technology."   (*Id.* at ¶ 21).   According to Zond, its "President" and "Co-Founder" is Dr. Roman Chistyakov, who is also the sole named inventor on most of these U.S. patents.   (*Id.*).

### A.    Zond's Litigation Campaign in Massachusetts

Between July 1 and July 9, 2013, Zond filed seven separate patent-infringement suits in the District of Massachusetts, which were assigned to five different judges and have proceeded along five radically different case schedules.   The status of each of these cases is summarized in the Statement of Facts, § IV *infra*.   The majority of these cases are now either stayed pending the

---

[1]    Zond originally incorporated itself as a Delaware corporation under the name Zond, Inc., but, effective December 30, 2013, converted to a Delaware LLC corporate form.   (D.I. 65 in *Zond, LLC v. Fujitsu Ltd. et al.*, Civ. No. 13-cv-11634, D. Mass).

Patent Trial and Appeal Board's ("PTAB") decision on the submitted IPR petitions or, in the case of one action, are dismissed after settlement.

Zond filed each of its seven Massachusetts actions against end users, as opposed to the companies that manufacture the plasma-generation machines where any potential alleged infringement (if any) would have to occur.  Six of Zond's Massachusetts actions—against Intel, Advanced Micro Devices, Toshiba, SK Hynix, Renasas, and Fujitsu—named companies in the semiconductor industry as defendants.  In each of these six actions, Zond asserted the same seven patents (hereinafter, the "Group One Patents").[2]  None of these Group One Patents is at issue either in this declaratory judgment action or in Zond's later-filed Massachusetts suit.

The seventh case that Zond originally filed in Massachusetts in July 2013 named Gillette and Procter & Gamble as defendants (the "Gillette Action") and alleged infringing activity in the manufacture of razor blades.[3]  In that action, Zond asserted the same seven Group One Patents asserted against the semiconductor defendants, plus an additional three patents, for a total of ten. Two of the additional patents, U.S. Patent Nos. 6,896,773 (the "'773 patent," Ex. L) and 6,896,775 (the "'775 patent," Ex. M), are included among the six additional patents now involved in this declaratory judgment action.  However, Zond has never named (or attempted to name) any TSMC entity as a party to the Gillette Action.

It appears that TSMC became implicated in Zond's patent-assertion campaign in Massachusetts through TSMC's business relationship with Fujitsu Semiconductor.  Fujitsu is one of TSMC's customers.  Zond originally sued Fujitsu in Massachusetts in July 2013.  That case

---

[2]     The Group One Patents are U.S. Patent Nos. 7,147,759 (Ex. D); 7,808,184 (Ex. E); 7,811,421 (Ex. F); 6,853,142 (Ex. G); 7,604,716 (Ex. H); 6,805,779 (Ex. I); and 6,806,652 (Ex. J).

[3]     The Gillette Action was Zond's first complaint in Massachusetts and the first of its cases over the Group One Patents.

was assigned to Judge William Young—hereinafter, this is "the 13-cv-11634 Action" or the "Fujitsu Action." (D.I. 1 in the 13-cv-11634 Action). In September 2013, after Zond learned that Fujitsu obtained certain accused products from TSMC, Zond added four TSMC entities to the suit, asserting the same seven Group One Patents against the TSMC entities that it had asserted against all the semiconductor defendants.[4] (D.I. 10 in the 13-cv-11634 Action). Zond did not assert any other patent against the TSMC entities, including the '773 and '775 patents asserted against Gillette and Procter & Gamble. (*Id.*).

### B. The Events Leading to this Declaratory Judgment Action

The events leading to this suit were triggered a few weeks ago, on May 30, when TSMC and Fujitsu completed filing thirty-two *inter partes* review ("IPR") petitions against all of the claims asserted against them in the Massachusetts 13-cv-11634 Action. On May 31, TSMC and Fujitsu notified Judge Young of these petitions and moved for administrative closure of the case. (D.I. 123 in the 13-cv-11634 Action). Just two days later, on June 2, Judge Young granted the motion and administratively closed the case. (D.I. 124 in the 13-cv-11634 Action).

Zond's immediate response was to send TSMC a letter threatening an infringement suit over six additional patents (hereinafter, the "Group Two Patents") unless TSMC undertook licensing negotiations.[5] (Ex. B). These Group Two Patents had never before been asserted against TSMC, Fujitsu, or any of the other semiconductor defendants.[6] Zond's letter was dated June 5 and was addressed to Michael Shen, Esq., TSMC in-house counsel; the letter was also

---

[4]     Zond subsequently dismissed two of the TSMC entities as improperly named. (D.I. 47 in the 13-cv-11634 Action).

[5]     The Group Two Patents are U.S. Patent Nos. 6,806,651 (the "'651 patent," Ex. K); 6,896,773 (the "'773 patent," Ex. L); 6,896,775 (the "'775 patent," Ex. M); 6,903,511 (the "'511 patent," Ex. N); 7,095,179 (the "'179 patent," Ex. O); and 7,446,479 (the "'479 patent," Ex. P).

[6]     As noted, two of the six Group Two Patents were previously asserted in the Gillette Action.

copied to one of the outside counsel representing TSMC in the 13-cv-11634 Action.  (*Id.*).

Zond's letter gave TSMC only one and one-half business days—until "Noon Eastern time, on

Monday, June [9], 2014"—to negotiate a license to Zond's entire patent portfolio.[7]  (*Id.*)

Otherwise, Zond threatened "a new action in the District of Massachusetts, related to the 11634

Action."  The identified outside counsel received a copy of the letter by email at 10:52 pm on

June 5.  (Ex. B).  Zond sent the letter's named addressee, Mr. Shen, a copy by international

courier, which was delivered at 10:50 am on June 9, and by fax at 3:52 pm on June 10—one day

after the letter's stated deadline had passed, and after this suit had already been filed.  (Ex. C).

Faced with Zond's threat, three TSMC plaintiffs initiated this suit on Sunday evening,

June 8, 2014.  (D.I. 1).  Pursuant to local practice, the complaint was docketed with a filing date

of Friday, June 6, 2014.  (*Id.*)  Two of the TSMC plaintiffs here, TSMC Ltd. and TSMC North

America, are defendants in the 13-cv-11634 Action in Massachusetts.  The third plaintiff, TSMC

Technology, Inc., is a Delaware corporation that, as explained further below, has a material

interest in this dispute, because it is involved in the design of certain accused products.  (Ex. A,

Thurston Decl. ¶¶ 3, 5-6).  TSMC Technology is not a party to any Massachusetts actions.  Zond

was served with TSMC's complaint on Tuesday, June 10.  (D.I. 5).

In response, on Monday evening, June 9, Zond filed a parallel infringement action in

Massachusetts over these same six Group Two Patents—hereinafter, the "New 14-cv-12438

Action."  Because the daily e-filing deadline in Massachusetts is 6:00 pm eastern, Zond's

complaint was assigned a docketed filing date of the next day, June 10. (D.I. 1 in the New 14-cv-

12438 Action).  In the civil cover sheet accompanying the complaint, Zond noticed the new

complaint as related to the 13-cv-11634 Action assigned to Judge Young, and the new case was

---

[7]     The letter actually recited "Monday June 7" as the deadline, but June 7 was a Saturday.

therefore assigned to Judge Young as well.  Zond's later-filed infringement case essentially mirrors TSMC's earlier-filed declaratory action.  The only differences in the new Zond complaint are: (1) TSMC Technology is not named as a defendant (it is a plaintiff in this Delaware action); and (2) Fujitsu Semiconductor Ltd. and Fujitsu Semiconductor America Inc. are included as defendants (no Fujitsu entity is a party to the Delaware action).

## III.   SUMMARY OF ARGUMENT

1.      Under the well-settled first-to-file rule, this District should permit TSMC's declaratory judgment action to proceed, because this is the forum where litigation between TSMC and Zond over the Group Two Patents first commenced, and Zond's later-filed parallel infringement suit should not displace this action.  *See, e.g.*, *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).  Indeed, this Court should enforce the first-to-file rule by enjoining Zond from any further prosecution of its later-filed, duplicative infringement action in Massachusetts.  *See, e.g.*, *Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396, 405 (D. Del. 2013); *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941).

2.      No exceptions to the first-to-file rule apply and there are no sound reasons to depart from it.  Zond's June 5 threat letter, on its face, fails as a legitimate effort to engage in good-faith licensing discussions and is irrelevant to a bad faith or forum shopping analysis—but it did create a cloud of uncertainty over TSMC's activities, which TSMC was entitled to address proactively via declaratory judgment.

Moreover, the public- and private- interest factors under 28 U.S.C. § 1404 also favor maintaining this dispute over the Group Two Patents in Delaware.  Significant factors supporting Delaware include TSMC's right to select its forum, Zond's formation under Delaware law making this District its "home turf," and the material interest of TSMC Technology, another Delaware entity, in this dispute.  *See, e.g.*, *Intellectual Ventures I LLC v. Altera Corp.*, 842 F.

Supp. 2d 744, 752 (D. Del. 2012).  Against these strong considerations, the Massachusetts cases are dispersed among five different judges, the majority of the actions are not currently active (including the case against TSMC), and no judge has to date received claim construction briefing or is yet close to *Markman* proceedings.

## IV.    STATEMENT OF FACTS

As the below status chart shows, the majority of Zond's Massachusetts actions—four of the seven—have been stayed or closed:[8]

| DEFENDANTS | CASE NO. | JUDGE | STATUS |
|---|---|---|---|
| The Gillette Company and The Procter & Gamble Company | 13-11567-DJC "Gillette Action" | Denise J. Casper | Filed July 1, 2013 Motion to stay pending IPRs currently pending |
| Intel Corporation | 13-11570-RGS "Intel Action" | Richard G. Stearns | Filed July 2, 2013 Stay pending IPRs granted April 18, 2014 |
| Advanced Micro Devices, Inc., GlobalFoundries U.S., Inc., GlobalFoundries Dresden Module One LLC & Co. KG and GlobalFoundries Dresden Module Two LLC & Co. KG | 13-11577-DPW "Advanced Micro Devices Action" | Douglas P. Woodlock | Filed July 2, 2013 Stay pending IPRs granted June 6, 2014 |
| Toshiba Corporation, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. | 13-11581-DJC "Toshiba Action" | Denise J. Casper | Filed July 3, 2013 Motion to dismiss currently pending |
| SK Hynix, Inc., SK Hynix America Inc., and SK | 13-11591-RGS "SK Hynix | Richard G. Stearns | Filed July 3, 2013 Settled and dismissed |

---

[8]    This chart does not include the New 14-cv-12438 Action.

| DEFENDANTS | CASE NO. | JUDGE | STATUS |
|---|---|---|---|
| Hynix Memory Solutions Inc. | Action" | | May 30, 2014 |
| Renesas Electronics Corporation and Renesas Electronics America, Inc. | 13-11625-NMG "Renesas Action" | Nathaniel M. Gorton | Filed July 8, 2013 Motion to dismiss currently pending |
| Fujitsu Semiconductor Limited, Fujitsu Semiconductor America, Inc., Taiwan Semiconductor Manufacturing Company Limited, and TSMC North America Corp. | 13-11634-WGY "Fujitsu Action" or "13-cv-11634 Action" | William G. Young | Filed July 9, 2013 Stay pending IPRs granted and the Court administratively closed the case on June 2, 2014 |

Specifically, the SK Hynix Action before Judge Stearns has been dismissed outright based on a settlement between the parties.[9]  The Intel Action before Judge Stearns and the Advanced Micro Devices Action before Judge Woodlock have been stayed pending *inter partes* review by the PTAB.[10]  Likewise, in the 13-cv-11634 Action involving TSMC, Judge Young granted TSMC and Fujitsu's motion for administrative closure, ordering that the case be administratively closed until "the conclusion of the proceedings before the Patent and Trademark Appeal Board or upon May 9, 2016, whichever shall occur first."  (D.I. 124 in the 13-cv-11634 Action).  The judge later clarified that "the case may be reopened at once as to any claims the PTAB does not accept."  (D.I. 129 in the 13-cv-11634 Action).

Only three of the seven original Massachusetts cases remain active—the Gillette and Toshiba Actions before Judge Casper and the Renasas Action before Judge Gorton.  None of

---

[9]      D.I. 68-70 in *Zond, LLC v. SK Hynix, Inc.*, Civ. No. 13-cv-11591-RGS, D. Mass.

[10]      D.I. 120 in *Zond, LLC. v. Intel Corp.*, Civ. No. 13-cv-11570-RGS, D. Mass. ("This case is still in its early stage – the Markman process not having commenced"); D.I. 74 in *Zond, LLC v. Advanced Micro Devices, Inc. et al.*, Civ. No. 13-cv-11577-DPW, D. Mass.

them have advanced in terms of the *Markman* process.  In the Renasas Action, Judge Gorton has

not yet entered a scheduling order setting any deadlines in the case.[11]  In the Toshiba Action,

Judge Casper has not scheduled a date for a *Markman* hearing.[12]  And, in the Gillette Action—

which, as noted, does involve the '773 and '775 patents from Group Two (Exs. L-M)—Judge

Casper has October 21, 2014 on the calendar as the *Markman* date, but is currently entertaining a

motion to stay pending IPR similar to those previously filed (and entered) in the other

Massachusetts cases.[13]  In short, each of the Massachusetts actions is largely proceeding on its

own track—and is virtually certain of remaining that way.  Indeed, on June 11, Judge Casper

ruled that Massachusetts actions would not be consolidated: "The cases pending in this district

are proceeding on different schedules and, although some coordination of pre-trial proceedings

has already occurred, the Court does not conclude that consolidation is warranted or advisable."

(D.I. 100 in *Zond, Inc. v. The Gillette Company et al*, Civ. No. 13-cv-11567, D. Mass.).  Zond

had argued against consolidation of its Massachusetts cases before a single judge. (D.I. 81, *Id.*).

## V.    ARGUMENT

### A.    This Delaware Action Should Proceed as the First-Filed Case

#### 1.    Under the First-to-File Rule, this District Was the First to Take Possession Over this Dispute Concerning the Group Two Patents

This case presents a straightforward application of the first-to-file rule.  Under that rule,

"absent sound reason for a change of forum, a first-filed declaratory judgment action is entitled

to precedence as against a later-filed patent infringement action."  *Genentech, Inc. v. Eli Lilly &*

*Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993).  "Application of the first-to-file rule is generally a

---

[11]      *Zond, LLC v. Renesas Elecs. Corp.*, Civ. No. 13-cv-11625-NMG, D. Mass.

[12]      D.I. 45 in *Zond, LLC v. Toshiba Corp. et al.*, Civ. No. 13-cv-11581-DJC, D. Mass (motion to dismiss still pending; defendants have not answered).

[13]      D.I. 23 (notice scheduling *Markman* hearing), D.I. 67 & 113 (briefing on pending motion to stay) in *Zond, LLC v. The Gillette Co. et al.*, Civ. No. 13-cv-11567-DJC, D. Mass.

matter for a district court's discretion, exercised within governing legal constraints." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013).

Here, this Court has every reason to allow this declaratory judgment suit to proceed in Delaware. There can be no dispute that TSMC's case on the Group Two Patents in this District was filed first, and thus this Court is the first to have possession of this dispute. *See, e.g.*, *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 384 (D. Del. 2012) ("There is no question but that the instant suit was filed prior to *North Carolina II*.").

The fact that Zond had previously filed the 13-cv-11634 Action in Massachusetts against TSMC Ltd. and TSMC North America over a different set of patents—the Group One Patents—does not change the analysis. In like circumstances, this District has held that similar patents and technology being at issue in earlier cases was irrelevant to the determination of which case was the first in time to be filed. In *Cellectis*, for instance, this District rejected the argument that a prior suit in the District of North Carolina was "really the first-filed case because it involves the same parties and the same technology" and because the district judge there had "become acquainted" with two similar "patents and the underlying technology." *Cellectis*, 858 F. Supp. at 384. The fact remained that the Delaware suit was the first in time to be filed over the specific asserted patents in that case. *See id.*; *see also Abbott Labs. v. Johnson & Johnson*, 524 F. Supp. 2d 553, 558 (D. Del. 2007) (holding that an earlier suit did not qualify as first-to-file because, *inter alia*, it "involve[d] different patents"); *Thales Airborne Sys. v. Universal Avionics Sys.*, Civ. No. 05-853-SLR, 2006 WL 1749399, at *4 (D. Del. June 21, 2006).

Further, this Court should enjoin Zond from continued prosecution of the second-filed, duplicative infringement action in Massachusetts. Such injunctive relief has been regularly allowed in the Third Circuit and in this District as an enforcement vehicle for the first-to-file

rule.  A "district court which first obtains jurisdiction of the parties and issues may . . . enjoin proceedings involving those same issues and parties begun thereafter in another United States district court."  *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 927 (3d Cir. 1941); *see also E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988) (explaining that the "first file rule" gives courts "'the power' to enjoin the subsequent prosecution of proceedings").  Indeed, just last year, in two separate cases, Judge Robinson enjoined declaratory judgment defendants from proceeding with later-filed parallel actions.  *See Nexans*, 966 F. Supp. 2d at 403; *Trustco Bank v. Automated Transactions, LLC*, 933 F. Supp. 2d 668, 674 (D. Del. 2013); *see also Cellectis*, 858 F. Supp. 2d at 385.  Because, as explained below, no reason exists to depart from the first-to-file rule, this Court should enjoin any further action by Zond on the parallel Group Two Patents infringement action in Massachusetts.

### 2.      No Exceptional Circumstances Justify Departure from the Rule

Exceptions to the first-to-file rule require exceptional circumstances and a "sound reason that it would make it unjust or inefficient to continue the first-filed action." *Genentech*, 998 F.2d at 938; *see also E.E.O.C.*, 850 F.2d at 979 ("Courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule.").  According to the Federal Circuit, such reasons include (1) "the convenience and availability of witnesses," (2) the "absence of jurisdiction over all necessary or desirable parties," (3) "the possibility of consolidation with related litigation," (4) "considerations relating to the real party in interest," and (5) "when forum shopping was the only motive for the filing" in the first-filed district. *Genentech*, 998 F.2d at 938.  None of these exceptions apply here.[14]

---

[14]      Factors (2) and (4) identified in *Genentech* do not have any relevance in this case, as there appears to be no issue, at least currently, about the need to add necessary parties or to identify real parties-in-interest. These two *Genentech* factors are therefore not taken up below.

a.       **Zond's June 5 Letter Does Not Justify Departure**

Despite having availed itself of the laws of Delaware by forming itself here, Zond, in its parallel Massachusetts infringement complaint, accuses TSMC of "an effort to forum shop" because of Zond's June 5 letter indicating that Zond "intended to file" a new case in Massachusetts to be designated as "related to the 11634 Action." (Ex. B; *see also* D.I. 1 in the New 14-cv-12438 Action). But Zond's letter does not change the first-to-file analysis. In this District, it is the "act of filing, not the intent to file," that "controls the [first-to-file] decision." *Datex-Ohmeda, Inc. v. Hill-Rom Servs., Inc.*, 185 F. Supp. 2d 407, 412 (D. Del. 2002) (emphasis and brackets added); *see also id.* ("The Court is not persuaded that Hill-Rom's notice to Datex of its intent to file a patent infringement lawsuit is relevant.").

Under this District's first-to-file law, Zond's act of sending a self-serving letter should not convert TSMC's legitimate exercise of its plaintiff's right to choose its forum into a bad-faith fact. *See Trustco Bank*, 933 F. Supp. at 672 (the "fact that Trustco knew of ATL's intention to sue is inapposite, as this knowledge without more does not evidence bad faith"). Indeed, if there is any bad faith to be found surrounding the June 5 letter, it is in the letter itself. Even disregarding when the letter was actually sent, the correspondence on its face gave TSMC at most three-and-a-half days—two of them over a weekend—to decide whether to license, for an undisclosed price, a patent portfolio including six additional patents never before asserted against TSMC. (Ex. B). Moreover, there was good reason these additional patents were not asserted in the Massachusetts 13-cv-11634 Action, as they are even farther removed from TSMC's technology than the Group One Patents. Zond's letter was not a good-faith attempt to engage in licensing discussions, but instead the very reason the Declaratory Judgment Act exists and why TSMC was entitled to sue Zond in its Delaware "home turf."

Finally, any argument by Zond that its June 5 letter makes this declaratory action subject to an anticipatory suit exception must fail too.  That exception is no longer viable as a matter of law: "whether a party intended to preempt another's infringement suit" remains a consideration in first-to-file decisions, but only as "one factor in the analysis" of whether to depart from the rule.  *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005).  Here, the June 5 letter on its face was not a good-faith licensing proposal and, as shown below, multiple convenience factors weigh strongly in favor of allowing this action to proceed in this District.

> **b.**     **Litigation over the Group One Patents in Massachusetts Does Not Justify Departure**

In deciding whether to depart from the first-to-file rule, courts often look to the status of cases in other jurisdictions involving the same parties and related patents.  This examination comes into play, for instance, when assessing the "possibility of consolidation with related cases" factor in *Genentech*, or in deciding whether another judge may have greater familiarity with the patents-in-suit.  *See, e.g.*, *Truth Hardware Corp. v. Ashland Prods.*, Civ. No. 02-1541-GMS, 2003 WL 118005, at *1 (D. Del. Jan. 13, 2003).  However, this District has cautioned that the relatedness-of-technology concept should not be pushed too far.

For instance, in *Mallinckrodt Inc. v. E-Z-Em, Inc.*, this District declined to transfer even when the Delaware patent-in-suit "share[d] two of the same inventors" with an Eastern District of Texas patent, and even when there was an overlap in the "accused devices" in the two cases, because "the extent to which the cases involve a common field of prior art and/or similar technologies is unclear."  *Mallinckrodt*, 670 F. Supp. 2d 349, 357-58 (D. Del. 2009).  In the more-recent *Nexans Inc. v. Belden Inc.* decision, this District was even stronger, explaining that even when the patents-in-suit are identical in two cases against different defendants, that does not trigger a first-to-file exception: "filing another infringement suit on the same patents against other

13

defendants should not be given much weight in deciding whether to apply the first-filed rule."
*Nexans*, 966 F. Supp. 2d at 406; *see also Truth Hardware*, 2003 WL 118005, at *1 ("While the
court does not doubt that the Illinois court may be more familiar with the technology at this
juncture, the present court is amply qualified to likewise familiarize itself.").

Here, the Group Two Patents in this declaratory judgment action are *not* the same as the
Group One Patents in Massachusetts.  Although both sets of patents share the same inventor (Dr.
Roman Chistyakov) and relate generally to "plasma discharge technology," most of the Group
Two Patents have material differences in the claim language from the Group One Patents.  For
instance, within the Group Two Patents, the '651, '479, and '511 patents all include limitations
relating to the physical configuration of the chamber in which the plasma discharge allegedly
occurs—claim elements that do not appear in any of the Group One Patents.[15]  Likewise, the '775
patent also contain many claim limitations not present in the Group One Patents.[16]  These
differences in claim scope will necessarily affect the infringement, claim construction, scope of
prior art, and invalidity issues, making the Group Two Patent case distinct from the Group One
Patent suits.

Moreover, even assuming some greater relatedness between the two sets of patents can be
shown, considerations of judicial economy still do not justify departure from the first-to-file rule.

---

[15]    The '651 patent requires the claimed elements of an "outer cathode section" and "inner
cathode section" and "generat[ing] a first electrical field across a gap" between them.  (*E.g.*, Ex.
K, col. 33:11-25).  Similarly, the '479 patent requires an "outer cathode section," and "first
anode" and "generating a first electrical field across the gap" between them.  (*E.g.*, Ex. P, col.
34:21-31).  And the '511 patent requires a "gap between a cathode assembly and an anode" and
an "electric field ionizing the volume of excited atoms that is supplied to the gap."  (*E.g.*, Ex. N,
col. 20:10-19)

[16]    For example, these include "the bias voltage causing ions in the plurality of ions to
impact a surface of the substrate in a manner that causes etching of the surface of the substrate,"
(*e.g.*, Ex. M, col. 22:61-64), as well as a "strongly-ionized plasma comprising a first plurality of
ions," "a strongly-ionized plasma comprising a second plurality of ions," and "exchanging the
strongly-ionized plasma with a second volume of feed gas" (*id.*, col. 23:55-67).

It may be advantageous to have a single judge in another district consider a case when the judge has extensive knowledge and familiarity with the patents and technology—having, for instance, conducted multiple *Markman* proceedings, analyzed file histories, or presided over multiple substantive hearings on the validity and infringement of the patents-in-suit.   Judge Mariana Pfaelzer's "nine-year-long experience with the Cabilly II patent" is one compelling example. *See Human Genome Sciences, Inc. v. Genentech, Inc.*, Civ. No. 11-082-LPS, 2011 WL 2911797, at *10 (D. Del. July 18, 2011) (noting that Judge Pfaelzer "considers herself 'a student of Cabilly II' because she has "presided over four litigations centered around the Cabilly patents," in which, *inter alia*, she "issued three claim construction orders, heard fourteen summary judgment motions," and "presided over nine hearings.").

But this premise of single-judge familiarity does not apply to the proceedings in Massachusetts, for at least two reasons.   First, no one judge in Massachusetts possesses all the cases involving the Group One Patents.   Rather, the cases have been passed to five different judges, have proceeded on independent tracks, and there is every reason to think this state of affairs will remain.   Just last week, the District of Massachusetts ordered that the cases *not* be consolidated:  "the Court does not conclude that consolidation is warranted or advisable."  (D.I. 110 in *Zond, Inc. v. The Gillette Company et al*, Civ. No. 13-cv-11567, D. Mass.).

Second, none of the Massachusetts cases have reached a stage where any judge has become knowledgeable in the patents or the technology.   Instead, the cases remain in the motion-to-dismiss phase or are stayed before *Markman* briefing has begun.   Indeed, no judge has had the benefit of a technology tutorial or had the need to become knowledgeable on the patented technology.   Judge Young in the 13-cv-11634 Action against TSMC, for instance, has administratively closed the case, has not received any claim construction briefing on the Group

One Patents, and has no *Markman* hearing scheduled.  (*See* Statement of Facts, § III *supra*).  In fact, only three of the seven Massachusetts cases are currently active—motions to dismiss are pending in two of those cases (Renesas and Toshiba), while a motion to stay is pending in the third (Gillette).  (*Id.*).  In short, nothing in the Massachusetts proceedings suggests that judicial economy would be gained by allowing Zond's later-filed suit over the Group Two Patents to proceed in Massachusetts instead of permitting TSMC's first-filed action to continue here.

### B.      The § 1404 Transfer Factors Also Favor This District

In addition to the considerations above, a first-to-file analysis should also assess the transfer-related convenience factors under 28 U.S.C. § 1404.  *See Micron Technology, Inc. v. MOSAID Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) ("the trial court must weigh the factors used in a transfer analysis as for any other motion.").  Third Circuit law provides the governing "*Jumara*" private- and public-interest factors.  *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).[17]  Zond bears the "heavy" burden of showing that these *Jumara* factors support transfer.  *See, e.g.*, *Intellectual Ventures I LLC v. Checkpoint Software*, 797 F. Supp. 2d 472, 477 (D. Del. 2011); *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 752 (D. Del. 2012) (hereinafter, "*Altera*").

### 1.      The Private-Interest Factors Weigh in Favor of Delaware

- **"The plaintiff's forum preference as manifested in the original choice."**  This factor weighs strongly in Delaware's favor.  This District starts with the premise "that a plaintiff, as the injured party, generally has been accorded the privilege of bringing an action where he chooses."  *Trustco Bank*, 933 F. Supp. 2d at 671  TSMC chose Delaware as its desired forum.  Moreover, defendant Zond is formed under Delaware law, has accepted the benefits and

---

[17]      28 U.S.C. § 1404 transfer issues are governed by the law of the regional circuit, here the Third Circuit.  *See In re Link-A-Media Devices Corp.*, 662 F.3d 1221, 1222-23 (Fed. Cir. 2011).

privileges of being a Delaware entity, and thus should not complain about litigating on its "home turf." *See Altera,* 842 F. Supp. 2d at 754-55. Indeed, because Zond is a Delaware entity, TSMC had a "legitimate and rational basis for suing" Zond here and its forum preference should, at a minimum, be entitled to "significant deference." *Id.*; *Trustco Bank*, 933 F. Supp. 2d at 671 ("a defendant's state of incorporation has always been a predictable, legitimate venue").

- **"The defendant's preference."** Zond's preferred forum is Massachusetts, but "[u]nder Third Circuit law, Defendants' preference for an alternative forum is not given the same weight as Plaintiff's preference." *Altera*, 842 F. Supp. 2d at 755.

- **"Whether the claim arose elsewhere."** This factor does not favor transfer. In patent cases, under this factor, this District typically looks to the location of the research, development, and engineering activities for the accused instrumentalities, or where the accused instrumentalities are sold. *See, e.g.*, *Altera*, 842 F. Supp. 2d at 758 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."), citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Here, Zond's alleged infringement theory is based on TSMC manufacturing activity that takes place outside of the United States. (Ex. A, Thurston Decl. ¶ 5). In fact, Zond's theory appears to be based on 35 U.S.C. § 271(g), arising out of the alleged importation of products made abroad by TSMC's accused process. Obviously, overseas activity is not carried out in Massachusetts and hence this factor does not favor transfer.

- **"The convenience of the parties as indicated by their relative physical and financial condition."** Because Zond is formed under Delaware law, and has "accept[ed] the benefits of incorporating in Delaware," to support transfer, Zond must show some "unique or unexpected burden" from having to litigate these claims in Delaware. *Altera*, 842 F. Supp. 2d at 756. Zond cannot. Indeed, Zond had sufficient resources to bring seven cases simultaneously

against large corporations like Gillette, Intel, and Advanced Micro Devices, in two industries (consumer goods and semiconductors), and to allow them to proceed on radically different schedules before five different judges.  Indeed, in its June 5 letter to TSMC, Zond aggressively suggested that it wanted to expand the scope of its dispute to include six additional patents. (Ex. B).  Zond cannot complain about litigating those new claims in Delaware.

- **"The convenience of the witnesses."**  This factor comes into play "only to the extent that the witnesses may actually be unavailable for trial in one of the fora."  *Altera*, 842 F. Supp. 2d at 756.  The named inventor and Zond's chief witness is Dr. Roman Chistyakov.  As the president and co-founder of Zond, a Delaware LLC, he will be obligated to attend trial in Delaware.  *See also id.* at 757 (explaining that a corporate party "is able, indeed, obligated to procure the attendance of its own employees for trial").  This factor does not favor transfer.

- **"The location of books and records."**  As with witness convenience, the location of documents and evidence only matters "to the extent that the files could not be produced in the alternative forum."  *Altera*, 842 F. Supp. 2d at 758.  There has been no indication that any particular records will be easier to produce in Massachusetts than in Delaware.  This factor, therefore, does not favor transfer.

### 2.    The Public-Interest Factors Do Not Favor Transfer

In addition, there are five public-interest *Jumara* factors.  These factors, on balance, support maintaining this case in Delaware, particularly where TSMC's chosen forum is Zond's "home turf."

- **"The enforceability of the judgment."**  A Delaware judgment is every bit as enforceable as a Massachusetts judgment.  This factor does not support transfer to Massachusetts.  *See Altera*, 842 F. Supp. 2d at 758.

18

- **"Practical considerations that could make trial easy, expeditious, or inexpensive."** This District is as familiar with methods for streamlining and presiding over patent trials as any venue in the country. While Zond may argue that the presence of the 13-cv-11634 Action against TSMC in Massachusetts over the Group One Patents favors transfer, that Action, as explained above, never advanced to a point where the court developed expertise with the patents or the technology. And now, that case is administratively closed pending developments in recently filed IPR petitions. Moreover, as detailed above, the Group Two Patents at issue in this case have materially different limitations that do not appear in the Group One Patents in Massachusetts, necessarily making the infringement, scope of prior art, and *Markman* issues different between the cases.

As for other practicalities, Zond's counsel is located in Manhattan, which is closer to the Wilmington courthouse than to Judge Young's courtroom in Boston. Moreover, although Dr. Chistyakov resides in Massachusetts, because he is Zond's principal, he is obligated to appear in this District for trial. *See Altera*, 842 F. Supp. 2d at 757. In sum, practical considerations support maintaining this case in Delaware.

- **"The relative administrative difficulty in the two fora resulting from court congestion."** This District continues to be well-equipped to manage the considerable patent docket before it. For good reasons, courts in this District have "not [been] persuaded that administrative difficulties due to court congestion favor transfer." *Altera*, 842 F. Supp. 2d at 759-60. This factor, therefore, does not favor transfer.

- **"The local interest in deciding local controversies at home."** The "public policy of Delaware encourages the use by Delaware corporations of Delaware as a forum for resolution of business disputes." *Altera*, 842 F. Supp. 2d at 760. Here, one of the TSMC

19

plaintiffs—TSMC Technology—is a Delaware corporation with interests materially affected by this dispute over the Group Two Patents, since it is involved in the design of certain accused products.  (Ex. A, Thurston Decl. ¶¶ 3, 5-6).  Zond too is a Delaware entity that should not complain that it has to litigate here.  The weight afforded this factor favors Delaware. *Id.*; *see also Datex-Ohmeda*, 185 F. Supp. 2d at 410 ("The Court is persuaded that Delaware has an interest in adjudicating this action because it involves two Delaware corporations.").

- **"The familiarity of the trial judge with the applicable state law in diversity cases."**  This factor is inapplicable in patent cases.  *Altera*, 842 F. Supp. 2d at 760.

### 3.    The Final Balancing of the § 1404 Factors Favors Delaware

In the final analysis, most of the private- and public-interest *Jumara* factors either support maintaining the case in Delaware or are not applicable.  No factor clearly supports transfer to Massachusetts and Zond cannot establish any compelling burden in having to litigate the additional Group Two Patents here.  Under these circumstances, TSMC's choice of forum is entitled to "significant deference" and this first-filed case should remain here.

## VI.    CONCLUSION

For all the reasons set forth above, TSMC respectfully requests that Zond be enjoined, under the first-to-file rule, from continuing its New 14-cv-12438 Action in Massachusetts.

Dated:   June 19, 2014

**DUANE MORRIS LLP**


*/s/ Richard L. Renck*
Richard L. Renck (#3893)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Phone:  302-657-4900
Fax:  302 657 4901
Email: rlrenck@duanemorris.com

OF COUNSEL:


L. Norwood Jameson
David Dotson
**DUANE MORRIS LLP**
1180 W. Peachtree St., Suite 700
Atlanta, GA 30309
Phone: (404) 253-6900
Fax:     (404) 253-6901
Email: wjameson@duanemorris.com
Email: dcdotson@duanemorris.com

*Attorneys for Plaintiffs TSMC Technology,*
*Inc., Taiwan Semiconductor Manufacturing*
*Company, Limited and TSMC North America*
*Corp.*

Anthony J. Fitzpatrick
Patricia R. Rich
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone (857) 488-4200
Facsimile: (857) 401-3018
Email: ajfitzpatrick@duanemorris.com
Email: prrich@duanemorris.com

Richard C Kim
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: (619) 744-2200
Facsimile: (619) 744-2201
Email: rckim@duanemorris.com


R. Terry Parker
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 1036-4086
Telephone: (212) 692 1000
Facsimile: (212) 692 1020
Email: tparker@duanemorris.com

Aleksander J. Goranin
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:  1 215 979 1000
Facsimile:  1 215 754 4683
Email:  agoranin@duanemorris.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.1**

The undersigned certifies that he conferred with counsel for Defendant by telephone and e-mail in a good faith attempt to resolve or narrow the issue presented in this motion.  Counsel for Defendant did not indicate whether Defendant would oppose the motion.


Dated:  June 19, 2014                                 */s/ Anthony J. Fitzpatrick*
                                                                 Anthony J. Fitzpatrick

## <u>CERTIFICATE OF SERVICE</u>

I, Richard L. Renck, Esquire, do hereby certify that on this 19th of June, 2014, that I caused a true and correct copy of the foregoing document to be served upon counsel for Defendant who have not yet entered an appearance, as well as Defendant Zond, LLC through its Registered Agent in the manner indicated:

**VIA HAND DELIVERY**

Zond, LLC,
C/O National Registered Agents, Inc.
160 Greentree Drive
Suite 101
Dover, DE 19904

**DUANE MORRIS LLP**

/s/ Richard L. Renck
Richard L. Renck (Bar No. 3893)

24