**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TSMC TECHNOLOGY, INC., *et al.*,

          Plaintiffs,

v.

ZOND, LLC,

          Defendant.

C.A. No. 14-721-LPS

**ZOND, LLC'S COMBINED ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION TO ENJOIN ZOND, LLC FROM MAINTAINING AN ACTION IN THE
DISTRICT OF MASSACHUSETTS AND OPENING BRIEF IN SUPPORT OF ZOND
LLC'S MOTION TO TRANSFER VENUE OF THIS ACTION TO THE DISTRICT OF
MASSACHUSETTS PURSUANT TO 28 U.S.C. §1404(a)**

July 8, 2014

OF COUNSEL:

David C. Radulescu
Tigran Vardanian
Robin M. Davis
RADULESCU LLP
136 Madison Avenue
6th Floor
New York, NY 10016
(646) 502-5950
david@radulescullp.com
tigran@radulescullp.com
robin@radulecullp.com

BAYARD, P.A.

Richard D. Kirk (No. 0922)
Stephen B. Brauerman (No. 4952)
Vanessa R. Tiradentes (No. 5398)
Sara E. Bussiere (No. 5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Defendant Zond, LLC*

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................................1

II.  NATURE AND STAGE OF THE PROCEEDINGS............................................................3

    A.   This Case Is In Its Infancy – Filed As Anticipatory Suit One Day Before The
        2014 Massachusetts Action.....................................................................................3

    B.   The Present Case Was Filed In This District By TSMC In Effort To Run
        Away From Judge Young's Courtroom In Massachusetts ......................................5

III. SUMMARY OF ARGUMENT .............................................................................................6

IV.  STATEMENT OF FACTS ....................................................................................................7

    A.   Zond, Zond's Patents, And Zond's Prior Involvement In Patent Litigations In
        The District Of Massachusetts.................................................................................7

    B.   TSMC's Efforts To Avoid Trial Regarding Infringement Of Zond's Patents
        In The District Of Massachusetts.............................................................................8

V.   ARGUMENT .......................................................................................................................10

    A.   No Injunction Should Issue Against The District Of Massachusetts Litigation ........10

        1.   The Instant Delaware Action Was Filed As An Anticipatory Filing By
            TSMC Designed To Avoid Litigation In Massachusetts ...........................11

        2.   TSMC's Forum Shopping To Avoid Trial Before Judge Young Led
            To The Filing Of This Action, Which Would More Appropriately
            Be Resolved In Massachusetts....................................................................12

    B.   The 1404(a) Transfer Factors Weigh Heavily In Favor Of Transfer To
        Massachusetts ........................................................................................................14

        1.   This Action Could Have Been Brought In Massachusetts..............................14

        3.   Public Interest Factors Favor Massachusetts .................................................18

        4.   Balance of all 1404(a) Factors Favors Massachusetts ...................................19

VI.  CONCLUSION....................................................................................................................19

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alan J. Ross & Save Assocs. V. Institutional Longevity Assets LLC*,
  2013 WL 5299171 (D. Del. Sept. 20, 2013) ...........................................................................18

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
  295 F. Supp. 2d 393 (D. Del. 2002) .......................................................................................15

*Cellectis S.A. v. Precision Biosciences, Inc.*,
  858 F. Supp. 2d 376 (D. Del. 2012) .......................................................................................14

*ChriMar Sys., Inc. v. Cisco Sys., Inc.*,
  2013 WL 828220 (D. Del. Mar. 6, 2013) ...............................................................................15

*Datex-Ohmeda, Inc. v. Hill-Rom Svcs., Inc.*,
  185 F. Supp. 2d 407 (D. Del. 2002) .......................................................................................14

*E.E.O.C. v. Univ. of Penn.*,
  850 F.2d 969 (3d Cir. 1988) ...................................................................................................10

*Fuisz Pharma LLC v. Theranos, Inc.*,
  2012 WL 1820642 (D. Del. May 18, 2010) ......................................................................16, 18

*Fuisz Pharma LLC v. Theranos, Inc.*,
  2012 WL 2090622 (D. Del. June 7, 2012) ..............................................................................16

*Genentech, Inc. v. Eli Lilly & Co.*,
  998 F.2d 931 (Fed. Cir. 1993) *rev'd on other grounds by Wilton v. Seven Falls
  Co.*, 515 U.S. 277 (1995) .......................................................................................................11

*Illumina, Inc. v. Complete Genomics, Inc.*
  2010 WL 4818083 (D. Del. Nov. 9, 2010) .............................................................................17

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) .....................................................................................................17

*Micron Tech., Inc. v. MOSAID Techs., Inc.*,
  518 F.3d 897 (Fed. Cir. 2008) ................................................................................................11

*Nexans, Inc. v. Belden Inc.*,
  966 F. Supp. 2d 396 (D. Del. 2013) .......................................................................................14

*Optical Recording Corp. v. Capitol-EMI Music, Inc.*,
  803 F. Supp. 971 (D. Del. 1992) ............................................................................................18

*Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*,
  669 F. Supp. 2d 613 (W.D. Pa. 2009)...............................................................................12, 13

*Trustco Bank v. Automated Transactions LLC*,
  933 F. Supp. 2d 668 (D. Del. 2013).......................................................................................14

*Woodbolt Dist., LLC v. Natural Alternatives Int'l, Inc.*,
  2013 WL 247041 (D. Del. Jan. 23, 2013)......................................................................1, 11, 19

*In re Zimmer Holdings*,
  609 F.3d 1378 (Fed. Cir. 2010)..............................................................................................15

*Zond, LLC v. Fujitsu Limited et al.*,
  Case No. 13-cv-11634-WGY (D. Mass.)........................................................................ *passim*

*Zond, LLC v. Fujitsu et al.*,
  Case No. 14-cv-12438-WGY (D. Mass.)...............................................................................4, 5

*Zond, LLC v. the Gillette Company et al.*,
  Case No. 13-cv-11567-DJC (D. Mass.) ..................................................................................9

**Rules/Statutes**

L.R. 40.1(G)(1)&(3) .....................................................................................................................18

28 U.S.C. §1404(a) ............................................................................................................ *passim*

35 U.S.C. §271(g) ........................................................................................................................8

35 U.S.C. § 315(a)(1)....................................................................................................................5

## I.  **INTRODUCTION**

The TSMC plaintiffs admit that they filed this declaratory judgment action in Delaware to avoid further patent infringement litigation in the District of Massachusetts.  (Mot. at 5.)  The parties to this case are involved in a substantial, contentious dispute concerning TSMC's infringement of Zond's patents relating to semiconductor manufacturing technology.  Their dispute began with a litigation filed by Zond in the District of Massachusetts in July 2013 (D. Mass. Case. No. 1:13-cv-11634-WGY) (the "2013 Action") concerning seven of Zond's patents. Now, litigation between the parties has expanded to include six additional Zond patents in both (1) this action, filed on June 8, 2014 (and assigned a June 6 filing date by the Delaware e-filing system), and (2) the 2014 Massachusetts Action, filed on June 9, 2014 (and assigned a June 10 filing date by the Massachusetts e-filing system).

Despite TSMC's assertions to the contrary, TSMC's filing in this District was a classic "anticipatory filing."  Throughout the pendency of the 2013 Action, TSMC was eager to avoid litigation against Zond in the District of Massachusetts before Judge William G. Young, the district judge assigned to preside over the 2013 Action and, now, the 2014 Massachusetts Action, which is designated as "***related"*** to the 2013 Action.  In the 2013 Action, TSMC was apparently dissatisfied with the speedy trial schedule and insistence on TSMC's provision of full and fair discovery during the 2013 Action in Massachusetts.  Indeed, TSMC asked for reconsideration of a key discovery ruling and sought to delay the 2013 Action's progress towards trial several times by filing a motion to consolidate Zond's patent litigation proceedings before a different Massachusetts district judge, and, after its requested consolidation was denied, a motion to stay the 2013 pending the progress of *inter partes* review ("IPR") proceedings.  As a result, the 2013 Action is currently administratively closed until either May 9, 2016 or the PTO elects not to

institute an IPR concerning any of the claims asserted in the 2013 Action—whichever comes first.

Thus, when correspondence from Zond informed TSMC that it must either enter license negotiations concerning more Zond patents infringed by TSMC by June 9, 2014 or expect another, related lawsuit in the District of Massachusetts to be filed during the week of June 9, 2014, TSMC was again at risk of litigating patent infringement claims before Judge Young.  In an effort to avoid such a possibility and to avoid that forum, TSMC filed this action on Sunday, June 8—one day before the Monday, June 9 deadline for responding to Zond's offer to license and the filing of Zond's 2014 Massachusetts Action.

The "first-to-file" rule does not apply because TSMC's filing in this District is an anticipatory suit motivated by TSMC's desire to avoid litigating in Massachusetts, the district where Zond—a small high-tech startup, which has been engaged in research and development for over a decade resulting in multiple products (*see* Davis Decl., Ex. 1 (http://zpulser.com/products)) and an extensive body of publications and patents—is based. Indeed, the circumstances of this case present a well-recognized exception to the first-to-file rule, as discussed further below.  Moreover, it is apparent from a fair consideration of the public and private interest factors relevant to a transfer inquiry under 28 U.S.C. § 1404(a) that this case should be resolved in Massachusetts, where there will be increased convenience and judicial economy, and where a related case is already pending.  In fact, the TSMC plaintiffs have no legitimate tie to this District—TSMC Technology, Inc. ("TSMC Tech") was apparently added to the TSMC plaintiff group in this lawsuit solely because it is a related TSMC entity incorporated in Delaware, and not because it has any relation to the accused manufacturing or importation activities.  Indeed, TSMC Tech is not properly within this Court's subject matter jurisdiction

under the Declaratory Judgment Act, as discussed in detail in Zond's co-pending Motion to Dismiss, filed contemporaneously herewith.

For all of these reasons, as discussed in further detail below, this case does not belong in this District—it should be transferred to the District of Massachusetts, where it may be consolidated with the related proceedings, including the 2014 Massachusetts Action, before Judge Young, who is familiar with the parties' ongoing dispute concerning TSMC's infringement on Zond's patented semiconductor manufacturing technology.  Indeed, TSMC's motion to enjoin the progress of the 2014 Massachusetts Action should be denied and, instead, this case should be either transferred to Massachusetts or, alternatively, dismissed in favor of the ongoing Massachusetts litigation.[1]  TSMC's efforts to forum shop by manufacturing a connection to this District and filing on the Sunday before Zond's imminent institution of a second suit in Massachusetts are impermissible attempts to avoid further patent litigation in the District of Massachusetts.

## II.      NATURE AND STAGE OF THE PROCEEDINGS

### A.      This Case Is In Its Infancy – Filed As Anticipatory Suit One Day Before The 2014 Massachusetts Action

TSMC admits that its Sunday filing of this action was motivated by a desire to beat Zond to the punch by filing suit first.  (*See* Mot. at 5.)  Specifically, this case was filed by TSMC on Sunday, June 8 (despite being assigned a Friday, June 6 filing date by the Court's electronic docketing system).  (D.I. 1.)  Thus, it was filed just one day before the date by which Zond

---

[1] *See* Zond's concurrently-filed Memorandum in Support of Zond's Motion to Dismiss. Zond has raised several fatal pleading deficiencies through its Motion to Dismiss, in addition to a request for the Court to exercise its discretion to decline declaratory judgment jurisdiction in favor of the 2014 Massachusetts Action.  Zond submits that, should the Court elect to transfer or discretionarily dismiss this action, Zond's motion to dismiss concerning pleading defects need not be resolved by this Court and TSMC's motion for an injunction will be rendered moot.

requested a response from TSMC regarding licensing negotiations.  (*See* Declaration of Robin M. Davis ("Davis Decl.") at Ex. 2 (June 5 letter).)  Instead of stopping its rampant infringement of Zond's patents and taking a license, TSMC opted to file the present action, away from the forum that is already familiar with its infringing activity and systematic delay tactics.  This anticipatory filing by TSMC indicated to Zond that TSMC had no desire to negotiate in good faith for a license to Zond's patents on methods for manufacturing semiconductors—moreover, it also served to show TSMC's desperation to avoid the District of Massachusetts.  Presently, no meaningful progress has been made in this action—TSMC has filed a Motion to Enjoin (D.I. 7) and Zond filed its multiple motions to dismiss in response to TSMC's complaint contemporaneously with this response and motion for transfer in accordance with the stipulated deadlines for such filings.  (D.I. 9, so ordered on June 30, 2014.)

As referenced in TSMC's Motion, Zond filed a complaint for patent infringement against certain of the TSMC entities that are a party to this action (the "D. Mass. TSMC Defendants") on Monday, June 9, 2014—the day after TSMC electronically filed its complaint to initiate this case.  (Mot. at 5.)  This new Massachusetts action (*Zond, LLC v. Fujitsu et al*., D. Mass. Case No. 1:14-cv-12438-WGY) (the "2014 Massachusetts Action") is designated as related to the prior litigation between Zond and the D. Mass. TSMC Defendants and has been assigned to the same District Judge, Judge William G. Young.  The 2014 Massachusetts Action involves the same parties as the 2013 Action, including two Fujitsu defendants that are not party to this declaratory judgment action, the same accused products, and the same operative acts of infringement.  (*See Zond, LLC v. Fujitsu et al.,* D. Mass. Case No. 1:14-cv-12438-WGY at Dkt. No. 1; *Zond, LLC v. Fujitsu et al*., D. Mass Case No. 1:13-cv-11634-WGY at Dkt. No. 19.) Several motions to dismiss and a motion to stay proceedings have already been filed in the 2014

Massachusetts Action, and the court in that case has set a hearing on September 19, 2014 to resolve the pending motions.  (*Zond, LLC v. Fujitsu et al*., D. Mass Case No. 1:14-cv-12438-WGY at Dkt. Nos. 17, 20 & 24.)

### B.   The Present Case Was Filed In This District By TSMC In Effort To Run Away From Judge Young's Courtroom In Massachusetts

The D. Mass. TSMC Defendants[2] are involved in substantial patent litigation regarding other Zond patents pertaining to the same accused semiconductor manufacturing technology in the District of Massachusetts.  The procedural history of the 2013 Action is discussed in detail in Section IV.B. below.  At present, the 2013 Action is administratively closed because TSMC and its co-defendants have filed *inter partes* review ("IPR") petitions with the U.S. Patent and Trademark Office ("PTO") and agreed to waive their entire invalidity case in the 2013 Action when it resumes.[3]  (*See Zond, LLC v. Fujitsu et al*, D. Mass. Case No. 13-cv-11634 at Dkt. No. 126 & 129.)  TSMC is so intent on escaping Massachusetts litigation that it opted not to raise invalidity in the present case—a consequence of bringing a declaratory judgment action and trying to preserve the right to file *inter partes* review petitions with the PTO.  35 U.S.C. § 315(a)(1).  Likewise, it is apparent from TSMC's filing in this District rather than in Massachusetts that TSMC does not wish to litigate in the District of Massachusetts, where its efforts to delay the progress of the case and withhold relevant discovery are not tolerated. TSMC decided to file this case in this District, instead of Massachusetts, where Judge Young has

---

[2] The D. Mass. TSMC Defendants include all TSMC entities involved in the parties' prior litigation in the District of Massachusetts except for TSMC Tech.  As discussed more fully in Zond's Motion to Dismiss, the addition of TSMC Tech to this declaratory judgment case is improper because no actual case or controversy exists between Zond and TSMC Tech.  TSMC Tech was apparently added as a party to this litigation to manufacture connections between the TSMC plaintiffs and this District.

[3] The 2013 Action will resume on the earlier of (a) the PTO's non-institution of IPR proceedings concerning any asserted claim of the patents in that suit or (b) May 9, 2016.  (*See Zond, LLC v. Fujitsu et al*, D. Mass. Case No. 13-cv-11634 at Dkt. No. 126 & 129.)

spent months resolving motions, familiarizing himself with the complex technology at issue, and overseeing the progress of the related patent litigation.

## III.   SUMMARY OF ARGUMENT

1.      TSMC's Motion should be denied because the "first-to-file" rule does not apply where the case filed first-in-time (this action) was an anticipatory filing made by a party engaging in blatant forum shopping.   Here, TSMC filed an anticipatory action on the day before it owed a response to Zond's correspondence seeking to initiate patent license negotiations. TSMC desired to avoid further litigation in the District of Massachusetts, where it had previously litigated against Zond.   TSMC even went so far as to add a party without any apprehension of suit, TSMC Tech, as the first named plaintiff in this declaratory judgment case in an effort to create a connection between TSMC and this District, knowing that Zond would surely seek to transfer this case to Massachusetts.   However, such forum shopping and anticipatory institution of litigation are not to be rewarded under the law and are recognized exceptions to the first-to-file rule.   Rather than enjoin this action, the Court should transfer this case to be consolidated with the already-pending litigation in the District of Massachusetts.

2.      On balance, the public and private interest factors governing the application of 28 U.S.C. § 1404(a) favor transferring this case to the District of Massachusetts, where it can be joined with Zond's already-pending case before Judge Young.   Judge Young has already spent a year overseeing litigation between these parties concerning commonly-owned patents and the identical semiconductor manufacturing technology, including resolving numerous motions between the parties in the 2013 Action.   The gains in judicial economy to be achieved through transfer of this case are, therefore, substantial.   Additionally, Zond's principal place of business is in Massachusetts and it has previously enforced its patents there.   In contrast, TSMC has no meaningful connection to this District—the only named plaintiff incorporated in Delaware,

6

TSMC Tech, is not properly situated to be a declaratory judgment plaintiff in this action, further evidencing TSMC's manipulation of facts and law in an effort to flee Judge Young's courtroom.

## IV. STATEMENT OF FACTS

### A. Zond, Zond's Patents, And Zond's Prior Involvement In Patent Litigations In The District Of Massachusetts

Zond is a small startup with its principal place of business in Mansfield, Massachusetts. (Declaration of Roman Chistyakov ("Chistyakov Decl.") at ¶3.) All of Zond's employees reside in Massachusetts and all of Zond's research, development, production, and testing facilities and activities are in Massachusetts. (*Id*. at ¶¶7-9.) Zond's wholly owned subsidiary, Zpulser LLC ("Zpulser"), manufactures and sells high-power plasma generators suitable for use in the manufacture of semiconductor products and is, similarly, based in Massachusetts. (*Id*. at ¶¶6, 10.) Contrary to TSMC's unsupported insinuations, Zond's president and sole inventor on all of Zond's patents has worked tirelessly over a decade on research and development of the products Zond sells through Zpulser, publishing numerous publications, and obtaining and successfully licensing a large portfolio of patents. (*See id*. at ¶¶3-4, 11.) Zond *practices* its patented inventions. (*Id*. at ¶6.) For over a decade now, Zond has been trying to break into the semiconductor manufacturing industry, whose high entry barriers have been set in part by the infringing activity of TSMC, which prefers to exploit Zond's technology, ignoring Zond's patent rights.

Zond owns numerous patents concerning semiconductor fabrication processes, including the six patents that are the subject of the instant declaratory judgment action for non-infringement ("Zond's 2014 Asserted Patents"). Zond previously sued TSMC in the District of Massachusetts the "2013 Action" based on Zond's claims that a different group of patents owned by Zond ("Zond's 2013 Asserted Patents") are infringed by their foreign manufacture and

7

subsequent importation of the resultant semiconductors into the US in violation of 35 U.S.C. §271(g).  (D. Mass. Case No. 1:13-cv-11634-WGY at D.I. No. 19.)  As a Massachusetts-based company, Zond brought suit in the District of Massachusetts against TSMC and other semiconductor manufacturers that were infringing its patented technology.  The status of Zond's patent litigations filed in the District of Massachusetts is varied—some cases, including the 2013 Action have been administratively closed pending resolution of potential IPR petitions, others are ongoing, and one has settled.

**B.     TSMC's Efforts To Avoid Trial Regarding Infringement Of Zond's Patents In The District Of Massachusetts**

Prior to the administrative closure of the 2013 Action in the District of Massachusetts, Zond and TSMC engaged in substantial motion practice and litigated on a fast-paced schedule— trial was set to occur in December 2014.  *See Zond, LLC v. Fujitsu et al,* Case No. 13-cv-11634 (D. Mass) at Dkt. No. 54.)  At the start of the first, 2013 Action, TSMC filed a motion to dismiss all of Zond's claims.  (*See Zond, LLC v. Fujitsu et al,* Case No. 13-cv-11634 (D. Mass) at Dkt. No. 34.)  Other than Zond's willful infringement claims, which were dismissed without prejudice, TSMC's motion to dismiss was without merit and denied.  (*See id.* at D.I. 48 (docket entry denying TSMC's motion to dismiss).)  Apparently unhappy with its chances to succeed on the merits, TSMC employed a number of delay tactics to avoid the scheduled December trial date.

First, TSMC moved to consolidate its case with six other litigations in Massachusetts before a different district judge, apparently in hope that the logistics of coordinating seven cases at various stages would slow the progress of TSMC's case and postpone the trial set for December.  (*See id.* at D.I. 59 (notice of filing).)  This strategy proved unsuccessful, with the

court finding that TSMC's consolidation plan was neither warranted nor advisable.  (*See Zond, LLC v. the Gillette Company et al.*, D. Mass. Case No. 13-cv-11567 (D. Mass) at .I. 100.)

At the same time, TSMC refused to produce a single document in response to Zond's discovery requests until after Zond filed a motion to compel production of documents that TSMC had already agreed to produce.  (*See Zond, LLC v. Fujitsu et al,* D. Mass. Case No. 13-cv-11634 at D.I. 67.)  Similarly, TSMC refused to offer a date for the first fact deposition sought by Zond until after Zond filed a motion to compel and further refused to permit Zond to conduct a reasonable inspection of TSMC's manufacturing facilities.  (*See id*. at D.I.. 67 & 70.)  Ultimately, TSMC agreed to produce documents and the requested fact deponent, but the Massachusetts Court had to order TSMC to permit inspection of its manufacturing facilities.  (*See id*. at D.I. 110, 111, & 113.)  TSMC sought reconsideration of the Court's order to permit an inspection (*see id*. at D.I. 119), but Judge Young did not change his order and denied TSMC's request.  (*See id*. at D.I. 121.)

Finally, TSMC filed a motion to stay pending *inter partes* review ("IPR") of Zond's patents by a third party (Intel) in another litigation.  (*See id.* at D.I. 83.)  This motion was also denied, with the Massachusetts court finding that TSMC could not seek a stay pending IPR without actually filing any IPRs of its own.  (*See id.* at D.I. 102.)  Rather than filing unique IPRs, TSMC copied Intel's IPRs essentially word-for-word, making only superficial changes like changing "Intel" to "TSMC."  (*See, e.g.* Davis Decl. at Exs. 3 & 4 (example IPRs filed by Intel and TSMC).)

On June 5, 2014, Zond's counsel contacted TSMC, Ltd. and TSMC NA to see if these parties were interested in negotiating a patent license with Zond that would cover Zond's entire portfolio, including Zond's 2013 and 2014 Asserted Patents.  (Davis Decl., Ex. 2 (June 5 letter).)

However, rather than responding to Zond's inquiry with a "no," TSMC ran to the courthouse in

Delaware and sued Zond on a Sunday—one day before Zond requested a response.  Zond's June

5 correspondence made clear that it would file a new related action in the District of

Massachusetts during the week of June 7.  (*See id.* at 1 ("Zond intends to file next week a new

action in the District of Massachusetts, related to the 11634 Action, involving the same parties

and the same accused TSMC products and processes, including products sold by TSMC to many

of its customers."); D.I. 1.)  Rather than negotiate with Zond or continue the parties' litigation in

Massachusetts, where the related dispute belongs, TSMC filed the instant case in Delaware—

running away from a court that is already familiar with TSMC's infringing activity and dilatory

litigation tactics.

## V.    ARGUMENT

### A.    No Injunction Should Issue Against The District Of Massachusetts Litigation

Contrary to TSMC's assertions, a "straightforward application of the first-to-file rule" is

***not*** applicable to either TSMC's Motion or Zond's Motion to Transfer.  (*See* Mot. at 9.)   While

the instant declaratory judgment action in Delaware may have been filed one day before Zond's

2014 Massachusetts Action, Massachusetts is the most appropriate venue for resolution of the

parties' disputes concerning infringement of Zond's patents under the factors governing transfer

of venue pursuant to 28 U.S.C. §1404(a) and at least two exceptions to the "first-to-file" rules are

applicable here—(1) the exception for anticipatory filings and (2) the exception for forum

shopping.  *See, e.g., E.E.O.C. v. Univ. of Penn.*, 850 F.2d 969, 972 (3d Cir. 1988) (the first-to-

file rule "is not a mandate directing wooden application of the rule without regard to rare or

extraordinary circumstances, inequitable conduct, bad faith or forum shopping.").  "Exceptions

[. . . to the first-to-file rule] are not rare, and are made when justice or expediency requires, as in

any issue of choice of forum."  *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir.

1993) *rev'd on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).  Moreover, an

analysis of the §1404(a) balancing factors and the considerations set forth in *Genentech* also

show that Massachusetts is a more appropriate venue for resolution of the disputes underlying

this and Zond's 2014 Action filed in Massachusetts under governing Federal Circuit precedents.

*See id*. at 937-38; *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir.

2008).  This Court has discretion to determine whether the circumstances surrounding TSMC's

institution of this action justify departure from the first-to-file rule in favor of transfer to the

District of Massachusetts, as Zond advocates.  *See Genentech*, 998 F.2d at 937-38; *Micron Tech.*,

518 F.3d at 904.

### 1.      The Instant Delaware Action Was Filed As An Anticipatory Filing By TSMC Designed To Avoid Litigation In Massachusetts

On June 5, Zond sent a letter to TSMC explaining Zond's belief that the D.Mass. TSMC

Defendants were infringing Zond's Asserted Patents and offering to engage in patent licensing

discussions with TSMC if it responded positively to Zond's letter by the following Monday.

(Davis Decl., Ex. 2 (June 5 letter).)  Absent any expressed interest in a license, Zond advised

TSMC that it would file another patent infringement litigation.  (*See id*.)  The day before Zond

expected TSMC's response to its offer to license, TSMC filed the instant litigation in Delaware.

D.I. 1.)  Thus, the record is clear that Zond had given TSMC until Monday, June 9 to express

interest in license negotiations or face a lawsuit with regard to infringement of Zond's 2014

Asserted Patents.  TSMC used and abused the advance notice of Zond's intention to file a new

patent infringement lawsuit—TSMC hastily drafted a declaratory judgment complaint and filed

this Delaware lawsuit while Zond was still awaiting a response on its proposal to begin license

negotiations.  *See Woodbolt Dist., LLC v. Natural Alternatives Int'l, Inc.*, No. 11-1266-GMS,

2013 WL 247041, at *4 (D. Del. Jan. 23, 2013) (declining to follow the first-to-file rule and

dismissing an earlier-filed declaratory judgment action filed in anticipation of an infringement

suit to be filed by the patentee in its home jurisdiction).  Indeed, TSMC does not dispute that

both this Delaware Action and the 2014 Massachusetts Action would resolve the same dispute.

(Mot. at 2.)

      This action falls squarely within the "anticipatory litigation" exception to the first-to-file

rule.  This exception, in combination with the forum shopping behavior and convenience factors

favoring litigation in Massachusetts discussed below, compels the conclusion that this case

should be transferred to Massachusetts.  Indeed, many courts across the country have found that

a party that wins the race to the courthouse in advance of a deadline from another party for

resolution of a dispute between them without litigation, as TSMC has done here, acts in bad faith

and "satisfies the definition of an anticipatory suit, a type of forum-shopping."  *See Pittsburgh*

*Logistics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 623 (W.D. Pa. 2009) (citing *FMC*

*Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733 (E.D. Pa. 2005) (collecting cases);

*Drugstore-Direct, Inc. v. CartierDiv.*, 350 F. Supp. 2d 620 (E.D. Pa. 2004); *One World*

*Botanicals v. Gulf Coast Nutritionals*, 987 F. Supp. 317 (D. N.J. 1997); *E.E.O.C., supra*; *Mission*

*Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983)).

      **2.**      **TSMC's Forum Shopping To Avoid Trial Before Judge Young Led**
                 **To The Filing Of This Action, Which Would More Appropriately Be**
                 **Resolved In Massachusetts**

      Contrary to TSMC's arguments, Zond's letter provided TSMC with notice that further

litigation in the District of Massachusetts was imminent, unless patent license negotiations began

by June 9, 2014.  (Davis Decl., Ex. 2 (June 5 letter) ("In particular, Zond intends to file next

week a new action in the District of Massachusetts, related to the 11634 Action, involving the

same parties and the same accused TSMC products and processes").)  That TSMC ran to the

courthouse in Delaware, rather than respond to Zond's letter and to avoid Zond's about-to-be-

filed litigation in Massachusetts, indicates forum shopping by TSMC.  *See, e.g.*, *Pittsburgh*

*Logistics Sys.*, 669 F. Supp. 2d at 624 ("When both parties have taken apparently irreconcilable

points of view on a question of law [. . . ] and one has advised the other that it will file suit on a

specific date, a pre-emptory filing of a declaratory judgment action is generally considered to

have been undertaken in bad faith.").  TSMC was frustrated by the progress of the 2013 Action

in the District of Massachusetts, as evidenced by its Motion for Reconsideration of the Order

Granting Zond's Motion to Compel an Inspection of TSMC's Manufacturing Facilities (D. Mass.

Case No. 1:13-cv-11634 at D.I. 121) and Motion to Consolidate the 2013 Action with others of

Zond's patent litigations in the District of Massachusetts before a different judge.  (*Id*. at D.I.

59.)  Apparently anticipating that any other, related case between the same parties filed by Zond

would be assigned to Judge Young (which is exactly what happened), TSMC fled to Delaware

for a Sunday-night filing and picked up TSMC Tech as an additional plaintiff along the way.

TSMC Tech is not properly a party to this declaratory judgment case because it was not

threatened with suit by Zond's June 5 letter, as explained in further detail in Zond's Motion to

Dismiss—TSMC Tech is included in this action only to create an artificial connection between

TSMC and this District.

  TSMC argues that the 2013 litigation in Massachusetts over different Zond patents does

not, on its own, make Massachusetts a preferred forum for resolving the instant litigation.  As

discussed further in Section V.B.3 below, this analysis overlooks the substantial economies of

judicial resources that would be gained if Judge Young, who has spent significant time and effort

presiding over the 2013 Action, continues to preside over the parties' 2014 dispute.  And, in

contrast to the present situation, the cases cited by TSMC where an injunction against a second-filed suit was granted are easily distinguished.  In both *Nevans* and *Trustco Bank*, the anticipatory action exception was not applicable because the patent holder had not given a specific indication that a lawsuit was imminent, as Zond did here.  *See Nexans, Inc. v. Belden Inc.*, 966 F. Supp. 2d 396, 404 (D. Del. 2013); *Trustco Bank v. Automated Transactions LLC*, 933 F. Supp. 2d 668, 671-72 (D. Del. 2013). *Cellectis* and *Datex-Ohmeda* are also distinguishable—in those cases the court found no indication that the declaratory judgment plaintiff was purposely avoiding litigation in an alternate forum, whereas here, TSMC has added an unnecessary party to manufacture jurisdiction and filed on a Sunday rather than permit the weekend to pass and Zond to file another ***related*** litigation in Massachusetts – a forum expressly identified in Zond's correspondence to TSMC – in accordance with its express deadline.  *See Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 385 (D. Del. 2012); *Datex-Ohmeda, Inc. v. Hill-Rom Svcs., Inc.*, 185 F. Supp. 2d 407, 412 (D. Del. 2002).  TSMC admits that it filed this case in Delaware on a Sunday to head off further litigation in Massachusetts (Mot. at 5)—this is clear forum shopping behavior indicative of both bad faith and departure from the first-to-file rule.

**B.    The 1404(a) Transfer Factors Weigh Heavily In Favor Of Transfer To Massachusetts**

**1.    This Action Could Have Been Brought In Massachusetts**

At the outset, there can be no question that this action could have been brought in the District of Massachusetts.  Zond's principal place of business is in the District of Massachusetts and it has availed itself of Massachusetts as a forum for litigation of its patent infringement lawsuits in the past.  (*See, e.g., Zond LLC v. Fujitsu Semiconductor Ltd.*, D. Mass. Case No. 1:13-cv-11634.)  Additionally, the D. Mass. TSMC Defendants have participated in related

14

litigation with Zond in the District of Massachusetts in the 2013 Action.  (*See id.*)  TSMC does not argue or contend that this action could not have been brought in Massachusetts.

### 2.      Private Interest Factors Favor Massachusetts

**The Properly-Joined Plaintiffs Have No Connection To Delaware:**  As explained in Zond's Motion to Dismiss, only Taiwan Semiconductor Manufacturing Company, Ltd. and TSMC North America—two of the three plaintiffs in this action—were put on notice of Zond's intent to sue if license negotiations did not promptly begin in earnest.  (*See* Zond's Memorandum in Support of Its Motion to Dismiss; Davis Decl., Ex. 2 (June 5 letter).  Consequently, only these two TSMC entities had any reason to anticipate being sued by Zond.  The third plaintiff, TSMC Tech, is not a real party in interest in this case—it was added solely for the purpose of creating an artificial connection between the TSMC plaintiffs and this District by virtue of TSMC Tech's incorporation here.  Indeed, TSMC's declarant does not aver that TSMC Tech is involved in the manufacturing processes, research and development for the manufacturing processes, or importation of semiconductor products made by the accused manufacturing processes that are relevant to the non-infringement allegations underlying this action according to TSMC's Complaint.  (Declaration of Richar L. Thurston, Ph.D. In Support of TSMC's Motion to Enjoin ("Thurston Decl.") at ¶¶5-6.)  Because inclusion of TSMC Tech among the TSMC plaintiffs is simply a litigation tactic, the Court should not award deference here to plaintiffs' choice of forum.  *See In re Zimmer Holdings*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (rejecting plaintiff's argument "that its choice of forum for suit in the district of its principal place of business is entitled to deference" where plaintiff's "presence [in the forum] appear[ed] to be recent, ephemeral, and an artifact of litigation."); *ChriMar Sys., Inc. v. Cisco Sys., Inc.*, 10-cv-1050(GMS), 2013 WL 828220, at *4 (D. Del. Mar. 6, 2013) (even given defendants'

incorporation in Delaware, plaintiff's forum selection was given "less than the 'substantial' or 'paramount' weight" where no other legitimate reason was provided); *see also APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) (transferring despite the fact that both parties were Delaware corporations because "[w]here an alternative forum is more convenient and has more substantial connections with the litigation incorporation in Delaware will not prevent transfer") (citation and internal quotation marks omitted).

**Zond's Preference For Litigation In Massachusetts Is Entitled To Substantial Weight:** In contrast, Zond's preference for litigation in the District of Massachusetts is entitled to substantial weight in the balancing analysis. For example, Zond (1) maintains its principal place of business in Massachusetts, (2) employs workers with information relevant to this litigation, including the inventor of the asserted patents, in Massachusetts, and (3) maintains its most relevant evidence, including records of invention, in Massachusetts. (*See* Chistyakov Decl. at ¶¶3, 5-12.) These facts indicate that defendant Zond's forum preference is entitled to weight in the transfer analysis. *See Fuisz Pharma LLC v. Theranos, Inc.*, 11-cv-1061 (SLR-CJB), 2012 WL 1820642, at *12 (D. Del. May 18, 2010) (finding that defendant's forum preference weighed in favor of transfer where defendant's principal place of business is in the transferee district, its services and products are developed there, many of its employees live there, and many documents likely to be important to the case are located there), adopting report and recommendation, 2012 WL 2090622 (D. Del. June 7, 2012).

**Convenience, Location of Relevant Witnesses, Books, and Records Favors Massachusetts:** Zond is a small company with only two full time employees and all of its employees are located in Massachusetts, Zond's principal place of business, along with all of Zond's books and records that may contain evidence relevant to this case. (Chistyakov Decl. at

¶¶3, 5-12.) Zond has no employees, offices, facilities, or records in Delaware. (*Id*. at ¶¶13-14.) In contrast, the properly-joined TSMC plaintiffs, Taiwan Semiconductor Manufacturing Company, Ltd. and TSMC North America, have their principal places of business and, presumably, most of their records and witnesses in Taiwan and California, respectively. (*See* Thurston Decl. at ¶¶2, 4.) Even TSMC Tech does not have its principal place of business in Delaware, despite its incorporation there. (*See id*. at ¶3.) It will be no more cumbersome for the properly-joined TSMC plaintiffs, or even TSMC Tech, to litigate this case in Massachusetts than in Delaware. However, Dr. Kurt Rauschenbach, a material third party witness and the attorney who prosecuted Zond's 2014 Asserted Patents before the PTO, has an office in Newport, Rhode Island and is within the subpoena power of the District of Massachusetts, but outside the subpoena power of the District of Delaware. (Davis Decl. at Ex. 5 (http://rauschenbach.com/contact.html).) TSMC has not identified any witnesses relevant to its case that would be available for trial in Delaware, but not in Massachusetts. Consequently, the location of Zond's witnesses and evidence and convenience to Zond cause this factor to weigh in favor of transfer to Massachusetts. *See, e.g.*, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)(the convenience of witnesses is relevant to the transfer inquiry "only to the extent that the witnesses may actually be unavailable for trial in one of the fora"); *Illumina, Inc. v. Complete Genomics, Inc.* No. 10-649, 2010 WL 4818083, at * (D. Del. Nov. 9, 2010).

**Other Private Interest Factors Do Not Favor Either Forum:** The TSMC plaintiffs admit that the relevant research and development activities underlying the accused manufacturing processes occur outside the United States and, consequently, do not favor the progress of litigation in either forum. (Mot. at 17.) Likewise, TSMC does not argue that it lacks the financial wherewithal to participate in litigation in Massachusetts, where it has previously

been a party to patent litigation against Zond.  (Mot. at 17-18.)  Consequently, these factors do not weigh either for or against transfer.

### 3.    Public Interest Factors Favor Massachusetts

The interests in maximizing judicial economy cause the public interest factors to strongly favor transferring this case to Massachusetts.  Judge Young has already spent significant time and effort adjudicating the 2013 case between the parties in the District of Massachusetts.  If this action is transferred to Massachusetts, it can be consolidated with Zond's recently filed action there concerning the same asserted patents.  (*See* D. Mass. L.R. 40.1(G)(1)&(3).)  Moreover, judicial resources will be conserved if Judge Young is able to utilize the familiarity he has gained with the accused semiconductor manufacturing processes and Zond's related patents in this case. *See, e.g., Alan J. Ross & Save Assocs. V. Institutional Longevity Assets LLC*, No. 12-102-LPS-CJB, 2013 WL 5299171, at *13 (D. Del. Sept. 20, 2013)(granting motion to transfer where transferee court's familiarity with the parties and issues implicated and recognizing the "important practical consideration" of the existence of related lawsuits before the transferee court)(citations omitted).  Although the 2013 Action is now administratively closed to facilitate the resolution of IPR proceedings, in the likely event that some asserted claims are not instituted, the 2013 Action will promptly resume.  Regardless, the 2013 Action has been administratively closed for only about six weeks—not so long that Judge Young's familiarity with the case will have vanished.  To the extent that other judges in the District of Massachusetts have handled patent litigations between Zond and unrelated defendants, this is irrelevant—Judge Young's familiarities with the parties, relevant technology, and the disputes related to the foregoing will lead to efficiencies that this Court would not be equally well-positioned to achieve.  *See Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F. Supp. 971, 973-74 (D. Del. 1992) (district court retained jurisdiction of second-filed action and allowed it to proceed in departure from

first-to-file rule where it was in the best position to preserve judicial resources and avoid

duplication); *Fuisz Pharma.*, 2012 WL 1820642, at *17.

### 4. Balance of all 1404(a) Factors Favors Massachusetts

TSMC's filing of this suit in Delaware is blatant forum shopping that should not be

condoned especially where, as here, both the public and private interest factors clearly favor

proceeding with this litigation in Massachusetts.

## VI. CONCLUSION

For the foregoing reasons, Zond respectfully requests that the Court deny TSMC's

Motion to Enjoin and grant Zond's motion to transfer this case to the District of Massachusetts.

July 8, 2014                                      BAYARD, P.A.

OF COUNSEL:                                       */s/ Stephen B. Brauerman*
                                                 Richard D. Kirk (No. 0922)
David C. Radulescu                               Stephen B. Brauerman (No. 4952)
Tigran Vardanian                                 Vanessa R. Tiradentes (No. 5398)
Robin M. Davis                                   Sara E. Bussiere (No. 5725)
RADULESCU LLP                                    222 Delaware Avenue, Suite 900
136 Madison Avenue                               P.O. Box 25130
6th Floor                                        Wilmington, DE 19801
New York, NY 10016                               (302) 655-5000
(646) 502-5950                                   rkirk@bayardlaw.com
david@radulescullp.com                           sbrauerman@bayardlaw.com
tigran@radulescullp.com                          vtiradentes@bayardlaw.com
robin@radulecullp.com                            sbussiere@bayardlaw.com

                                                 *Attorneys for Defendant Zond, LLC*