IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TSMC TECHNOLOGY, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LIMITED and TSMC NORTH AMERICA CORP., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 14-cv-00721-LPS |
| v. | ) ) | |
| ZOND, LLC, | ) ) | |
| Defendant. | ) | |

**BRIEF IN OPPOSITION TO DEFENDANT ZOND, LLC'S
MOTION TO DISMISS THE COMPLAINT (D.I. 17)**

Dated: July 25, 2014

**DUANE MORRIS LLP**

Richard L. Renck (#3893)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Phone: 302-657-4900
Fax: 302 657 4901
Email: rlrenck@duanemorris.com

*Attorneys for Plaintiffs TSMC Technology, Inc.,
Taiwan Semiconductor Manufacturing Company,
Limited and TSMC North America Corp.*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ ii

TABLE OF AUTHORITIES ............................................................................................... iii

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND ......................................................................................................2

        A.      Relevant Background Regarding the 13-cv-11634 Action in Massachusetts......... 2

        B.      Zond's Threats of Further Litigation and TSMC's Filing of This
                Declaratory Judgment Action ................................................................. 4

III.    ARGUMENT ..........................................................................................................5

        A.      TSMC's Complaint Properly States a Claim for Declaratory Judgment of
                Direct Non-Infringement ........................................................................ 5

        B.      TSMC's Complaint Properly States a Claim for Declaratory Judgment of
                Indirect Non-Infringement ..................................................................... 9

        C.      Subject Matter Jurisdiction Exists as to TSMC Technology ............................... 12

        D.      TSMC's Complaint Properly States Declaratory Judgment Claims as to
                Each of the Plaintiffs............................................................................ 15

        E.      The Court Should Not Exercise Its Discretion to Decline Jurisdiction Over
                This Action........................................................................................... 17

IV.     CONCLUSION.......................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arkema Inc. v. Honeywell Int'l, Inc.*
706 F.3d 1351 (Fed. Cir. 2013)........................................................................13

*Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*
846 F.2d 731 (Fed. Cir. 1988)..........................................................................13

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)............................................................................................9

*Automated Transaction LLC v. New York Cmty. Bank*
No. 12-CV-3070, 2013 U.S. Dist. LEXIS 34872 (E.D.N.Y. Mar. 13, 2013)....................16

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)........................................................................................ 9-10

*Capo, Inc. v. Dioptics Med. Prods.*
387 F.3d 1352 (Fed. Cir. 2004)........................................................................17

*Danisco US, Inc. v. Novozymes A/S*
744 F.3d 1325 (Fed. Cir. 2014)........................................................................12

*Elan Pharma Intern. Ltd. v. Lupin Ltd.*
No. 09-1008, 2010 U.S. Dist. LEXIS 32306 (D.N.J. Mar. 31, 2010)................................10

*Electronics for Imaging, Inc. v. Coyle*
394 F.3d 1341 (Fed. Cir. 2005)...................................................................... 17-18

*Gradient Enters., Inc. v. Skype Techs. S.A.*
932 F. Supp. 2d 447 (W.D.N.Y. 2013) ............................................................11

*Infineon Techs. Ag v. Volterra Semiconductor Corp.*
No. 3:11-cv-06239 (N.D. Cal. Dec. 13, 2012)...........................................8, 11

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*
Civ. No. 07-589-SLR/LPS, 2008 WL 4809104 (D. Del. Nov. 5, 2008) .........................19

*Intellectual Ventures I LLC v. Altera Corp.*
842 F. Supp. 2d 744 (D. Del. 2012)..................................................................20

*MedImmune, Inc. v. Genentech, Inc.*
549 U.S. 118 (2007).........................................................................................12

*Micron Tech. v. MOSAID Techs, Inc.*
518 F.3d 897, 904 (Fed. Cir. 2008)............................................................. 17-18

*PageMelding, Inc. v. ESPN, Inc.*
No. 11-cv-6263, 2012 U.S. Dist. LEXIS 127041 (N.D. Cal. Sept. 6, 2012)....................11

*PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*
    No. 3:11-cv-273, 2012 U.S. Dist. LEXIS 8367 (M.D. Fla. Jan. 25, 2012) .................... 7-8

*SanDisk Corp. v. STMicroelectronics, Inc.*
    480 F.3d 1372 (Fed. Cir. 2007)........................................................................................12

*Woodbolt Distribution, LLC v. Natural Alternatives Int'l, Inc.*
    Civ. No. 11-cv-1266, 2013 U.S. Dist. LEXIS 8751 (D. Del. Jan. 23, 2013)....................18

## I.      INTRODUCTION

It is ironic that defendant Zond, LLC ("Zond") seeks dismissal of the complaint in this action for purported failure to state a claim.  Zond's own second amended complaint against TSMC in the District of Massachusetts, No. 13-cv-11634 (the "13-cv-11634 Action"), which alleged infringement of a different group of patents from those at issue in this case, was described by the court as "in terms of pleading . . . about the weakest patent case I've ever seen." (Mot. Hr'g Tr. 6:8-11, Nov. 26, 2013; 13-cv-11634 Action, attached hereto as Exhibit A). Indeed, in a subsequent written opinion, the court determined that Zond's complaint "just barely" met the requirements of FRCP 8.  (D.I. 57 at 2; 13-cv-11634 Action).  Nonetheless, Zond asserts five unavailing arguments for why this Court should dismiss plaintiffs' well-pled complaint or decline declaratory judgment jurisdiction, even though TSMC's complaint has substantially more factual detail than Zond's did.  (D.I. 18 at 13-19).  Zond's arguments fail because:

1.      As to direct non-infringement, the complaint identifies the patents, the accused products, and the accused conduct at issue—including Zond's own words regarding the same— and more than satisfies the requirements of FRCP Form 18.

2.      As to indirect non-infringement, the complaint adequately pleads a claim for non-infringement under 35 U.S.C. § 271(b) and (c) and provides enough factual detail—again, including in Zond's own words—to satisfy applicable notice pleading and plausibility standards.

3.      Subject matter jurisdiction exists as to plaintiff TSMC Technology, Inc. ("TSMC Technology") in view of (a) the broad scope of Zond's allegations of infringement against TSMC products, (b) Zond's past scattershot approach to targeting defendants in the TSMC enterprise, and (c) TSMC Technology's involvement in the research, development, and design of products that Zond has accused of infringement.

4.     As to "group pleading," the complaint properly states each plaintiff's declaratory judgment claims and gives Zond fair notice of the claims against it.  Indeed, Zond took the position that such group pleading was fair notice of the claims in the 13-cv-11634 Action.

5.     Finally, there is no basis upon which the Court should decline to exercise jurisdiction over this action.  Under controlling Federal Circuit precedent, it would be an abuse of discretion to decline jurisdiction of a declaratory action solely or predominantly as "anticipatory litigation," as Zond urges this Court to do.  Nor have plaintiffs engaged in improper "forum shopping."  Rather, plaintiffs' action was entirely consistent with the purpose of the Declaratory Judgment Act, particularly as applied to patent cases.

For all these reasons, as further explained below, as well as in plaintiffs' briefing opposing Zond's Motion to Transfer Venue (D.I. 13) and in support of plaintiffs' Motion to Enjoin Zond from Maintaining a Later-Filed Action in the District of Massachusetts (D.I. 7), plaintiffs respectfully request that the Court deny Zond's motion to dismiss.[1]

## II.     BACKGROUND

### A.     Relevant Background Regarding the 13-cv-11634 Action in Massachusetts

In July 2013, Zond first filed the 13-cv-11634 Action in Massachusetts alleging patent infringement by Fujitsu Semiconductor Limited and Fujitsu Semiconductor America, Inc. (the "Fujitsu Defendants").  (D.I. 1; 13-cv-11634 Action).  In September 2013, Zond amended its complaint to add as additional defendants Taiwan Semiconductor Manufacturing Co., Ltd.,

---

[1]   Relevant to Zond's motion to transfer and plaintiffs' motion to enjoin, plaintiffs also file today their Combined Brief in Opposition to Defendant Zond, LLC's Motion to Transfer Venue (D.I. 13) and Reply Brief in Support of the TSMC Plaintiffs' Motion to Enjoin Zond, LLC from Maintaining a Later-Filed Action in the District Of Massachusetts (D.I. 7).

TSMC North America Corp., TSMC Development, Inc. and WaferTech, LLC.[2]  (D.I. 10; 13-cv-11634 Action).  Zond's second amended complaint, filed in late September 2013, alleged that the Fujitsu Defendants and the TSMC Defendants infringed the following seven Zond patents: U.S. Patent Nos. 7,147,759; 7,808,184; 7,811,421; 6,853,142; 7,604,716; 6,805,779; 6,806,652 (the "Group One Patents").[3]  (D.I. 19; 13-cv-11634 Action).

In response to Zond's second amended complaint, the Fujitsu Defendants and the TSMC Defendants each filed a joint motion to dismiss for, among other things, failure to state a claim. (D.I. 26 & 32; 13-cv-11634 Action).  On November 26, 2013, the court held a hearing on the motions to dismiss.  (D.I. 50; 13-cv-11634 Action).  Although the Defendants were the moving parties, the court began the hearing by questioning Zond and stated as follows:

> Okay.  Now, let me say this straight out.  I think this is, in terms of pleading, I think this, and I mean no disrespect, this is about the weakest patent case I've ever seen --

(Ex. A at 6:8-11).  In its order on the joint motion to dismiss filed by the Fujitsu Defendants,[4] the court reiterated its position that Zond's second amended complaint was extremely weak, stating that it "just barely" met the requirements of FRCP 8.  (D.I. 57 at 2; 13-cv-11634 Action).  In addition, the court rejected the Fujitsu Defendants' argument that Zond's group pleading was

---

[2] Zond dropped TSMC Development, Inc. and WaferTech, LLC from the 13-cv-11634 Action a few weeks after they were sued.  As used in this brief, "TSMC Defendants" refers to Taiwan Semiconductor Manufacturing Co., Ltd. and TSMC North America Corp., and "Defendants" refers to the TSMC Defendants and the Fujitsu Defendants.

[3] None of these Group One Patents is at issue in this declaratory judgment action.  The "Group Two Patents" at issue in this case are U.S. Patent Nos. 6,806,651; 6,896,773; 6,896,775; 6,903,511; 7,095,179; and 7,446,479.

[4] After the November 26 hearing on the motions to dismiss, the court: entered an order dismissing, without prejudice, Zond's willful infringement claims against all Defendants; otherwise denied TSMC's joint motion to dismiss (D.I. 32; 13-cv-11634 Action); and took under advisement Fujitsu's joint motion to dismiss (D.I. 26; 13-cv-11634 Action).  (*See* D.I. 57 at 2; 13-cv-11634 Action (citing D.I. 48)).

3

insufficient, reasoning that the pleading was valid because it was facially plausible that all the Fujitsu Defendants were implicated in the infringing acts alleged by Zond and, even with the group pleading, the Fujitsu Defendants had fair notice of the claims against them. (D.I. 57 at 3-5; 13-cv-11634 Action). Accordingly, the court denied the motion.

Following this order, the parties began the discovery process. The parties did not get very far into the discovery process and had not yet filed any *Markman* briefing with the court before the matter was stayed. Specifically, on May 30, the Defendants completed their filing of thirty-two (32) *inter partes* review ("IPR") petitions against all of the 116 patent claims asserted in the 13-cv-11634 Action, and on May 31 notified the Court by moving for administrative closure of the case. (D.I. 123; 13-cv-11634 Action). Just two days later, on June 2, 2014, the court granted the motion and administratively closed the case. (D.I. 124, 126 & 129; 13-cv-11634 Action). At that time, the court had dealt only with the motions to dismiss, two motions to compel discovery, and the motions to stay, none of which delved in any detail into the patents or the underlying technology involved in the matter.

**B.    Zond's Threats of Further Litigation and TSMC's Filing of This Declaratory Judgment Action**

Immediately following the administrative closure of the case, Zond sent TSMC a letter dated June 5, 2014, threatening an infringement suit on the Group Two Patents unless TSMC immediately engaged in licensing negotiations. (D.I. 1, Ex. G). These Group Two Patents had never before been asserted against TSMC or Fujitsu, likely because, as TSMC determined after investigation, the Group Two Patents are even farther removed from what TSMC does than the Group One Patents. Zond's letter was addressed to TSMC in-house counsel Michael Shen, Esq., who is located in Taiwan; copied to only one of TSMC's outside counsel from the 13-cv-11634 Action; and demanded that TSMC respond within one and one-half business days or Zond would

4

file "a new action in the District of Massachusetts, related to the 11634 Action."[5]   TSMC's

outside counsel received a copy of the letter by email at 10:52 pm ET on June 5.  (D.I. 8-1, Ex.

B).  Attorney Shen received a copy of the letter by international courier, which was delivered in

Taiwan at 10:50 am local time on June 9 (the date the response was due), and by fax at 3:52 pm

local time on June 10 (one day after the letter's deadline passed).  (D.I. 8-1, Ex. C).  Faced with

Zond's threat and its own belief that there was no legitimate basis for the claims, the three TSMC

plaintiffs initiated suit in this District on June 8, 2014.  (D.I. 1).

## III.   ARGUMENT

### A.   TSMC's Complaint Properly States a Claim for Declaratory Judgment of Direct Non-Infringement

Zond's sole argument for dismissal of TSMC's direct non-infringement claims is the

assertion that TSMC did not identify the products that do not infringe the identified Group Two

Patents as required by Form 18.  (D.I. 18 at 13-14).  Zond is wrong.  TSMC's complaint

identifies both the accused infringing products and the accused infringing conduct.  In fact, the

complaint includes Zond's own words to identify expressly what TSMC products and conduct

are accused of infringing the patents-in-suit.

In paragraphs 6 and 7 of the complaint, TSMC candidly avers the basis for this action:

6. TSMC brings this declaratory judgment action to protect itself from the most recent recurring plague on this country's patent system. Zond is a company that, on information and belief, monetizes its patents by filing strike suits against end users of magnetron sputter equipment, equipment common in the manufacture of semiconductor products, among other products that require metal layering, for the purpose of obtaining settlement money to which it is not entitled.

7. On information and belief, Zond is pursuing a litigation strategy of suing end users of magnetron sputtering equipment, as opposed to the actual manufacturers of such equipment, in order to leverage the cost of litigation against its targets and

---

[5]   The letter actually recited "Monday June 7" as the deadline, but June 7 was a Saturday.

obtain licenses and settlements that bear no reasonable relation to the value, if any, or scope of the patents-in-suit.

(D.I. 1 ¶¶ 6 & 7).  These paragraphs provide the context of Zond's strategy of asserting its patents against "end users of magnetron sputtering equipment" and clearly indicate that "TSMC brings this declaratory judgment action to protect itself" from such accusations relating to TSMC's end use of this equipment in the manufacture of "semiconductor products."  (*Id.*)

Were it not clear from these paragraphs that TSMC seeks a declaratory judgment of non-infringement of the patents-in-suit for TSMC's end use of magnetron sputtering equipment in its manufacture of semiconductor products, any doubt is removed in paragraph 9 of the complaint, where TSMC states that it brought this declaratory judgment action to protect itself against the threat of litigation posed by Zond in its June 5 letter, attached to the complaint as Exhibit G.  (*Id.* ¶ 9 & Ex. G).  Zond's threat of litigation in the letter states:

> Zond believes that TSMC infringes several other Zond patents, including without limitation U.S. Patent Nos. 6,806,651; 6,896,773; 6,896,775; 6,903,511; 7,095,179; and 7,446,479.  Zond intends to vigorously protect and enforce its intellectual property rights.  In particular, Zond intends to file next week a new action in the District of Massachusetts, related to the [13-cv-]11634 Action, involving the same parties and the **same accused TSMC products and processes**, including products sold by TSMC to many of its customers.

(*Id.*, Ex. G at 1 (emphasis added)).  This letter clearly puts Zond on notice that this case implicates the "same accused TSMC products and processes [from the 13-cv-11634 Action]." (*Id.*).  As the parties know, and as anyone accessing the public record could quickly determine, the TSMC products accused in the operative complaint in the 13-cv-11634 Action are "circuit devices at the 28 and 20 nm [nanometer] and smaller nodes" and the accused TSMC processes are "generating and using strongly ionizing plasmas in a manufacturing environment" to

manufacture such circuit devices.[6]  (D.I. 19 ¶ 40; 13-cv-11634 Action (defining "TSMC Infringing Products")).  Just as there was no ambiguity in Zond's letter as to the claim it was threatening, there is no ambiguity in TSMC's complaint:  "TSMC brings this Declaratory Judgment action" "given the immediate and real threat of harm posed by Zond" in the letter attached as Exhibit G.  (Id. ¶ 9).  For Zond now to argue that it does not understand its own statements as to what is at issue is disingenuous; there simply is no clearer way to identify the patents, accused conduct, and accused products at issue in this action.

The "lenient pleading standards of Form 18" (D.I. 18 at 13) require no more detail than what was provided in TSMC's complaint.  Zond itself points out that "Form 18 requires only identification of a general category of products, for example 'electric motors, or a general identification of an allegedly infringing method.'"  (Id. at 10 (citing McRo, Inc. v. Rockstar Games, Inc., Case No. 12-cv-1513-LPS-CJB, 2014 WL 1051527, at *2 (D. Del. Mar. 17, 2014))).  Even putting aside Zond's letter, TSMC's averments that this action implicates the end use of magnetron sputtering equipment in the "manufacture of semiconductor products" indisputably satisfies this requirement.  (D.I. 1 ¶¶ 6-7).

Further, the cases cited by Zond on this point are distinguishable.  For example, in PPS Data, LLC v. Allscripts Healthcare Solutions, Inc., No. 3:11-cv-273, 2012 U.S. Dist. LEXIS 8367, at *9-10 (M.D. Fla. Jan. 25, 2012) (cited in D.I. 18 at 13), the entire basis for a counterclaim of non-infringement was a single paragraph stating: "Allscripts has not infringed and is not infringing the '271 patent nor has it contributed to the infringement of or actively induced other[s] to infringe the '271 patent.  Allscripts seeks a declaratory judgment that

---

[6] According to Zond's operative pleading in Massachusetts, "nodes" are the "smallest part of a transistor" in a semiconductor circuit.  (D.I. 19 ¶ 39; 13-cv-11634 Action).  A nanometer, abbreviated "nm," measures length or thickness.

Allscripts has not committed any acts of infringement, contributed to the infringement of, or induced infringement of the '271 patent." *Id.* There was no identification of the accused product or process. Conversely, the averments in and exhibits to TSMC's complaint include substantially more detail than this statement—they identify the process and products. Similarly, TSMC's pleadings provide more factual detail than the four combined non-infringement/invalidity counterclaims at issue in *Infineon Techs. Ag v. Volterra Semiconductor Corp.*, No. 3:11-cv-06239, D.I. 163 (N.D. Cal. Dec. 13, 2012) (cited in D.I. 18 at 13). In that case, each of the counterclaims followed a seven-paragraph formula that provided in relevant part: "Volterra denies that it has infringed, or is infringing, the [asserted] patent, directly or indirectly, and either literally or by application of the doctrine of equivalents." *Id.*

Moreover, TSMC's complaint here includes more factual detail than Zond's complaint in the 13-cv-11634 Action, which was held to have satisfied the pleading requirements of the federal rules, if "just barely." (D.I. 57; 13-cv-11634 Action). Specifically, the court determined that the complaint satisfied the pleading standard required by Form 18 because it contained allegations that the court had jurisdiction, Zond was the owner of the patents-in-suit, and Fujitsu had infringed the patents-in-suit by "using, offering to sell and selling within the United States, without authority, the Infringing Products" and the complaint included a demand for damages and an injunction. (*Id.*). TSMC's complaint here not only meets, but exceeds, these basic requirements.

For these reasons, TSMC's complaint meets the pleading standards of Form 18 and properly states a claim for declaratory judgment of direct non-infringement.

**B.      TSMC's Complaint Properly States a Claim for Declaratory Judgment of Indirect Non-Infringement**

To survive a Rule 12(b)(6) motion to dismiss, a claim must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and Fed. R. Civ. P. 8(a)(2)). Importantly, *Twombly* does not require "[d]etailed factual allegations," but rather the claimant must allege facts that, when "accepted as true, 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

As a preliminary matter, TSMC's complaint does not simply state that TSMC does not "indirectly" infringe the patents-in-suit: each count of the complaint states that TSMC does not infringe any claim of a patent-in-suit "directly, contributorily, or by inducement." (*See* D.I. 1 ¶¶ 16, 20, 24, 28, 32 & 36). These statements provide basic notice of the nature of TSMC's declaratory judgment claims. Further, as discussed above, TSMC's complaint provides context for the parties' dispute, including that it centers on TSMC's end use of magnetron sputtering equipment in its manufacture of semiconductor products (*id.* ¶¶ 6-7); explains the threat of litigation posed by Zond in its June 5 letter (*id.* ¶ 9); and attaches the letter as an exhibit (*id.* Ex. G). In view of Zond's own words in the letter—which expressly identify the patents-in-suit and charge TSMC with infringement based on "the same accused TSMC products and processes" at issue in the 13-cv-11634 Action, including "products sold by TSMC to many of its customers"—

Zond cannot reasonably claim that it does not have "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Zond knows (and has articulated itself) exactly which TSMC conduct and products are at issue, including TSMC's sale of such products "to many of its customers," a point that clearly implicates the parties' dispute regarding indirect infringement.

Additionally, dismissal of TSMC's complaint would undermine this Court's procedures for patent cases, which require more detailed disclosures at a later stage. For example, pursuant to paragraph 7 of this Court's Revised Patent Form Scheduling Order, both parties will be required to disclose their initial non-infringement, unenforceability, and invalidity contentions later in the litigation.[7] Denying Zond's motion to dismiss on this basis is consistent with other courts in the Third Circuit that have found that local patent rules requiring similar disclosures weigh against dismissal of patent claims and counterclaims pled without extensive disclosure. For example, in *Elan Pharma Intern. Ltd. v. Lupin Ltd.*, defendant Lupin asserted briefly worded counterclaims of non-infringement and invalidity as to all the listed patents. No. 09-1008, 2010 U.S. Dist. LEXIS 32306, at *3 (D.N.J. Mar. 31, 2010). Elan moved to dismiss the counterclaims as insufficiently pled under *Twombly*. *Id.* at *3-4. The New Jersey district court denied that motion based largely on that district's local patent rules, which required disclosures substantially identical to those required by this Court. *Id.* at *13-14 ("[T]he Local Patent Rules require specificity at a later stage than Elan argues is required, pursuant to *Twombly* and *Iqbal*. Both Elan and Lupin will have to disclose their respective theories and the accordant facts in order to comply with Local Patent Rules 3.1 [requiring disclosure of asserted claims and infringement

---

[7] This Court's Revised Patent Form Scheduling Order for non-ANDA patent cases was revised as of June 2014 and is available at http://www.ded.uscourts.gov/sites/default/files/Chambers/LPS/PatentProcs/LPS-PatentSchedOrder-Non-ANDA.pdf.

contentions] and 3.3 [requiring disclosure of invalidity contentions].").  The court reasoned that granting Elan's motion to dismiss would "undermine[] the logic" of and render "superfluous" the District of New Jersey Local Patent Rules.  *Id.* at *14.

Finally, the cases that Zond cites as supporting dismissal of TSMC's claims for declaratory judgment of indirect non-infringement are distinguishable.  (D.I. 18 at 14 (citing *Infineon*, 2013 U.S. Dist. LEXIS 17501; *Gradient Enters., Inc. v. Skype Techs. S.A.*, 932 F. Supp. 2d 447 (W.D.N.Y. 2013); and *PageMelding, Inc. v. ESPN, Inc.*, No. 11-cv-6263, 2012 U.S. Dist. LEXIS 127041 (N.D. Cal. Sept. 6, 2012))).  In each of *Infineon*, *Gradient*, and *PageMelding*, the counterclaim of indirect non-infringement included little to nothing more than short, simple statements that the counterclaimant did not infringe the asserted patents.  None of the pleadings in those cases contained, as in the instant case, a cease and desist letter evidencing the parties' dispute (including the patent owner's understanding of the dispute), as well as notice of the conduct and products that formed the basis for indirect non-infringement claims based on allegations in the complaint.  *See Infineon*, D.I. 163 (Dec. 13, 2012); *Gradient*, D.I. 55 (July 27, 2012); *PageMelding*, D.I. 59 (July 10, 2012).  Additionally, the *Gradient* court specifically noted that it could not defer to local patent rules for providing more detail later in litigation because the court did not have any local patent rules.  932 F. Supp. 2d at 452-53.[8]

For these reasons, TSMC's complaint properly states a claim for declaratory judgment of indirect non-infringement.

---

[8] In each of these cases cited by Zond, the court permitted the claimant to amend its pleadings in lieu of dismissing the pleadings with prejudice.  *Infineon*, 2013 U.S. Dist. LEXIS 17501, at *3-4; *Gradient*, 848 F. Supp. 2d at 410; *Pagemelding*, 2012 U.S. Dist. LEXIS 127041, at *8-9.  Thus, even if the Court were to find TSMC's pleadings to be deficient here, the Court should permit TSMC to amend the complaint rather than dismiss it.

### C.      Subject Matter Jurisdiction Exists as to TSMC Technology

Zond makes essentially two arguments for dismissing TSMC Technology's declaratory judgment claims for lack of subject matter jurisdiction: (1) TSMC Technology did not have sufficient apprehension of an infringement suit because there was no interaction between it and Zond; and (2) TSMC Technology is not implicated in any potential infringing activity.  (D.I. 18 at 15).  Both arguments are meritless.

As to the first argument, there is no *per se* requirement that a declaratory plaintiff have interaction with the defendant.  The Supreme Court has explained that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  The Federal Circuit has since added that although there is no bright-line rule applicable to patent cases, "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do."  *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007).  To clarify even further, "Article III does not mandate that the declaratory judgment defendant have threatened litigation or otherwise taken action to enforce its rights before a justiciable controversy can arise, and the Supreme Court has repeatedly found the existence of an actual case or controversy even in situations in which there was no indication that the declaratory judgment defendant was preparing to enforce its legal rights."  *Danisco US, Inc. v. Novozymes A/S*, 744 F.3d 1325, 1330 (Fed. Cir. 2014).

These principles jibe with decades of Federal Circuit precedent that held that apprehension of suit can exist even without any direct interaction between the patentee and the

declaratory plaintiff: "If the circumstances warrant, a reasonable apprehension of suit may be found in the absence of *any* communication from defendant to plaintiff." *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988) (emphasis in original); *see also Arkema Inc. v. Honeywell Int'l, Inc.*, 706 F.3d 1351, 1357 (Fed. Cir. 2013) (holding that it is not "necessary that a patent holder make specific accusations" of infringement against the declaratory judgment plaintiff). As explained immediately below, the circumstances here do warrant finding TSMC Technology was in reasonable apprehension of suit by Zond, even without any prior communication between them.

Zond's other argument that TSMC Technology is not implicated "in any potential infringing activity" (D.I. 18 at 15) is inconsistent with Zond's infringement allegations, both in the 13-cv-11634 Action and in its June 5 letter. From the start of its litigation against TSMC in the 13-cv-11634 Action, with respect to alleged infringing activity, Zond has focused on the manufacture of semiconductor circuits with "28 and 20 nm and smaller nodes." (D.I. 19 ¶ 40; 13-cv-11634 Action). Zond's apparent belief is that circuits with nodes of that size must "employ Zond's patented technology for generating and using strongly ionizing plasmas in a manufacturing environment." (*Id.*). Indeed, these "circuit devices at the 28 and 20 nm and smaller nodes" are how Zond's operative Massachusetts complaint defines the "TSMC Infringing Products." (*Id.*). Zond's June 5 threat letter asserting the patents-in-suit in the instant case continues in that vein, insisting that "the same accused TSMC products and processes" allegedly infringe the newly asserted patents. (D.I. 8-1, Ex. B).

As explained in TSMC's injunction papers (D.I. 8), TSMC Technology is involved in the design of 28 nanometer and smaller devices. Specifically, Dr. Richard Thurston, on the board of directors at TSMC Technology, explained that the company "is involved in research, developing,

and designing integrated circuits, including the design of aspects of 28 nanometer and smaller products." (D.I. 8-1, Ex. A ¶ 6). This involvement in the design of the accused circuit products—"the 28 nanometer and smaller" products—certainly gave TSMC Technology reason to fear infringement charges from Zond, particularly in light of Zond's infringement theories in Massachusetts against entities in the TSMC family.

To get around this problem, Zond mischaracterizes its past infringement assertions. Because TSMC Technology is not involved in the importation of circuits into the United States, Zond argues that its *only* theories of infringement against any TSMC entity are limited to importation under § 271(g). For instance, Zond cites to the operative Massachusetts complaint and characterizes it as asserting only direct infringement under § 271(g): "amended complaint alleging [sic, accusing] TSMC of only direct infringement under 271(g)." (D.I. 18 at 17 (citing D.I. 19 ¶ 51; 13-cv-11634 Action)). But Zond's pleading is not so limited: Taking the first patent as an example, Zond alleges direct infringement by TSMC not only through importation, but through "making, using, offering to sell, selling, and/or importing into the United States, without authority, TSMC Infringing Products, including without limitation under 35 U.S.C. 271(g)." (D.I. 19 ¶ 100; 13-cv-11634 Action (emphasis added)). Zond also alleges indirect infringement theories against the TSMC entities, including that "TSMC has been inducing infringement" on the part of "OEMs [original equipment manufacturers] and ODMs [original design manufacturers]." (*Id.* ¶ 101). And Zond's June 5 threat letter is not limited to infringement-by-importation charges either; the letter makes blanket reference to infringement— "TSMC infringes several other Zond patents," "TSMC's continued infringing activities"— without any mention of § 271(g). (D.I. 1, Ex. G).

Moreover, Zond has shown a willingness to sue without discrimination any TSMC entity it might suspect of being implicated in direct or indirect infringement. Its original complaint against TSMC in the 13-cv-11634 Action, for instance, included two entities—TSMC Development, Inc. and WaferTech, LLC (D.I. 10; 13-cv-11634 Action)—that Zond dropped from the suit a few weeks later. TSMC Technology—a company actually involved in the design and development of 28 nm and smaller devices—surely had reason to be concerned about being charged with infringement, too.

In view of the circumstances, and as pled in TSMC's complaint, Zond has taken an unmistakable position that puts the entire TSMC enterprise—and especially TSMC entities incorporated in the U.S. and actually involved in the research, development, and design of the accused products, like TSMC Technology—in the position of either pursuing behavior that Zond asserts is infringing or abandoning such behavior in spite of a legal right to continue such activity. Because Zond has a history of indiscriminately suing TSMC entities having any connection to the United States regarding the accused semiconductor products, TSMC Technology was in reasonable apprehension of suit despite the lack of interaction between it and Zond. Accordingly, this Court has subject matter jurisdiction of TSMC Technology's declaratory judgment claim.

### D.   TSMC's Complaint Properly States Declaratory Judgment Claims as to Each of the Plaintiffs

Zond argues that all of TSMC's claims against Zond are deficient because TSMC's complaint groups the three TSMC plaintiffs together in its pleading and does not specifically seek a declaratory judgment of non-infringement for each plaintiff's conduct. (D.I. 18 at 16-17). This argument fails.

Zond cites no case that holds pleading by grouped declaratory plaintiffs is invalid. This lack of support is not surprising given the discussion above regarding subject matter jurisdiction over declaratory judgment claims.

Further, group pleading is not *per se* excluded by FRCP 8(a), either expressly or by interpretation. Even the case Zond cites to support its argument holds that group pleading violates FRCP 8 only where it "fails to give each defendant fair notice of the claims against it." *Automated Transaction LLC v. New York Cmty. Bank*, No. 12-CV-3070, 2013 U.S. Dist. LEXIS 34872, at *12-13 (E.D.N.Y. Mar. 13, 2013). Here, Zond has fair notice of the claims made by each of the TSMC plaintiffs because of the consistency of the subject of the pleading. Even with the grouping of the plaintiffs as "TSMC," it can be reasonably inferred that each and every allegation is made against Zond by each of the TSMC plaintiffs.

This analysis tracks the court's analysis of the same issue in the 13-cv-11634 Action, where Zond's group pleading in its complaint against the Fujitsu Defendants was validated. (D.I. 57 at 3-5; 13-cv-11634 Action). The court distinguished *Automated Transaction*—the only case Zond relies on here—by the following reasoning:

> Unlike in *Automated Transaction*, where the plaintiff did not consistently group the defendants together when making allegations, 2013 WL 992423, at *4, the consistency of the subject of the pleading in this case, despite its group format, means that it can be reasonably inferred that each and every allegation is made against each individual defendant.

(*Id.* at 5). In other words, Zond can reasonably infer from TSMC's complaint that each TSMC entity alleges that it does not infringe the patents-in-suit by any conduct in which it engages related to the accused semiconductor products. Accordingly, Zond is on fair notice of the claims by each of the TSMC plaintiffs.

**E.     The Court Should Not Exercise Its Discretion to Decline Jurisdiction Over This Action**

Although a court may decline to entertain a declaratory judgment action as a matter of discretion, "[t]here must be well-founded reasons" for doing so.  *Capo, Inc. v. Dioptics Med. Prods.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004).  Zond's arguments that TSMC's "anticipatory litigation" and "forum shopping" (D.I. 18 at 17-19) do not provide such a basis—because no such basis exists.

Zond argues incorrectly—in both its brief supporting its motion to transfer this action to Massachusetts (D.I. 14) and its brief supporting its motion to dismiss this action (D.I. 18)—that this declaratory action is "anticipatory litigation" and, as such, is an exception to the first-to-file rule (D.I. 14 at 12) and a reason to decline jurisdiction (D.I. 18 at 18).  However, there is no such exception in patent cases and, indeed, it would be an abuse of discretion under controlling Federal Circuit law to find such an exception and decline jurisdiction because of it.

The Federal Circuit's decision in *Electronics for Imaging, Inc. v. Coyle* controls here. 394 F.3d 1341 (Fed. Cir. 2005).  In *Electronics*, the Federal Circuit held that it is an "abuse[] of discretion" for a district court to depart from the first-to-file rule based exclusively, or even predominantly, on the "anticipatory nature of a suit."  *Id.* at 1348.  "[W]hether a party intended to preempt another's infringement suit" via a declaratory judgment action is "merely one factor in the analysis."  *Id.* at 1347-48.  Indeed, three years later, the Federal Circuit reaffirmed this principle in *Micron Tech. v. MOSAID Techs, Inc.* and further emphasized that a district court in a first-to-file analysis must consider the § 1404 private- and public-interest factors.  518 F.3d 897, 904 (Fed. Cir. 2008).  This is because the "real underlying dispute" in a first-to-file case involving parallel declaratory and infringement actions is over "the convenience and suitability of the forums," so "the trial court must weigh the factors used in a transfer analysis as for any

other transfer motion." *Id.* Where a district court does not weigh all these factors, and exalts "merely one factor in the analysis" above the others to decline discretionary jurisdiction, the court has committed an error of law and abused its discretion. *See Micron*, 518 F.3d at 905 (reversing district court's decision not to exercise declaratory judgment jurisdiction).

It is unsurprising that the Federal Circuit has rejected a departure from the first-to-file rule—and a district court's declining declaratory jurisdiction—based on "anticipatory filing" in patent cases: an "anticipatory filing" exception would swallow whole the first-to-file rule because actions brought under the Declaratory Judgment Act by definition anticipate the patent holder's infringement claims. Indeed, as recognized by the Federal Circuit, one of Congress' core purposes in enacting the statute was to eliminate scenarios where recipients of infringement threats—like TSMC here—"were rendered helpless and immobile so long as the patent owner refused to grasp the nettle and sue." *Electronics*, 394 F.3d at 1346 (quoting *Arrowhead*, 846 F.2d at 735); *see also Micron*, 518 F.3d at 903-04 ("'The purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights.'") (quoting *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987)).

Additionally, when courts have given weight to the anticipatory filing factor in patent cases, it is typically because the accused infringer engaged in some kind of affirmatively misleading or bad-faith conduct toward the patentee. In Zond's cited *Woodbolt* case, for instance, the parties were engaged in apparently meaningful settlement discussions—in fact, a third settlement conference was set for the very day that the accused infringer quietly filed its declaratory judgment complaint. *See Woodbolt Distribution, LLC v. Natural Alternatives Int'l, Inc.*, Civ. No. 11-cv-1266, 2013 U.S. Dist. LEXIS 8751, at *14-15 (D. Del. Jan. 23, 2013).

Similarly, in Zond's cited *Innovative Therapies* case, the declaratory plaintiff's conduct was even more unseemly.  There, the declaratory plaintiff actively worked to elicit infringement threats from the patentee so that it could file its action by "initiating telephone conversations to employees of the patentee who were not in decision-making positions and who were not informed of the real purpose behind the conversations."  *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, Civ. No. 07-589-SLR/LPS, 2008 WL 4809104, at *2 (D. Del. Nov. 5, 2008).

There is no equivalent conduct here.  Because of Zond's unreasonably excessive demands, TSMC has never engaged in any meaningful settlement negotiations with Zond on the Group One Patents at issue in the 13-cv-11634 Action in Massachusetts.[9]  Similarly, with respect to the Group Two patents, TSMC opted, as was its right, to file suit when faced with an unreasonable and implausible demand for response within, at most, one and a half business days.  More importantly, TSMC has never suggested, in words or in conduct, that Zond should postpone any suit so that the parties can work things out without litigation.  Zond's June 5 letter was sent unilaterally and unsolicited.  TSMC's only response was to file the present complaint.  Further, Zond's threat of further litigation on patents never before brought to TSMC's attention, and apparently not worthy of asserting in Zond's first offensive case against TSMC, reeked of a tactical threat.  Zond apparently thought the mere threat of more litigation would cause TSMC to

---

[9]    On December 6, 2013, in connection with the 13-cv-11634 Action, Zond sent a letter under Fed. R. Evid. 408 proposing some general terms for settlement and giving December 31, 2013 as the deadline for acceptance.  On December 23, TSMC, in a short letter response, rejected the proposal and told Zond that TSMC believed the proposed terms were so excessive as to indicate a lack of good faith.  Zond never responded.

On June 5, 2014, Zond sent the threat letter that prompted this declaratory judgment action over the Group Two Patents.  After this action was on file, on June 9, TSMC sent Zond a letter response, indicating that this suit had been initiated and stating that if Zond were serious about a negotiated resolution, it should make a formal, written, good-faith settlement proposal.  To date, Zond has not provided any further proposal.

run to the settlement table.  Zond was wrong; TSMC will not be bullied into settlement.  Having no obligation to engage with Zond or to operate on its preferred timetable, TSMC investigated the additional Group Two Patents, confirmed they were far removed from anything TSMC does, and simply exercised the rights afforded to it under the Declaratory Judgment Act.  That is not bad faith, but the legitimate exercise of TSMC's rights to protect itself under the law.

Nor was TSMC "forum shopping" when it filed suit here.  As discussed more fully in TSMC's briefing supporting its motion to enjoin Zond from maintaining the 14-cv-12438 Action in Massachusetts (D.I. 7), the balance of the applicable § 1404 private- and public- interest factors favors maintaining this declaratory judgment action.  Briefly, those factors include (1) the TSMC plaintiffs filed here first; (2) defendant Zond is incorporated in Delaware (a factor entitled to "substantial weight," *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 756 (D. Del. 2012)); (3) plaintiff TSMC Technology, Inc. is incorporated in Delaware; and (4) this District is one of the most experienced patent courts in the country.  In arguing to the contrary, Zond (A) ignores that Zond itself is incorporated in Delaware, and (B) overstates the importance of the location of Zond's "witnesses and documents" (D.I. 18 at 19), without identifying such witnesses and documents, explaining the importance or relevance of such witnesses and documents to the parties' dispute, or showing that such witnesses and documents could not be brought to Delaware.

For these reasons, the Court should not decline jurisdiction over this declaratory judgment action.

## IV.  CONCLUSION

For all of the reasons stated above, TSMC respectfully requests that Zond's motion to dismiss the complaint (D.I. 18) be denied.

20

Dated:   July 25, 2014

**DUANE MORRIS LLP**


*/s/ Richard L. Renck*
Richard L. Renck (#3893)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Phone:  302-657-4900
Fax:  302 657 4901
Email: rlrenck@duanemorris.com

OF COUNSEL:

L. Norwood Jameson
David Dotson
**DUANE MORRIS LLP**
1180 W. Peachtree St., Suite 700
Atlanta, GA 30309
Phone: (404) 253-6900
Fax:     (404) 253-6901
Email: wjameson@duanemorris.com
Email: dcdotson@duanemorris.com

*Attorneys for Plaintiffs TSMC Technology,*
*Inc., Taiwan Semiconductor Manufacturing*
*Company, Limited and TSMC North America*
*Corp.*

Anthony J. Fitzpatrick
Patricia R. Rich
**DUANE MORRIS LLP**
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone (857) 488-4200
Facsimile: (857) 401-3018
Email: ajfitzpatrick@duanemorris.com
Email: prrich@duanemorris.com

Richard C Kim
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: (619) 744-2200
Facsimile: (619) 744-2201
Email: rckim@duanemorris.com


R. Terry Parker
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 1036-4086
Telephone: (212) 692 1000
Facsimile: (212) 692 1020
Email: tparker@duanemorris.com

Aleksander J. Goranin
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:  1 215 979 1000
Facsimile:  1 215 754 4683
Email:  agoranin@duanemorris.com