# EXHIBIT A

```
 1                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
 2
                                          Civil Action
 3                                        No. 13-11634-WGY

 4

    * * * * * * * * * * * * * * * * * *
 5                                     *
    ZOND, INC.,                        *
 6                                     *
              Plaintiff,               *
 7                                     *
    v.                                 *    MOTION HEARING
 8                                     *
    FUJITSU LIMITED, FUJITSU           *
 9  SEMICONDUCTOR LIMITED, FUJITSU     *
    SEMICONDUCTOR AMERICA INC.,        *
10  TAIWAN SEMICONDUCTOR               *
    MANUFACTURING COMPANY LIMITED,     *
11  TSMC NORTH AMERICA CORP., TSMC     *
    DEVELOPMENT, INC., and WAFERTECH,  *
12  LLC,                               *
                                       *
13            Defendants.              *
                                       *
14  * * * * * * * * * * * * * * * * *

15              BEFORE:  The Honorable William G. Young,
                               District Judge
16

17  APPEARANCES:

18            BIRNBAUM & GODKIN, LLP (By David S. Godkin,
       Esq.), 280 Summer Street, Boston, Massachusetts
19     02210
              - and -
20            RADULESCU LLP (By David C. Radulescu, Esq.,
       Tigran Vardanian, Esq. and Daniel Kesack, Esq.),
21     136 Madison Avenue, 6th Floor, New York, New York
       10016, on behalf of the Plaintiff
22

23                                        1 Courthouse Way
                                          Boston, Massachusetts
24
                                          November 26, 2013
25
```

```
 1              A P P E A R A N C E S (Cont'd)

 2


 3          BURNS & LEVINSON LLP (By Alexandra
        Capachietti, Esq.), 125 Summer Street, Boston,
 4      Massachusetts 02110
               - and -
 5          MORRISON & FOERSTER LLP (By Kyle W.K.
        Mooney, Esq. and Jarod G. Taylor, Esq.), 1290
 6      Avenue of the Americas, New York, New York
        10104-0050, on behalf of Fujitsu Semiconductor
 7      Limited and Fujitsu Semiconductor America, Inc.

 8          DUANE & MORRIS LLP (By Anthony J.
        Fitzpatrick, Esq.), 100 High Street, Suite 2400,
 9      Boston, Massachusetts 02110-1724, on behalf of
        Taiwan Semiconductor Manufacturing Company Limited

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  **THE CLERK:** Now hearing Civil Matter 13-11634,
2  Zond, Inc. v. Fujitsu Limited, et al.
3  **THE COURT:** Would counsel identify themselves.
4  **MR. GODKIN:** Good afternoon, your Honor. David
5  Godkin representing the plaintiff, Zond. With me is David
6  Radulescu, who's been admitted pro hac vice, who will be
7  arguing the motion, Tigran Vardanian to my right, Daniel
8  Kesack at the table behind.
9  **THE COURT:** Thank you.
10  **MR. FITZPATRICK:** Good afternoon, your Honor.
11  Anthony Fitzpatrick from Duane Morris on behalf of the TSMC
12  defendants.
13  **MS. CAPACHIETTI:** Good afternoon, your Honor.
14  Alexandra Capachietti on behalf of Fujitsu Semiconductor
15  Limited and Fujitsu Semiconductor America, here with Kyle
16  Mooney and Jarod Taylor of Morrison & Foerster, who both are
17  admitted pro hac vice and they will be arguing for Fujitsu
18  today.
19  **THE COURT:** Thank you. You're all welcome.
20  Let's, let's turn to Zond a minute here. How --
21  again, we've just had an exposition, for right or wrong, for
22  how much I will bend over backwards to get beyond a motion
23  to dismiss. But how are you ever going to maintain your
24  argument of inducing infringement here, on this record.
25  I'll hear you.

1    **MR. RADULESCU:** Well, if we were turn to the Bill
2    of Lading case from the Federal Circuit that sets forth the
3    standard that we need to meet in order to plead inducing
4    infringement and we've pled --
5    **THE COURT:** Yes, but the facts are these people
6    didn't know anything about you until you sued them.
7    **MR. RADULESCU:** Well, the facts in the complaint,
8    if we look specifically at the paragraph of detailed factual
9    allegations regarding pre-suit knowledge of the
10   patent-in-suit, we have Zond, who has attended over the past
11   decade numerous industry conferences, highlighting and
12   promoting our technology through brochures and through
13   publications, and we have a pleading that says that this
14   defendant, Fujitsu, and TSMC, on information and belief have
15   attended those very same conferences, number one.  Number
16   two, we identify a specific conference, since we need at
17   least some facts for notice pleading to put them on notice
18   fairly that we're alleging a theory of inducing infringement
19   under Iqbal and Twombly and under Bill of Lading.
20   **THE COURT:** Well, let me ask you this.  Are they
21   still violating your patents from your point of view?  Now
22   that the lawsuit's commenced are they still doing it?
23   **MR. RADULESCU:** Absolutely.  It's a continuing tort
24   and they're presently --
25   **THE COURT:** Well, they're still manufacturing,

                they're still selling, they're infringing your patents you say?

                **MR. RADULESCU:** Yes.

                **THE COURT:** Now, in your complaint you say, in your prayers for relief, that you want preliminary and permanent injunctive relief. Now, be careful what you ask for. Do you really want preliminary relief?

                **MR. RADULESCU:** We have asked for it.

                **THE COURT:** What --

                **MR. RADULESCU:** And at this, at this --

                **THE COURT:** Do you want it?

                **MR. RADULESCU:** At this point in the case, we are not going to pursue it. We are four months into the case.

                **THE COURT:** Right.

                **MR. RADULESCU:** And at this point we are not going to pursue it.

                **THE COURT:** I hear you. All right. All right, I'll hear the moving party.

                One last thing to the plaintiff. Wouldn't you be safer if you were now, you don't have to abandon those allegations to which you've just adverted, but shouldn't you amend now to say, well, now they clearly have notice because we've served them with our complaint. So, now, sort of as a fallback position, you get damages from the time of the filing of the complaint anyway. Shouldn't you do that?

|   |   |
|---|---|
| 1 | **MR. RADULESCU:** We have done that, your Honor. |
| 2 | Paragraph 49 of the amended complaint pleads knowledge of |
| 3 | this, these patents -- |
| 4 | **THE COURT:** This complaint. |
| 5 | **MR. RADULESCU:** -- of this complaint -- |
| 6 | **THE COURT:** Thank you. |
| 7 | **MR. RADULESCU:** -- since filing the original. |
| 8 | **THE COURT:** Okay. Now, let me say this straight |
| 9 | out. I think this is, in terms of pleading, I think this, |
| 10 | and I mean no disrespect, this is about the weakest patent |
| 11 | case I've ever seen -- |
| 12 | **MR. FITZPATRICK:** We agree, your Honor. |
| 13 | **THE COURT:** -- pleaded. Of course you do. You |
| 14 | want to push me further. But it seems to follow the form. |
| 15 | And so, following the form, shouldn't we go forward? |
| 16 | **MR. FITZPATRICK:** I would submit no, your Honor -- |
| 17 | **THE COURT:** I'll hear you. |
| 18 | **MR. FITZPATRICK:** -- for the following reasons. |
| 19 | The form was adopted in 1938. It addresses direct patent |
| 20 | infringement under 271(a). 35 U.S.C. 271(a). It does not |
| 21 | address and it is accepted, the plaintiffs accept, I |
| 22 | believe, that it does not address inducement of infringement |
| 23 | under 271(b), nor, we contend, does it address infringement |
| 24 | under 271(g) which addresses the importation, use or sale in |
| 25 | the United States of a product made outside the United |