# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TSMC TECHNOLOGY, INC., *et al.*, | |
| Plaintiffs, | |
| v. | C.A. No. 14-721-LPS |
| ZOND, LLC, | |
| Defendant. | |

**ZOND, LLC'S REPLY BRIEF IN SUPPORT OF ZOND LLC'S MOTION TO TRANSFER VENUE OF THIS ACTION TO THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. §1404(a)**

August 4, 2014

OF COUNSEL:

RADULESCU LLP

David C. Radulescu
Tigran Vardanian
Robin M. Davis
136 Madison Avenue
6th Floor
New York, NY 10016
(646) 502-5950
david@radulescullp.com
tigran@radulescullp.com
robin@radulecullp.com

BAYARD, P.A.

Richard D. Kirk (No. 0922)
Stephen B. Brauerman (No. 4952)
Vanessa R. Tiradentes (No. 5398)
Sara E. Bussiere (No. 5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Defendant Zond, LLC*

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. TSMC's Anticipatory Filing And Forum Shopping Are Relevant To The §1404(a) Transfer Analysis And Weigh In Favor Of Transfer ............................... 2

        1. TSMC Inaccurately Portrays The First-To-File Rule As Rigid Under Federal Circuit Law ............................................................................... 2

        2. TSMC's Conduct In Filing This Action Amounts To Forum Shopping Sufficient To Meet The Anticipatory Filing Exception To The First-To-File Rule ........................................................................................... 4

    B. The § 1404(a) Factors Favor Transfer To Massachusetts .......................................... 5

        1. Zond's Incorporation In This District Is Not Dispositive Of The Transfer Inquiry .................................................................................... 5

        2. Delaware Is Not TSMC's "Home Forum" ....................................................... 6

        3. Transfer To Massachusetts Would Serve Judicial Economy ........................... 9

III. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allan J. Ross & Save Assocs. v. Institutional Longevity Assets LLC*,
   No. 12-102-LPS-CJB, 2013 WL 5299171 (D. Del. Sept. 20, 2013) ............................................. 11

*In re Citigroup Inc. S'holder Derivative Litig.*,
   964 A.2d 106 (Del. Ch. 2009) ...................................................................................................... 4

*Dura Pharms., Inc. v. Scandipharm, Inc.*,
   713 A.2d 925 (Del. Ch. 1998) ...................................................................................................... 4

*Electronics for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005). (Comb. Br. .) .................................................................... 2, 3, 4

*Fuisz Pharma. LLC v. Theranos, Inc.*,
   11-cv-1061, 2013 WL 1820642 (D. Del. May 18, 2010) ........................................................... 11

*Gould Electronics Inc. v. United States*,
   220 F.3d 169 (3d Cir. 2000) ......................................................................................................... 9

*In re Link_A _Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011) ............................................................................................*passim*

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ................................................................................................................. 1, 7

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
   518 F.3d 897 (Fed. Cir. 2008) ...................................................................................................... 2

*Optical Recording Corp. v. Capitol-EMI Music, Inc.*,
   803 F. Supp. 971 (D. Del. 1992) ................................................................................................ 11

*Serco Svcs. Co., L.P. v. Kelley Co., Inc.*,
   51 F.3d 1037 (Fed. Cir. 1995) .................................................................................................. 3, 4

*Woodbolt Distr. LLC v. Natural Alternatives Int'l, Inc.*,
   C.A. No. 11-1266 GMS, 2013 WL 247041 (D. Del. Jan. 23, 2013) ............................................ 2

*Zond LLC v. Fujitsu Semiconductor Ltd., et al.*,
   D. Mass. Case No. 1:14-cv-12438-WGY ................................................................................. 10

*Zond v. Fujitsu Semiconductor Ltd., et al.*,
   D. Mass. Case No. 1:13-cv-11634-WGY .............................................................................. 8, 10

**Statutes**

28 U.S.C. §1404(a) .................................................................................................................*passim*

35 U.S.C. § 271(g) ............................................................................................................................8

**Other Authorities**

Fed. R. Evid. 408 ...............................................................................................................................5

## I. INTRODUCTION

TSMC cannot overcome Zond's clear showing that the public and private interest factors relevant to a transfer inquiry under 28 U.S.C. §1404(a) weigh in favor of transferring this case to the District of Massachusetts. In TSMC's Combined Brief in Opposition to Zond's Motion to Transfer and in Support of TSMC's Motion to Enjoin (D.I. 21) (hereafter "Combined Brief" or "Comb. Br."), TSMC argues against Zond's Motion to Transfer to the District of Massachusetts (D.I. 13) by (1) suggesting its own evident forum shopping and anticipatory filing does not have any effect on the §1404(a) transfer analysis; (2) encouraging the Court to disregard the location of relevant witnesses and sources of evidence; (3) portraying TSMC Tech as a proper declaratory judgment plaintiff despite its inability to meet the jurisdictional standard set forth in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007); and, (4) minimizing the efforts expended by Judge Young in connection with resolving numerous motions in the 2013 Action and the judicial efficiencies to be gained by consolidating this case with the 2014 Massachusetts Action.

As explained in Zond's Combined Brief in Support of its Motion to Transfer to the District of Massachusetts and in Opposition to TSMC's Motion to Enjoin (D.I. 14) ("Zond's Brief" or "Zond's Br."), TSMC filed this case on the Sunday before its response to Zond's June 5 letter was due. Rather than risk litigating its claims efficiently in Massachusetts before the knowledgeable judge who presided over the 2013 Action, TSMC forum shopped with its filing in this District and addition of TSMC Tech, a Delaware-incorporated subsidiary, to the TSMC plaintiff group. All of Zond's witnesses and evidence are in Massachusetts, along with the 2014 Massachusetts Action that is pending and progressing before Judge Young, who has experience with the patented technology, issues, and parties from his work on the 2013 Action. For all of these reasons, as detailed further below, Zond's Motion to Transfer to the District of Massachusetts (D.I. 13) should be granted.

## II. ARGUMENT

1

A.  **TSMC's Anticipatory Filing And Forum Shopping Are Relevant To The §1404(a) Transfer Analysis And Weigh In Favor Of Transfer**

1.  **TSMC Inaccurately Portrays The First-To-File Rule As Rigid Under Federal Circuit Law**

In its Combined Brief, TSMC incorrectly states that an exception to the first-to-file rule for anticipatory filings made with the aim of forum shopping does not "exist" in patent cases. (Comb. Br. at 1.) In its apparent zeal to disguise its hurried filing in this District as something other than forum shopping, TSMC disregards clear Federal Circuit case law finding that "exceptions" to the first-to-file rule "are not rare" and that a district court may properly "consider a party's intention to preempt another's infringement suit" when determining the proper forum for resolving a patent infringement dispute. *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). As further explained in *Micron*, the applicability of the first-to-file rule and any exceptions thereto is determined on a case-by-case basis and in conjunction with an evaluation of the other factors relevant to the transfer analysis required by 28 U.S.C. § 1404(a). *See id*. ("Other factors include the convenience and availability of witnesses, the absence of jurisdiction over all necessary or desirable parties, and the possibility of consolidation with related litigation."). Other authority from this District cited in Zond's Brief illustrates how the first-to-file rule functions as a guideline, rather than a strict regulation, in the §1404(a) transfer analysis. *See Woodbolt Distr. LLC v. Natural Alternatives Int'l, Inc.*, C.A. No. 11-1266 GMS, 2013 WL 247041, at *2 (D. Del. Jan. 23, 2013).

TSMC states that Zond is "wrong on the law" concerning the applicability of exceptions to the first-to-file rule in patent cases, (Comb. Br. at 1, 5-7), but TSMC's Combined Brief misstates the holding of *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341 (Fed. Cir. 2005). (Comb. Br. at 1, 6.) In *Electronics*, the Federal Circuit held that a district court abused its discretion by dismissing a declaratory judgment action *solely* on the basis that the declaratory judgment case was anticipatory. *Id*. at 1348. The facts in *Electronics* did not indicate that any of other factors properly considered under a § 1404(a) analysis weighed in favor of dismissal in that case. *Id*. ("Our

precedent [ . . .] favors the first-to-file rule *in the absence of circumstances making it unjust or inefficient to permit a first-filed action to proceed* to judgment, and, as indicated, no such circumstances have been shown here.") (emphasis added).

Here, in contrast, TSMC made an anticipatory filing motivated by forum shopping *and* many of the relevant factors in the § 1404(a) inquiry weigh in favor of transferring this case to the District of Massachusetts, as discussed in detail in Zond's Brief and in Section B below.  Indeed, the circumstances of this action are akin to those arising in *Serco Svcs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037 (Fed. Cir. 1995), where the Federal Circuit found that dismissal of a first-filed declaratory judgment complaint was appropriate because the first-filed case was both an anticipatory filing and convenience factors favored dismissal.  *Id*. at 1040.  Indeed, *Electronics* expressly distinguishes *Serco* as a case where dismissal of a first-filed declaratory judgment action was appropriate because there was evidence of *both* an anticipatory filing *and* other factors in the § 1404(a) analysis that favored the second-filed case.  *Electronics*, 294 F.3d at 1348 ("We affirmed the dismissal in *Serco Services* because the district court did not rely solely on the anticipatory nature of Serco's declaratory action.").  As TSMC admits, the other cases cited by Zond where the anticipatory filing exception to the first-to-file rule was applied concern similar facts outside the patent context.  (*See* Comb. Br. at 6-7, n.2 (collecting cases).)  TSMC apparently seeks to obscure the proper application of the first-to-file rule in conjunction with an analysis under § 1404(a) because TSMC may technically have won the race to the courthouse by filing this action on a Sunday.  With a dearth of other factors weighing in favor of maintaining venue in this District, TSMC over-emphasizes the legal relevance of filing of this patent declaratory judgment action *one day* before Zond filed the 2014 Massachusetts Action.[1]

---

[1] Zond notes that Delaware state courts consider two cases filed very close in time to be simultaneously filed.  *See, e.g., In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 116

### 2. TSMC's Conduct In Filing This Action Amounts To Forum Shopping Sufficient To Meet The Anticipatory Filing Exception To The First-To-File Rule

TSMC suggests that an "anticipatory filing" exception cannot exist because it would "swallow whole the first-to-file rule," (Comb. Br. at 7), while ignoring the clear case law specifying that an anticipatory filing *in combination with* either convenience or justice factors favoring a different forum is ample basis for dismissing or transferring a first-filed declaratory judgment action in favor of a second-filed infringement action. *See, e.g., Electronics*, 394 F.3d at 1348; *Serco*, 51 F.3d at 1040.

TSMC admits that it filed this action one day before the June 9, 2014 response deadline set forth in Zond's June 5 letter. TSMC further admits that it did not inform Zond that this action was filed until June 9, 2014—*after* TSMC's filing was complete. (Comb. Br. at 9, n. 4.) The Federal Circuit determined that similar behavior by the declaratory judgment plaintiff in *Serco* amounted to an anticipatory filing. *See Serco,* 51 F.3d at 1038. TSMC attempts factually to distinguish Zond's citations to *Woodbolt* and *Innovative Therapies* to suggest that the anticipatory filings in those cases were based upon more egregious behavior, but its efforts fail. Indeed, the facts of this case show that TSMC added a Delaware-incorporated subsidiary (TSMC Tech) that was not and is not involved in litigation between the parties to its plaintiff group and filed the instant action in this District on the Sunday before it was due to respond to Zond's June 5 letter.[2] Adding TSMC Tech as a plaintiff and filing before Zond's stated deadline indicate that TSMC was motivated to file this case outside of Massachusetts and intended for the presence of TSMC Tech in its pleadings to

---

(Del. Ch. 2009)("When actions are filed within the same general timeframe, the Court considers the actions simultaneously filed so as to avoid a race to the courthouse."); *Dura Pharms., Inc. v. Scandipharm, Inc.*, 713 A.2d 925, 929 (Del. Ch. 1998) (holding that actions filed three (3) days apart did not give one case first filed rights).

[2] TSMC complains that the response deadline set forth in Zond's June 5 letter was unreasonably short. (Comb. Br. at 9.) However, as evidenced by the filing of this case, TSMC was able to draft and file a complaint in this District before Zond expected to receive a response from TSMC.

4

increase the likelihood that this case would "stick" in Delaware, despite the lack of declaratory judgment jurisdiction for TSMC Tech. Such behavior is indicative of forum shopping and an anticipatory filing—it even shows that TSMC anticipated that Zond would file the instant Motion to Transfer this case to Massachusetts.[3,4]

## B. The § 1404(a) Factors Favor Transfer To Massachusetts
### 1. Zond's Incorporation In This District Is Not Dispositive Of The Transfer Inquiry

As TSMC admits, Zond's incorporation in Delaware is not dispositive of the §1404(a) inquiry to determine the appropriate venue for this action. (Comb. Br. at 10.); *see also In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011) ("The court's heavy reliance on the fact that LAMD was incorporated in Delaware was similarly inappropriate."). The determination that a party is incorporated in this District does not justify ignoring the convenience of its witnesses or the location of books and records. *See id.* at 1224. Here, Zond is a small regional company with only two employees who both work at its principal place of business in Massachusetts and a single subsidiary, Zpulser LLC, located in and staffed completely by residents of Massachusetts. (D.I. 15 at ¶¶ 3, 6, 9-10.) All of Zond's facilities and relevant books and records that may serve as evidence in this action are located in Massachusetts. (D.I. 15 at ¶¶3, 7-8, 11-12.) Despite TSMC's protestations to the contrary, "[w]hile advances in technology may alter the weight given to these factors, it is improper to ignore them entirely." *In re Link_A_Media Devices Corp.*, 662 F.3d at 1224.

---

[3] TSMC suggests the patents asserted in this action and the 2014 Massachusetts Action are somehow weaker than Zond's patents that were asserted in the 2013 Action. (Comb. Br. at 9.) This unsupported attorney argument is both speculative and irrelevant to the underlying motions.

[4] Footnote 4 of TSMC's Combined Brief presents a partial summary of the parties' settlement discussions in a misleading manner. (Comb. Br. at 9, n.4.) Such borderline violations of Fed. R. Evid. 408 are inappropriate and not probative of the issues presented in either TSMC's Motion to Enjoin or Zond's Motion to Transfer. For clarity, however, Zond submits that the parties did indeed commence settlement discussions, which stalled when TSMC filed its present motion.

Additionally, at least one relevant third party witness, Dr. Kurt Rauschenbach, Esq., the prosecuting attorney of the asserted patents, is outside the subpoena power of this Court. While TSMC now apparently doubts his relevance to this action, it had no such doubts a few months ago, when it subpoenaed to Dr. Rauschenbach in the 2013 Action. None of the TSMC plaintiffs have their principal places of business in Delaware, and neither TSMC Ltd. nor TSMC NA is incorporated in Delaware—thus, it is unlikely that relevant witnesses and evidence from TSMC would be more available in Delaware than in Massachusetts.[5] On balance, the private interest factors weigh in favor of transferring this case to the District of Massachusetts.

### 2. Delaware Is Not TSMC's "Home Forum"

TSMC added TSMC Tech as plaintiff in this case because TSMC wished to call Delaware its "home forum" and obtain added deference for its decision to sue in the District of Delaware. However, as explained more fully in Zond's Motion to Dismiss (D.I. 17 & 18) and addressed in Zond's Reply in Support of its Motion to Dismiss (filed concurrently herewith), TSMC Tech is not a proper plaintiff in this action. As an initial matter, TSMC's Combined Brief incorrectly suggests that the "reasonable apprehension of suit" test is applicable to determine whether declaratory judgment jurisdiction exists. (Comb. Br. at 11-12 (citing *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988).) The Supreme Court rejected the "reasonable apprehension of suit" test and set forth the proper standard for determining declaratory judgment jurisdiction in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). Under the "all the circumstances" test set forth in *MedImmune*, declaratory judgment jurisdiction exists where "the facts alleged under all the circumstances show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See id*. at 771.

---

[5] TSMC Tech is not a proper plaintiff in this action, as explained in Section B.2. below, and Zond's Motion to Dismiss. (D.I. 17 & 18.)

As explained further in Zond's Reply in Support of its Motion to Dismiss, the facts in this case indicate that there was no substantial controversy existing between Zond and TSMC Tech prior to the filing of the complaint in this action and, critically, TSMC's pleading does not set forth facts sufficient to establish the existence of such a controversy. TSMC is correct that the 2013 Action included allegations of infringement against TSMC's 28 and 20 nm semiconductor products. (Comb. Br. at 12.) However, Zond's June 5 letter advising TSMC of Zond's intention to file another infringement litigation in Massachusetts was addressed only to TSMC Ltd. and TSMC NA. (*See* D.I. 16-2 (June 5 letter).) Zond intentionally addressed its June 5 letter to only TSMC Ltd. and TSMC NA because it understood from TSMC's counsel in the 2013 Action that only these two TSMC entities were implicated by Zond's infringement claims concerning TSMC's 28 and 20 nm semiconductor manufacturing processes and products. (*See* Ex.[6] 1.) Thus, Zond had no reason to believe that TSMC Tech could have any role in TSMC's infringing activity when this suit was filed.

Moreover, contrary to TSMC's insinuations, Zond has never indiscriminately sued TSMC-related entities—it initially included two additional TSMC entities in its 2013 Action complaint, based on the belief that they were involved in TSMC's infringing activity. However, once TSMC's counsel represented to Zond that these entities were not involved in the manufacturing, importation, sale and use of the accused products, the parties stipulated to dismiss them from the 2013 Action. (*Zond v. Fujitsu Semiconductor Ltd., et al.,* D. Mass. Case No. 1:13-cv-11634-WGY ("2013 Action") at D.I. 47.) Zond did not sue any other TSMC entity, and indeed, Zond's assertions of infringement have been limited to TSMC Ltd. and TSMC NA.

Additionally, although TSMC has submitted a declaration from Richard Thurston ("Thurston Declaration") suggesting that TSMC Tech "is involved in research, development, and

---

[6] References to "Ex." refer exhibits to the Declaration of Robin M. Davis in Support of Zond's Reply Brief in Support of its Motion to Transfer Venue of this Action to the District of Massachusetts Pursuant to 28 U.S.C. § 1404(a).

designing integrated circuits, including the design aspects of 28 nanometer and smaller products" in support of its Motion to Enjoin (D.I. 7 & 8), the facts set forth therein are insufficient to establish any real controversy between Zond and TSMC Tech. Zond's direct patent infringement claims arise under 35 U.S.C. § 271(g), which concerns products manufactured abroad according to a patented process and later imported, sold, or used in the United States. Zond's indirect patent infringement claims are directed to TSMC's inducement of its customers, such as OEMs (original equipment manufacturers) and ODMs (original design manufacturers), to infringe Zond's patents. None of the facts in the Thurston Declaration indicate that TSMC Tech has any role in the foreign manufacture of TSMC's semiconductor products, or the sale and the importation of TSMC's semiconductor products into the United States, or that TSMC Tech functions as either a customer, OEM, or ODM to TSMC.

More importantly, TSMC's Complaint fails to establish declaratory judgment jurisdiction for TSMC Tech on its face and, under Zond's facial challenge to TSMC Tech's jurisdiction in its Motion to Dismiss (D.I. 18), facts outside the pleadings are irrelevant. *See Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff") (internal quotations omitted). Thus, the Thurston Declaration and all other facts outside the Complaint are extraneous to the inquiry into declaratory judgment jurisdiction for TSMC Tech.

TSMC has not pled any controversy sufficient to give rise to declaratory judgment jurisdiction between Zond and TSMC Tech—nor do such facts exist outside TSMC's Complaint in the record for TSMC's Motion to Enjoin. (*See* Zond's Motion to Dismiss (D.I. 18) at 14-16; Zond's Reply ISO Motion to Dismiss; TSMC's Motion to Enjoin (D.I. 7 & 8).) The only proper plaintiffs in this case are TSMC Ltd. and TSMC NA—both incorporated outside of Delaware and with

principal places of business outside of Delaware. Consequently, TSMC's decision to file suit in Delaware should receive no "home turf" deference in the §1404(a) transfer inquiry. *See, e.g., In re Link_A_Media Devices Corp.*, 662 F.3d at 1223.

### 3. Transfer To Massachusetts Would Serve Judicial Economy

TSMC's Combined Brief protests that there would be no meaningful judicial economies achieved if this case were transferred to the District of Massachusetts. (Comb. Br. at 16-19.) However, TSMC does not contest that, after being transferred to Massachusetts, this case would be assigned to Judge Young. Nor does TSMC dispute that Judge Young resolved numerous motions in the 2013 Action—TSMC instead takes the position that any familiarity with Zond's patented technology, TSMC's accused products, the parties, and other issues likely to be relevant both in this action and the 2014 Massachusetts Action gained by Judge Young are insufficient to justify transfer to this case to Massachusetts. (Comb. Br. at 16-19.) However, a judge need not hold *Markman* hearing or issue a *Markman* order to gain familiarity with a case. Indeed, TSMC admits that Zond's motion to compel inspection of TSMC's manufacturing facilities required the Massachusetts court to consider detailed briefing concerning the accused manufacturing processes and the facts Zond required to prove its infringement case. (Comb. Br. at 11.) In an attempt to mitigate this necessary admission, TSMC suggests that Judge Young expended minimal effort. (*Id.*) However, TSMC's second-guessing Judge Young's diligence[7] is both baseless and offensive to the judicial office.

Ultimately, TSMC tries and fails to minimize the connection between Judge Young in the District of Massachusetts and the technology and issues indisputably implicated by this case and identically-implicated by the 2014 Massachusetts Action presently pending before Judge Young. The Massachusetts court has presided over two hearings and ruled on at least eight substantive

---

[7] TSMC similarly suggests that Judge Young expended few resources to resolve other motions before him in the 2013 Action, including TSMC's Motion to Dismiss (Comb. Br. at 17, n.10) and TSMC's Motion to Stay (*Id.* at 17.)

motions in the 2013 Action. While the 2013 Action is stayed at present, it was clearly not in its "infancy" when the stay was ordered in June 2014—it was six months away from trial. (*See Zond LLC v. Fujitsu Semiconductor Ltd., et al.*, D. Mass. Case No. 1:13-cv-11634-WGY at D.I. 54, 126, & 129.)

Rather than duplicate any efforts already expended by the Massachusetts court in either the 2013 Action or 2014 Massachusetts Action[8], Zond respectfully submits that substantial judicial economies can be achieved through transfer of this action to the District of Massachusetts. *See, e.g.*, *Allan J. Ross & Save Assocs. v. Institutional Longevity Assets LLC*, No. 12-102-LPS-CJB, 2013 WL 5299171, at *13 (D. Del. Sept. 20, 2013); *Fuisz Pharma. LLC v. Theranos, Inc.*, 11-cv-1061 (SLR-CJB), 2013 WL 1820642, at *17 (D. Del. May 18, 2010); *Optical Recording Corp. v. Capitol-EMI Music, Inc.*, 803 F. Supp. 971, 973-74 (D. Del. 1992). Indeed, while this District has significant experience resolving patent disputes, such experience is not a factor in the §1404(a) analysis, *In re Link_A_Media*, 662 F.3d at 1224, and does not outweigh the substantial efficiencies to be achieved by transferring this case to Massachusetts. Once transferred to Massachusetts, this action can be consolidated with the 2014 Massachusetts Action before Judge Young, who has gained experience with the parties, patented technology, and related disputes by presiding over the 2013 Action.

### III.  CONCLUSION

For the foregoing reasons, Zond respectfully requests that the Court grant Zond's motion to transfer this case to the District of Massachusetts.

---

[8] There are two motions currently pending before Judge Young in the 2014 Massachusetts Action, scheduled for a September 19 hearing. One of these motions is TSMC's motion to dismiss based on allegations of ineffective service. (*Zond LLC v. Fujitsu Semiconductor Ltd., et al.*, D. Mass. Case No. 1:14-cv-12438-WGY at D.I. 20.) While irrelevant to TSMC's or Zond's motions here, TSMC raises it in its brief. TSMC fails to mention that, that after reading Zond's opposition to its motion in the 2014 Massachusetts Action, it realized that its motion was legally baseless and TSMC has been trying to negotiate a withdrawal of its ill-founded motion. (*See* Exs. 2 & 3)

August 4, 2014

OF COUNSEL:

RADULESCU LLP

David C. Radulescu
Tigran Vardanian
Robin M. Davis
136 Madison Avenue
6th Floor
New York, NY 10016
(646) 502-5950
david@radulescullp.com
tigran@radulescullp.com
robin@radulecullp.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (No. 0922)
Stephen B. Brauerman (No. 4952)
Vanessa R. Tiradentes (No. 5398)
Sara E. Bussiere (No. 5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Defendant Zond, LLC*

11