# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TSMC TECHNOLOGY, INC., *et al.*, | |
| Plaintiffs, | |
| v. | C.A. No. 14-721-LPS |
| ZOND, LLC, | |
| Defendant. | |

# DEFENDANT ZOND, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

August 4, 2014

OF COUNSEL:

RADULESCU LLP

David C. Radulescu
Tigran Vardanian
Robin M. Davis
136 Madison Avenue
6th Floor
New York, NY 10016
(646) 502-5950
david@radulescullp.com
tigran@radulescullp.com
robin@radulecullp.com

BAYARD, P.A.

Richard D. Kirk (No. 0922)
Stephen B. Brauerman (No. 4952)
Vanessa R. Tiradentes (No. 5398)
Sara E. Bussiere (No. 5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Defendant Zond, LLC*

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................**Error! Bookmark not defined.**

II. ARGUMENT ................................................................................................................3

    A. TSMC Fails To Identify Any Allegations In Its Pleadings Sufficient To State A Claim For Direct Infringement Under Fed. R. Civ. P. 12(b)(6) ..........................3

    B. TSMC Fails To Meet The Pleading Standards To State A Claim For Indirect Infringement Under Fed. R. Civ. P. 12(b)(6) ................................................................4

    C. No Subject Matter Jurisdiction Exists For TSMC Tech .............................................6

    D. TSMC's Group Pleading Is Defective ........................................................................8

    E. The Court Should Decline Declaratory Judgment Jurisdiction Because TSMC Intentionally Preempted Zond's Suit To Avoid A More Suitable Venue ..........................................................................................................................9

III. CONCLUSION................................................................**Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................1, 4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................1, 4, 5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)..........................................................................................4

*Edmunds Holding Co. v. Autobytel Inc.*,
    598 F. Supp. 2d 606 (D. Del. 2009)...................................................................................7

*Elan Pharma Int'l. Ltd. v. Lupin Ltd.*,
    2010 WL 1372316 (D.N.J. Mar. 31, 2010).........................................................................5

*Electronics for Imaging, Inc. v. Coyle*,
    394 F.3d 1341 (Fed. Cir. 2005)..........................................................................................9

*Gould Electronics Inc. v. United States*,
    220 F.3d 169 (3d Cir. 2000)............................................................................................7, 9

*MedImmune v. Genentech, Inc.*,
    549 U.S. 118 (2007)................................................................................................2, 6, 10

*Micron Tech., Inc. v. Mosaid Technologies, Inc.*,
    518 F.3d 897 (Fed. Cir. 2008)............................................................................................6

*Senju Pharm. Co., Ltd. v. Apotex, Inc.*,
    921 F. Supp. 2d 297 (D. Del. 2013)................................................................................4, 5

*Serco Servs. Co., L.P. v. Kelley Co., Inc.*,
    51 F.3d 1037 (Fed. Cir. 1995)..........................................................................................10

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
    700 F.3d 1287 (Fed. Cir. 2012)....................................................................................4, 11

**Rules/Statutes**

Fed. R. Civ. P. 12(b) ............................................................................................... *passim*

28 U.S.C. § 1404................................................................................................2, 9, 10

35 U.S.C. § 271(g)................................................................................................7

**I.     INTRODUCTION**

TSMC's Opposition to Zond's Motion to Dismiss (D.I. 22) ("Opposition" or "Opp.") confirms that its Complaint is facially inadequate. TSMC's Opposition fails to establish that the Complaint meets the relevant pleading and jurisdictional requirements at issue in Zond's Motion to Dismiss (D.I. 17) ("Zond's Motion") with regard to each of Zond's five grounds for dismissal.

1. In an effort to combat Zond's motion to dismiss TSMC's direct non-infringement claims for failure to comply with Fed. R. Civ. P. 12(b)(6) and Form 18, TSMC asks the Court to focus on (1) various statements made in the Complaint describing Zond's purported litigation strategy and (2) the June 5, 2014 Notice Letter that Zond sent to TSMC prior to TSMC's filing of this Complaint—neither of which suffices to show that TSMC has met the pleading requirements of Form 18. The materials cited by TSMC fail to identify, even in the broadest terms, any potentially non-infringing products or services. TSMC has not satisfied the pleading requirements for direct non-infringement and, consequently TSMC's direct non-infringement claims should be dismissed.

2. Similarly, TSMC is unable to redeem its indirect non-infringement claims. TSMC does not identify any pled facts supporting its claims of indirect non-infringement as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) adequate to support a ***plausible inference*** that TSMC is entitled to a judgment of indirect non-infringement. TSMC suggests that boilerplate language, such as "directly, contributorily, or by inducement," is sufficient to inform Zond of the actual products and conduct that TSMC contends are not infringing—it is not.

3. TSMC does not identify sufficient facts ***in its pleadings*** to survive Zond's facial challenge to declaratory judgment jurisdiction for one of the plaintiffs, TSMC Technology, Inc. ("TSMC Tech"). TSMC improperly added TSMC Tech as a plaintiff in an attempt to secure this

1

District as its "home turf" and to avoid transfer to a more convenient, judicially efficient venue in Massachusetts. The only fact alleged in TSMC's Complaint pertaining to TSMC Tech is that TSMC Tech is a Delaware corporation. This bare statement is insufficient to "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). As a result, TSMC Tech lacks standing to sue for declaratory judgment under Fed. R. Civ. P. 12(b)(1), and its claims must be dismissed.

4. Due to the improper inclusion of TSMC Tech in the "TSMC" group referenced throughout its Complaint, the entirety of TSMC's Complaint should be dismissed. Where, as here, a plaintiff uses group pleading when there is non-uniform, legally different conduct undertaken by the different parties in the group, the pleading requirements of Fed. R. Civ. P. 12(b)(6) are not satisfied and the Complaint should be dismissed. TSMC does not dispute this reading of the law—it merely resorts to arguing facts not pled in the Complaint to justify the inclusion of TSMC Tech as a plaintiff.

5. Finally, TSMC filed this case in Delaware in anticipation of Zond's subsequently filed 14-cv-12438 Action in Massachusetts (the "2014 Massachusetts Action"). This case, as discussed in detail in Zond's concurrently filed Reply in Support of its Motion to Transfer to the District of Massachusetts, is not best suited for efficient, convenient resolution in this District according to the balancing of factors required by 28 U.S.C. §1404(a). As an alternative to granting Zond's Motion to Transfer (D.I. 13), the Court could exercise its discretion under the Declaratory Judgment Act and dismiss the Complaint. Indeed, TSMC overemphasizes the importance of being the "first-filed" action and harps on the connection of the improperly named plaintiff TSMC Tech to Delaware in an effort to discourage the Court from exercising its

discretion. Zond's connections to Massachusetts, the history of prior patent litigation concerning the same technology between the parties in Massachusetts, and the pendency of a related case in Massachusetts that has already been assigned to the judge who presided over the parties' earlier patent litigation—in addition to TSMC's obvious forum shopping—warrant an exercise of this Court's discretion and dismissal of this Action.

For all of these reasons, the Court should grant Zond's motion to dismiss.

## II. ARGUMENT

### A. TSMC Fails To Identify Any Allegations In Its Pleadings Sufficient To State A Claim For Direct Infringement Under Fed. R. Civ. P. 12(b)(6)

TSMC argues that it has identified the products that are the subject of its direct non-infringement claims in satisfaction of Form 18.[1] (Opp. at 5.) But it has not. Instead of identifying which of its products are at issue in this case, as required by Form 18, TSMC points to only (1) an assertion that Zond sues "end users of magnetron sputter equipment," (*see* D.I. 1 at 2), and (2) Zond's letter to TSMC, appended as an exhibit to the Complaint, indicating that Zond would file suit involving *the same accused TSMC products and processes* accused in the 2013 Action, (*see* D.I. 1-7 at 1). (Opp. at 5-6.) The former allegation is entirely silent regarding the actual products implicated in the case, or how the use of the magnetron sputtering equipment outside of the United States constitutes identification of implicated products. As to the reference to "the same accused TSMC products and processes" in Zond's letter to TSMC Ltd. and TSMC NA, (a reference that does not appear anywhere in the Complaint), it also cannot satisfy the Form 18 standard. As an initial matter, Zond's letter is a reflection of Zond's beliefs, not TSMC's –

---

[1] TSMC characterizes its Complaint as having "more factual detail than Zond's complaint in the 13-cv-11634 Action." In addition to lacking relevance to the present dispute, a study of the two complaints would show that Zond's complaint in the related 13-cv-11634 Action includes two pages describing TSMC Ltd. and TSMC NA's infringing behavior. (*See* 13-cv-11634 Action, D.I. 22, ¶¶ 38-49.) TSMC's Complaint fails to identify a single allegedly non-infringing product.

nothing in TSMC's Complaint suggests that TSMC adopts the allegations in Zond's letter or that TSMC is seeking a declaratory judgment with respect to the same products accused in the 2013 Action.  *See Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 303 (D. Del. 2013). Thus, TSMC cannot rely on Zond's letter to satisfy its pleading obligations under Form 18. Additionally, a blanket reference to "the same accused TSMC products and processes" does not satisfy the Form 18 pleading standard which requires that the "complaint in question contain[] sufficient factual allegations." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).  Indeed, TSMC's argument that the parties' knowledge and the public's ability to access public court records would illuminate which products are at issue in the case (Opp. at. 6) is essentially an admission that this information cannot be ascertained on the face of the pleading.

With no identification of the products at issue in TSMC's Complaint, TSMC has failed to state a claim for direct non-infringement.  TSMC rushed to the courthouse to file this anticipatory action and, in the process, submitted a facially insufficient complaint that plainly does not meet the Form 18 pleading requirements.  Therefore, Counts I-VI of TSMC's Complaint (D.I. 1) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B. TSMC Fails To Meet The Pleading Standards To State A Claim For Indirect Infringement Under Fed. R. Civ. P. 12(b)(6)

As explained in Zond's Brief (D.I. 18), a claim for indirect infringement must comply with the pleading requirements announced in *Twombly* and *Iqbal*, rather than Form 18.  *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012). TSMC's insufficient indirect non-infringement pleadings only allege that "TSMC has not infringed and does not infringe – directly, contributorily, or by inducement – any claim of the '651 Patent." (D.I. 1 at ¶ 16; *see also* D.I. 1 at ¶¶ 20, 24, 28, 32, 36.)  Such boilerplate language

is merely conclusory, and as such, does not satisfy the *Iqbal* and *Twombly* pleading standards.

In its Opposition, TSMC assumes that the reader of its indirect non-infringement claims has extensive knowledge of facts that are not pled—clearly illustrating the inadequate nature of TSMC's pleading. According to TSMC, "Zond knows … exactly which TSMC conduct and products are at issue" because "Zond's own words in [its June 5] letter … expressly identify the patents-in-suit and charge TSMC with infringement based on 'the same accused TSMC products and processes' at issue in the 13-cv-11634 Action." (D.I. 22 at 9-10.) The words of Zond's complaint in the 2013 Action and whatever "Zond knows" about TSMC's activities are not stated in TSMC's Complaint. Relying on Zond's purported knowledge absent an allegation of facts sufficient to support a plausible inference that TSMC is entitled to a judgment of indirect non-infringement, does not satisfy the pleading standards under *Twombly* and *Iqbal*.

Moreover, TSMC's reliance on *Elan Pharma Int'l. Ltd. v. Lupin Ltd.*, Case No. 09-cv-1008, 2010 WL 1372316, at *6 (D.N.J. Mar. 31, 2010) is misplaced. Distinguishing *Elan*, this court has recently affirmed that the heightened pleading standards set forth in *Twombly* and *Iqbal* apply to indirect infringement. *See Senju*, 921 F. Supp. 2d at 302-03. In any event, the district court in *Elan Pharma* denied Elan's motion to dismiss Lupin's counterclaims for indirect non-infringement of Elan's patents as being insufficiently pled under Fed. R. Civ. P. 12(b)(6). *Elan Pharma*, 2010 WL 1372316, at *6. However, Lupin's counterclaims ***alleged more facts*** than TSMC did in its Complaint—the counterclaims plead by Lupin ***specified a particular product***, fenofibrate tablets, alleged not to infringe Elan's patents. *Id.* at *1. In contrast, TSMC does not identify ***any*** potentially infringing products in its Complaint. Instead it relies on Zond's purported knowledge of the TSMC conduct and products that infringe Zond's patents. (D.I. 22 at 10.)

Because TSMC does not plead a single fact supporting its indirect non-infringement allegations, much less sufficient facts to support its claim, Counts I-VI of TSMC's Complaint (D.I. 1,) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

C.  **No Subject Matter Jurisdiction Exists For TSMC Tech**

TSMC does not and cannot dispute that the Complaint lacks any allegations connecting TSMC Tech to any infringing activity. Instead, TSMC incorrectly argues that declaratory judgment jurisdiction exists for TSMC Tech because (1) TSMC Tech "was in reasonable apprehension of suit by Zond," (Opp. at 13), and (2) TSMC Tech is implicated in potential infringing activity because of its "involvement in the design of the accused circuit products— 'the 28 nanometer and smaller' products." (Opp. at 14.) Neither of TSMC's assertions in its Opposition is sufficient to rectify its failure to adequately plead that declaratory judgment jurisdiction exists for TSMC Tech.

As an initial matter, TSMC mistakenly applies the outdated reasonable-apprehension-of-suit standard for subject matter jurisdiction in a declaratory judgment action that was abrogated in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007). In *MedImmune*, the Supreme Court overruled the reasonable-apprehension-of-suit test and now requires the declaratory judgment plaintiff to establish that the "facts alleged under all the circumstances show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Micron Tech., Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008) (citing *MedImmune, Inc.*, 549 U.S. at 126-27). "In short, '*all the circumstances*' must show a controversy." *Id.* (emphasis added).

Additionally, TSMC's reliance on facts not pled in the Complaint is improper and the Court should ignore those facts. A "Rule 12(b)(1) motion may be treated as either a facial or

6

factual challenge to the court's subject matter jurisdiction. In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (quotations omitted). TSMC does not dispute that Zond's motion comprises a facial challenge to the Complaint. Therefore any evidence outside of the pleadings may not be considered on this motion to dismiss under Rule 12(b)(1).

Absent any pleading alleging that TSMC Tech engages or plans to engage in any infringing activity or that Zond intended legal action against TSMC Tech, the Court should dismiss TSMC Tech's allegations for lack of subject matter jurisdiction for TSMC Tech's declaratory judgment claims. *See Edmunds Holding Co. v. Autobytel Inc.*, 598 F. Supp. 2d 606, 610 (D. Del. 2009). TSMC has not sufficiently pled ***anything at all*** indicating that TSMC Tech is implicated in potential infringing activity. TSMC points to a Declaration of Richard Thurston in support if its assertion that "TSMC Technology is involved in the design of 28 nanometer and smaller devices." (Opp. at 13.) But none of these facts were pled within the four corners of TSMC's Complaint and, therefore, do nothing to cure its facial deficiencies. Thus, Dr. Thurston's Declaration should not be considered in the context of this motion. Additionally, TSMC has failed to point to any evidence suggesting that Zond intended to threaten TSMC Tech with legal action—indeed, Zond's notice letter was targeted specifically to the two TSMC entities that were parties to the 2013 Action, TSMC Ltd. and TSMC NA. (D.I. 16-2 at 1.)

Moreover, even though Dr. Thurston's Declaration lacks probative value on this facial challenge to the Court's jurisdiction over TSMC Tech, the facts set forth therein are insufficient to establish any real controversy between Zond and TSMC Tech. Zond's direct patent infringement claims arise under 35 U.S.C. § 271(g), which concerns products manufactured

abroad according to a patented process and later imported, sold, or used in the United States. Zond's indirect patent infringement claims are directed to TSMC Ltd. and TSMC NA's inducement of its customers, such as OEMs (original equipment manufacturers) and ODMs (original design manufacturers), to infringe Zond's patents. None of the facts in the Thurston Declaration indicate that TSMC Tech has any role in the foreign manufacture of TSMC Ltd. and TSMC NA's semiconductor products, or the sale and the importation of TSMC Ltd. and TSMC NA's semiconductor products into the United States, or that TSMC Tech functions as either a customer, OEM, or ODM to TSMC Ltd. and TSMC NA.

TSMC also wrongly accuses Zond of "a history of indiscriminately suing TSMC entities." (Opp. at 15.) At the onset of the 13-cv-11634 Action, Zond named as defendants four TSMC entities that it understood were relevant to Zond's infringement claims. (13-cv-11634 Action, D.I. 1.) Based on TSMC's representations two of the four TSMC entities initially were not involved in relevant activities concerning the accused products, the parties promptly stipulated to their dismissal. (13-cv-11634 Action, D.I. 47.) Zond has not sued any other TSMC entity. Indeed, one would be hard pressed to describe Zond's strategy as "indiscriminately suing" when Zond has carefully narrowed the TSMC defendants from over 27 TSMC entities down to two (TSMC, Ltd. and TSMC NA). (*See* Ex. 1 to Davis Reply Decl.) Zond gave TSMC Ltd. and TSMC NA no reason to involve TSMC Tech in this case.

**D.  TSMC's Group Pleading Is Defective**

Zond does not dispute that TSMC may group plaintiffs in its Complaint if they all have proper subject matter jurisdiction and the allegations with respect to the group apply to each party in the group. However for the reasons discussed above in Section C, TSMC Tech does not have subject matter jurisdiction in this Action and including TSMC Tech in the "TSMC" group pleading hides the fact that TSMC Tech lacks standing. By alleging that **all three** TSMC entities

8

have a real controversy with Zond, TSMC tries to sneak TSMC Tech in the plaintiffs' pleading group, even though TSMC acknowledges in the Complaint that Zond sent a letter threatening to sue **only two** of the TSMC plaintiffs, and engaged in prior litigation only with those two TSMC entities. (*See* D.I. 1 at ¶ 11.) Because there is no declaratory judgment jurisdiction for TSMC Tech as a plaintiff in this lawsuit, it is not plausible or legally appropriate for all members of the TSMC plaintiff group to seek a declaratory judgment of non-infringement for the same activities. Consequently, the Court should find that TSMC's group pleading is improper and should dismiss the Complaint in its entirety for failure to state a claim.

### E. The Court Should Decline Declaratory Judgment Jurisdiction Because TSMC Intentionally Preempted Zond's Suit To Avoid A More Suitable Venue

The Court should exercise its discretion under the Declaratory Judgment Act and dismiss this case. TSMC argues that Zond relies exclusively on the "anticipatory nature of [this] suit" in order to warrant dismissal of TSMC's Complaint. (Opp. at 17.) But this is a clear misreading of Zond's position. Zond argues that under 28 U.S.C. §1404(a), "***all of the factors that support Zond's Motion to Transfer*** also support declining to exercise jurisdiction under the Declaratory Judgment Act." (Zond's Brief at 18 (emphasis added).) Those factors are carefully outlined in Zond's Opening and Reply Briefs in Support of its Motion to Transfer. (D.I. 14.)

TSMC's reliance on the Federal Circuit's decision in *Electronics for Imaging, Inc. v. Coyle* is misplaced. *See* 394 F.3d 1341 (Fed. Cir. 2005). There, the Federal Circuit held that a district court abused its discretion by dismissing a declaratory judgment action only on the basis that the declaratory judgment case was anticipatory. *Id.* at 1348. The district court erred in that case because it did not consider the other factors in the 28 U.S.C. § 1404 analysis that, on balance, indicate the proper venue for a case to proceed. *See id.* In fact, the Federal Circuit in *Electronics* clearly stated that an anticipatory filing is "one factor in the analysis" that governs

whether a declaratory judgment suit should be dismissed. *See id*. The other factors include "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Id.* (citing *MedImmune*, 998 F.2d at 938).

Here, the holding in *Serco Svcs. Co., L.P. v. Kelley Co., Inc.* controls because the remaining *MedImmune* factors favor dismissal. In *Serco Services*, the Federal Circuit affirmed the district court's dismissal of a declaratory judgment that was filed three days before the patentee filed an infringement suit. *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039-40 (Fed. Cir. 1995). Prior to the appeal, the district court "concluded that Serco had filed its suit in anticipation of Kelley's infringement action, and that ***this anticipatory filing coupled with convenience factors—the location of witnesses and documents—merited dismissal of the declaratory judgment action*** so that the [infringement] case could go forward." *Id.* at 1037 (emphasis added). As discussed at length in Zond's Briefs (Opening and Reply) in Support of its Motion to Transfer to the District of Massachusetts, this action was clearly an anticipatory filing (TSMC does not deny this) and the majority of the §1404 factors favor Massachusetts as a more suitable venue for this case. (*See* D.I. 14 at 14-19.) This Court should exercise its discretion to dismiss TSMC's declaratory judgment Complaint.

## III. CONCLUSION

For the aforementioned reasons, Zond respectfully requests that the Court dismiss TSMC's complaint in its entirety.

Dated: August 4, 2014

| | |
|---|---|
| OF COUNSEL: | BAYARD, P.A. |
| RADULESCU LLP | /s/ *Stephen B. Brauerman* |
| | Richard D. Kirk (No. 0922) |
| David C. Radulescu | Stephen B. Brauerman (No. 4952) |
| Tigran Vardanian | Vanessa R. Tiradentes (No. 5398) |
| Robin M. Davis | Sara E. Bussiere (No. 5725) |
| 136 Madison Avenue | 222 Delaware Avenue, Suite 900 |
| 6th Floor | P.O. Box 25130 |
| New York, NY 10016 | Wilmington, DE 19801 |
| (646) 502-5950 | (302) 655-5000 |
| david@radulescullp.com | rkirk@bayardlaw.com |
| tigran@radulescullp.com | sbrauerman@bayardlaw.com |
| robin@radulecullp.com | vtiradentes@bayardlaw.com |
| | sbussiere@bayardlaw.com |

*Attorneys for Defendant Zond, LLC*