# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ZOND, LLC,

        Plaintiff,

v.

FUJITSU SEMICONDUCTOR LIMITED,
FUJITSU SEMICONDUCTOR AMERICA,
INC., TAIWAN SEMICONDUCTOR
MANUFACTURING CO., LTD., TSMC
NORTH AMERICA CORP.,

        Defendants.

CIVIL ACTION NO. 1:14-cv-12438-WGY

## **JOINT FED. R. CIV. P. RULE 26(f) SCHEDULING REPORT**

Plaintiff Zond, LLC ("Zond") and Defendants Taiwan Semiconductor Manufacturing

Co., Ltd. and TSMC North America Corp. (together, "TSMC") hereby submit this Rule 26(f)

Joint Scheduling Report.[1]

## I. NATURE OF THE CASE

This is a civil action based upon and arising under the Patent Laws of the United

States, 35 U.S.C. §§ 1 *et seq.*, for the alleged infringement of United States Patent Nos.

6,806,651, 6,896,773, 6,896,775, 6,903,511, 7,095,179, and 7,446,479 (together, "the Patents-

in-Suit") by Defendants.

---

[1] Defendants Fujitsu Semiconductor Limited, Fujitsu Semiconductor America, Inc. (together, "Fujitsu"), are not party to this Report, in view of the Court's indication at the September 19, 2014 hearing that it would stay the case against Fujitsu. Accordingly, the provisions of this Report shall not apply to Fujitsu. For purposes of this report, "parties" shall refer to Zond and TSMC, and "side" shall refer to Zond or TSMC, but not Fujitsu, except where expressly otherwise indicated.

The Patents-in-Suit are also the subject of a declaratory judgment action pending in the District of Delaware, *TSMC Technology, Inc., et al. v. Zond, LLC,* Case No. 1:14-cv-00721-LPS (filed June 8, 2014). In that case, the plaintiffs (which include TSMC) have filed a motion to enjoin Zond from maintaining this action on the same patents based on the first to file rule and related case law. Zond has moved to transfer venue in that action from D. Delaware to D. Massachusetts under an exception to the first-to-file rule and moved to dismiss on several bases. All of these motions are fully briefed and await action from the Court in Delaware (Chief Judge Stark).

In addition, TSMC has filed petitions with the United States Patent and Trademark Office for *inter partes* review for two of the Patents-in-Suit, U.S. Patents Nos. 6,896,773 and 6,896,775. TSMC anticipates filing in the near future IPR petitions on the remaining four patents-in-suit. In response to the Court's inquiry at the September 19, 2014 motion hearing, it is TSMC's present intention to not seek a stay of this case, but instead to proceed to trial.

Also pending before this Court is the related case (currently administratively closed), *Zond v. TSMC, Ltd., et al.*, 1:13-cv-11634-WGY ("*Zond v. TSMC I*"), also a civil action based upon and arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, for the alleged infringement by Fujitsu and TSMC of seven other U.S. patents assigned to Zond.

## II. DISCOVERY PLAN

### A. Statement regarding other pending cases

In July 2013, Zond filed seven cases in this district against the Defendants in this action and six other groups of defendants. Two of these cases, *Zond, LLC v. SK Hynix Inc.*, C.A. No. 13-cv-11591-RGS and *Zond, LLC v. Intel Corp.*, C.A. No. 13-cv-11570, have settled. In the case against Gillette/Proctor & Gamble, Zond also alleges infringement of two

patents, U.S. Patent Nos. 6,896,773 and 6,896,775, that are presently asserted against Fujitsu and TSMC in the instant litigation. All of the other cases filed by Zond involve different patents from those asserted against Fujitsu and TSMC in the instant litigation.

*Zond v. TSMC I* is presently administratively closed pending the U.S. Patent and Trademark Office's ("PTO's") decision on *inter partes* review ("IPR") petitions filed by the Defendants. *See Zond v. TSMC I* at D.I. 126 & 129.

The remaining four cases filed in July 2013, with the status of each, are:

- *Zond, LLC v. Toshiba America Electronic Components, Inc., et al.,* C.A. No. 13-cv-11581-DJC –

  – case stayed until December 21, 2014, "in light of the pending IPR petitions and likely timing of a decision about those matters moving forward."

- *Zond, LLC v. The Gillette Company et al.,* C.A. No. 13-cv-11567-DJC – case stayed until December 21, 2014, "in light of the pending IPR petitions."

- *Zond, LLC v. Advanced Micro Devices, Inc. et al.,* C.A. No. 13-cv-11577-LTS – case stayed pending PTO's decision on IPR petitions filed by defendants;

- *Zond, LLC v. Renesas Corporation et al.,* C.A. No. 13-cv-11625-NMG – case stayed until October 22, 2014, on which date the parties are to appear for a status conference before the Court.

**B. Rule 26(f)(3)(A): "what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made."**

**_Zond's Position:_** The parties will serve automatic disclosures on October 10, 2014.

Zond disagrees with TSMC that "there is no case in this District," if TSMC's motion to dismiss is granted.

***TSMC's Position***: The Court has taken TSMC's motion to dismiss under advisement. If the motion to dismiss is granted, then this case cannot go forward in this District until such time, at a minimum, that Zond makes proper service of a complaint on TSMC in compliance with the Federal Rules. If the Court denies TSMC's motion, TSMC submits that service of automatic disclosures should occur no later than ten days after TSMC's answers.

### C. Rule 26(f)(3)(B): "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues."

The subjects on which discovery may be needed include (1) all the allegations set forth in Zond's Complaint for Patent Infringement (D.I. 1) ("Complaint"), (2) all the allegations and defenses set forth in TSMC's answer to the Complaint, when filed, (3) any counterclaims filed by TSMC, and (4) Zond's answers and other responses to such counterclaims, if any.

#### i. Agreements for Efficient Progress of Discovery

Discovery was underway in *Zond v. TSMC I* concerning topics likely to be the subject of discovery in this case (e.g., the same accused products, the work of the same patent inventor, etc.). The parties agree that all documents, discovery responses, and depositions produced in *Zond v. TSMC I* shall be available for use in this case when discovery begins. The parties will submit the same Protective Order as entered in *Zond v. TSMC I,* for the Court's consideration. Until a formal Protective Order is entered in this case, the parties have agreed that the terms of the Protective Order (Dkt. No. 104) entered by this Court in *Zond v. TSMC I* will continue to apply to and protect all discovery materials from *Zond v. TSMC I* in and for the purposes of this case.

Zond further agrees that it will serve its preliminary infringement contentions fourteen (14) days after discovery commences in this action.

4

### ii. Phasing of Party Discovery

The parties have agreed that the focus of discovery should be to complete corresponding document productions to one another, followed by depositions. Thus, the parties agree to substantially complete their respective document productions by December 19, 2014. On January 5, 2015, the parties may begin taking party depositions and the parties shall work together to coordinate the taking of depositions to in good faith limit the travel where possible.

### iii. Inspection of TSMC's Manufacturing Facilities

***Zond's Position:*** Zond submits that TSMC should permit Zond to conduct an inspection of its Taiwan manufacturing facilities that manufacture the accused devices, as ordered by the Court in *Zond v. TSMC I* (Dkt. No. 111) within 30 days of service of a corresponding discovery request. The appropriateness of such inspection has been briefed, considered and approved by this Court in *Zond v. TSMC I* and fully applies here.

Zond requests this requirement to be included in the scheduling order to avoid delay and gamesmanship that it encountered in *Zond v. TSMC I* with respect to this exact request for the same accused products and processes. While Zond requested inspection in *Zond v. TSMC I* as early as January 14, 2014, TSMC first indicated that it would be amenable to providing inspection, but later categorically refused, forcing Zond to file a motion to compel and engage in extensive briefing on the matter. The Court ultimately ordered an inspection and denied TSMC's motion for reconsideration. TSMC's reluctance to provide inspection in this case indicates that it intends to engage in the same type of obstructionism, which would force wasteful additional motion practice. While this is a new case, the facts relevant to the

inspection are the same, and the Court has already determined that inspection is appropriate and warranted. This issue should not be re-litigated.

**_TSMC's Position:_** This is a new lawsuit, asserting six different patents with different scope than the patents asserted in _Zond v. TSMC I._ Discovery has not yet opened, Zond has not yet provided notice of asserted claims, has not provided preliminary infringement contentions, and has not identified accused products beyond the notice pleading of its Complaint. But, nonetheless, Zond contends that a discovery Order from another case is controlling in this case before a request for inspection has even been made or any other discovery has occurred. Injecting an automatic right for inspection into a proposed Scheduling Order, as if an inspection were allowed as a matter of right, is improper and unwarranted. The Federal Rules of Civil Procedure provide that an inspection should be requested pursuant to Fed. R. Civ. P. 34(a)(2). The law is clear that an inspection, as a discovery tool, should be allowed only after less intrusive methods of discovery have been tried. _See Dusa Pharms., Inc. v. New Eng. Compounding Pharm., Inc.,_ 232 F.R.D. 153, 154 (D. Mass. 2005); _Belcher v. Bassett Furniture Indus., Inc.,_ 588 F.2d 904, 908 (4th Cir. 1978). If Zond seeks an inspection, then Zond should at the appropriate time serve a request for inspection under Fed. R. Civ. P. 34(a)(2), outlining with particularity what it seeks to inspect. Stated differently, this should be handled in the normal course of litigation under the Federal Rules and governing law like other forms of discovery.

TSMC has no desire to be obstructionist on this issue, and Zond's contention that TSMC changed its position on an inspection in _Zond v. TSMC I_ is inaccurate. If Zond serves a request for inspection under Fed. R. Civ. P.(a)(2), then TSMC will respond to such request.

### iv. Timing of Narrowing Asserted Claims and Prior Art References

6

**Zond's Position:** It is premature to assess the number of claims that can reasonably be asserted in this case. Indeed, Zond has not yet determined the number of claims it will assert at trial. Zond has no interest in asserting an unreasonable number of claims. However, until TSMC's invalidity contentions are served and until TSMC produces complete technical information regarding the accused products and the magnetron sputtering processes and equipment used to make them, Zond cannot determine how many particular claims might raise separate triable issues in light of the accused products and proposed defenses. Thus, neither party is in a position to say that 18 claims (three from each of six Patents-in-Suit) is a reasonable number to assert across six patents and before any claim terms have been construed. Zond thus believes that proposes that the parties revisit

Importantly, the Local Rules do not require a patent holder to select a certain number of asserted claims. Instead, the Local Rules contemplate an alternative method for addressing the concerns for economy, expense, and efficiency in patent cases—they recommend that the Court only construe 10 claim terms per patent. Local Rule Appendix E § B(4)(d). By limiting the number of claim terms to be construed, the Rules contemplate reducing the burden on the Court no matter how many asserted claims there are. Indeed, this District has denied motions to narrow a patent holder's claim assertions in the past. *See Enterasys Networks, Inc. v. Foundry Networks, Inc.*, Case No. 05-cv-11298-DPW, D.I. 118.2 (D. Mass. June 11, 2007).

TSMC's proposal is not supported by any law in this district or even the Model Orders for narrowing of asserted claims and prior art adopted by other district courts. For example, the Eastern District of Texas' Model Order Focusing Patent Claims and Prior Art to Reduce Costs ("EDTex Model Order") contemplates an pre-claim construction narrowing that would

7

occur only after both parties have served infringement and invalidity contentions. The EDTex Model Order allows for nearly *twice as many* asserted claims before claim construction than TSMC proposes here—the EDTex Model Order permits a patent owner to assert up to 32 claims, with no more than 10 claims from each patent, before claim construction *and* requires the alleged infringer to limit its prior art references to a maximum of 30 references, with no more than 12 prior art references asserted against a single patent. The EDTex Model Order further provides that, following the issuance of a claim construction order, the plaintiff will limit its asserted claims to 16 total, with no more than five per patent, and the defendant will limit its asserted prior art references to no more than 20 total, with no more than six per patent. In contrast, the narrowing proposed by TSMC essentially requires Zond to go down to a trial-ready number of claims (18 claims) *before claim construction* and without any agreement to narrow TSMC's asserted prior art references. Such a lopsided and excessive requirement for narrowing asserted claims would be prejudicial to Zond and contradicts the guidance from other district courts.

Zond proposes that the parties, once they have exchanged their respective contentions and substantially completed production of their documents, meet and confer in good faith regarding a possible narrowing scheme that would be appropriate for this specific case and present a proposal for the Court's consideration. Zond notes that to the extent any narrowing scheme requiring reduction of claims is adopted, it must be reciprocal—*i.e.,* if Zond is to narrow its asserted claims, then TSMC must also make a corresponding narrowing of its asserted prior art references.

***TSMC's Position:*** The parties are set to go trial in this highly complex, six patent case in one year. TSMC is prepared to make that happen, but that requires timely streamlining of the

8

case by all parties. TSMC is not asking Zond to make a premature election of asserted claims now, but only after technical documents are produced and both sides have exchanged preliminary infringement and corresponding non-infringement and invalidity contentions. According to the parties' agreed schedule, this will all happen by December 19, 2014. TSMC then proposes that no later than 20 days later (January 9th, 2015), Zond reduce the number of asserted patents claims to no more than 3 per patent or 18 in total. This would then allow the parties to focus on the key *Markman* claim construction issues, while working within this Court's policy of construing 8-10 claim terms. Within a reasonable period following the Court's *Markman* Order, Zond should then be required to reduce the number of claims it intends to try to no more than 12. TSMC is amenable to reducing the number of invalidity references it intends to rely on at trial once Zond has reduced the number of asserted claims to 12. This will allow the parties to focus summary judgment briefing for the Court and to meaningfully prepare for trial.

This general approach to patent case management has been implemented by a number of courts around the country. *See e.g. Stamps.com Inc. v. Endicia, Inc.,* 437 Fed. App'x 897, 900, 903 (Fed. Cir. 2011) (affirming order that required plaintiff to select 15 asserted claims from the eight asserted patents, roughly two months prior to *Markman* briefing); *In re Katz Interactive Call Processing Patent Litig.,* 639 F.3d 1303, 1309-12 (Fed. Cir. 2011) (affirming order that required plaintiff to select 16 claims from the 31 asserted patents, prior to *Markman*).

Zond's proposal is really no proposal at all, as it is asserting in effect that it will at some indeterminate point in future – likely after a *Markman* Order issues – get serious about the number of claims it is asserting. That is simply unfair and impractical for a case of this

9

complexity on a 1-year trial track. And this problem would be exacerbated if disputed claim language from the 105 method claims were not construed. Zond would surely prefer for key claim terms from these 105 claims to remain unconstrued, allowing Zond and its expert to then pick from claims that have not been construed to take to trial. But this would only create an inevitable fight between experts as to what the claims mean. As this Court is well aware, only the Court can determine the meaning of disputed claim terms. Thus, the *Markman* claim construction process must entail a reasonable number of asserted claims. That necessarily requires a streamlining of asserted claims once technical documents have been produced and contentions have been exchanged.

## III. CASE SCHEDULE

### A. Event Schedule Proposal

The following chart shows the parties' proposed case management schedule:

| Event | Zond's Proposed Deadline | TSMC's Proposed Deadline | |
|---|---|---|---|
| Rule 26(a)(1) Initial Disclosures / L.R. 26.2(A) Automatic Disclosures, discovery begins | 7 days after the Court enters the case management schedule | 10 days after answer filed | *illegible handwritten* |
| Plaintiff's Preliminary Infringement Disclosures | 14 days after discovery begins | November 1, 2014, or fourteen days after discovery commences, whichever is later | *illegible handwritten* |
| TSMC's Preliminary Invalidity and Non-Infringement Disclosures | December 15, 2014, or 45 days after service of Plaintiff's Infringement Disclosures, whichever is later. | (agreed) | |
| Deadline for Inspection of TSMC Manufacturing Facilities | Within 30 days of service of a discovery request seeking the inspection, pursuant to the FRCP 34 and in light of this Court's order in *Zond v. TSMC I* that is the most applicable case law here. | TSMC submits that this issue is inappropriate for a Scheduling Order. An inspection is an unusual form of discovery that comes with a heightened burden under the law. Any request for | *illegible handwritten* |

| Event | Zond's Proposed Deadline | TSMC's Proposed Deadline | |
|---|---|---|---|
| | | inspection should be made in due course of discovery in accordance with the Federal Rules and governing case law. | *N/SU* |
| Substantial Completion of document production | December 19, 2014 | (agreed) | |
| Parties may begin taking party depositions | January 5, 2015 | (agreed) | |
| Narrowing of Asserted Claims | Zond submits that it is premature to set a date for narrowing of asserted claims, as discussed in Section II.C.iv. above. Additionally, if Zond is to narrow its asserted claims, TSMC must also be required to narrow its asserted prior art references. | January 9, 2015 for Zond to identify no more than three claims from each patent-in-suit on which it will proceed to trial. | *N/SU* |
| Deadline for adding parties or to amend the pleadings | January 16, 2015 | | |
| Identification of Claim Terms to be Construed | January 16, 2015 | (agreed) | |
| Exchange of Proposed Claim Constructions | January 30, 2015 | (agreed) | |
| Exchange of Claim Construction Briefs and Evidence | February 27, 2015 | (agreed) | |
| Exchange of Claim Construction Reply Briefs | March 20, 2015 | (agreed) | |
| Joint Claim Construction and Prehearing Statement | April 1, 2015 | | |
| Exchange of Tutorials | April 3, 2015 | | |
| Markman (Claim Construction) Hearing | Week of April 13, 2015 | (agreed) | |
| Close of Fact Discovery | April 24, 2015 | (agreed) | |
| Amendment and/or Withdrawal of any Infringement, Invalidity, and/or Non-Infringement Contentions | 14 days after Markman Order | 14 days after Markman Order for infringement contentions; 28 days after Markman Order for non-infringement and invalidity contentions | *N/SU* |
| ADR/Mediation | Within 30 days of | | |

| Event | Zond's Proposed Deadline | TSMC's Proposed Deadline |
|---|---|---|
|  | Markman Order |  |
| Initial Expert Reports Due | May 8, 2015 | (agreed) |
| Rebuttal Expert Reports Due | June 5, 2015 | (agreed) |
| Reply expert reports (limited to responding to opinions raised in Rebuttal Expert Reports). | June 26, 2015 | (agreed) |
| Close of Expert Discovery | July 17, 2015 | (agreed) |
| Deadline for filing Dispositive Motion Opening Briefs | July 30, 2015[2] June | (agreed) |
| Pretrial Memorandum due | September 1, 2015 | (agreed) |
| Case on the Court's running trial list | October 2015 | (agreed) |

C.      **Rule 26(f)(3)(C): "any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced."**

The parties shall confer and cooperate with each other to set reasonable limits on the amount of ESI to be produced, including limits on collection of emails and the use of reasonable search terms on limited numbers of custodians.

D.      **Rule 26(f)(3)(D): "any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order."**

The parties do not anticipate any issues at this time, but agree that any potential issues will be handled using a procedure to be described in a proposed protective order.

E.      **Rule 26(f)(3)(E): "what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed."**

---

[2] During the initial hearing in this case, the Court set the deadline for filing dispositive motions for June 30, 2015. The parties believe that they would benefit from an additional month for completing expert discovery and preparing dispositive motion briefing, and request that the Court move this deadline to July 30, 2015.

Subject to the exceptions set forth below, the parties agree to follow Rule 26.1(c) of the Local Rules of the United States District Court for the District of Massachusetts regarding limitations on discovery.

(a)    Fact Depositions: Each side may take up to [Zond—fifteen (15) ; *TSMC*—ten (10)] fact depositions, including depositions of third parties. Depositions, except as otherwise provided herein, agreed, or ordered by the Court shall each be limited to up to seven (7) hours per deposition. The parties dispute the number of 30(b)(6) notices [Zond—three (3); *TSMC*—two (2)] and total hours of Rule 30(b)(6) testimony that should be allotted per side [Zond—forty-five (45); *TSMC*—thirty (30)]. Each 30(b)(6) notice counts as one deposition, in accordance with the Federal Rules of Civil Procedure. For depositions of witnesses requiring an English interpreter, the parties agree that every 1.5 hours of deposition time on the record shall be counted as one hour for the purpose of the time limit on individual depositions as well as the limit on Rule 30(b)(6) testimony referenced above. Notwithstanding the foregoing limitations on depositions, any party may request leave to take additional depositions for good cause shown.

*Zond's Position*: Zond submits that the sides should each be permitted to take fifteen (15) fact depositions, including depositions of third parties. This deposition limitation is appropriate given Zond's need to depose several third parties in this case. In particular, as it did in *Zond v. TSMC I*, Zond will need to depose TSMC's equipment suppliers to provide evidence concerning the structure of TSMC's magnetron sputtering machines and power supplies used to make the accused products. Additionally, as it did in *Zond v. TSMC I*, Zond will need to depose several of TSMC's customers to obtain information regarding the importation of the accused products made by TSMC into the United States.

Case 1:14-Case 7214-EVS-124B8-DOGYmRocommentForled Edea0104009PlageP15ger 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 of 22 ID #: 1204

Because Zond anticipates taking a significant number of third party depositions in support of its case, there will be minimal, if any, additional deposition-related burden imposed on TSMC by virtue of Zond's request to take 15 total fact depositions. While Zond previously agreed to take only 10 total depositions in the *Zond v. Gillette* case, the defendant in that action was a US-based company that performed manufacturing in the US— consequently, the issue of importation was not as critical and Zond did not foresee the need to issue multiple third party subpoenas to secure evidence on that topic. Zond's request for 15 total fact depositions in this case is reasonable and appropriate for a case of this size and complexity. Indeed, foreign-based defendants in other Zond cases have agreed to this or similar scope of deposition limitations. For example, in other cases where the defendants manufactured the accused products abroad, such as both *Zond v. Renesas* and *Zond v. Toshiba*, the parties agreed that each party may take up to 15 fact depositions, *excluding* third party depositions. Thus, Zond's request for a 15 deposition limit in this case, *including* third party depositions, is narrower than other parties have agreed was appropriate in a similar situation.

Zond further submits that each side should be able to issue three (3) Rule 30(b)(6) deposition notices, limited to a maximum of forty-five (45) hours of 30(b)(6) deposition testimony, and that each 30(b)(6) notice should count as one deposition, in accordance with Rule 30 of the Federal Rules of Civil Procedure. The Federal Rules and Local Rules do not set any limitation on the number of Rule 30(b)(6) deposition notices as a general matter, so Zond's proposal to apply a three-notice and 45-hour limitation will significantly limit the scope and burden associated with 30(b)(6) testimony in this case, and thus will indeed help streamline the case. While the parties were able to agree to a two-notice and 30-hour

limitation in *Zond v. TSMC I*, Zond's proposal for a somewhat expanded scope of 30(b)(6) depositions here is motivated by the fact that most, if not all, of TSMC's witnesses are located in Taiwan and speak Chinese as a first language. After taking a translated deposition of a TSMC witness in *Zond v. TSMC I*, it is apparent that a translated deposition of a TSMC 30(b)(6) witness will take longer than even the 1.5 hour allowance provides due to their added importance. Consequently, Zond's proposed limitations on Rule 30(b)(6) depositions are both reasonable and appropriate given the nature of this case.

*__TSMC's Position__*: Each side may take up to ten (10) fact depositions, including depositions of third parties. Depositions, except as otherwise provided herein, agreed, or ordered by the Court shall each be limited to up to seven (7) hours per deposition. Each side should be limited to two (2) separate sets of Rule 30(b)(6) Notices, and a total of thirty (30) hours of Rule 30(b)(6) testimony, irrespective of how many persons are identified to testify pursuant to Rule 30(b)(6) and irrespective to any time that they testify in their personal capacity. For depositions of witnesses requiring an English interpreter, the parties agree that every 1.5 hours of deposition time on the record shall be counted as one hour for the purpose of the time limit on individual depositions as well as the limit on Rule 30(b)(6) testimony referenced above.

These parameters are sufficient to enable each side to discover its case, and will keep discovery focused within the agreed-upon schedule. Furthermore, notwithstanding the foregoing limitations on depositions, any party may request leave to take additional depositions for good cause shown.

Finally, to the extent that multiple TSMC witnesses located in Taiwan will be deposed in this action, TSMC submits that the good faith limitation on travel referred to in Section

C(ii) above should include working cooperatively to schedule depositions in such a manner to avoid piecemeal travel to Taiwan, absent agreement of the parties or for good cause.

    (b)    <u>Named Inventor Deposition</u>:

***Zond's Position***: The named inventor shall be made available in his personal capacity for one deposition for no longer than seven (7) hours. The named inventor is not in good health—a deposition in excess of the time allowed under the Federal Rules would be unreasonable and overly burdensome. Zond previously agreed to produce the inventor for two days of deposition (14 hours total) during *Zond v. TSMC I*, but in that case there were ***two*** groups of defendants, Fujitsu and TSMC, and with the stay entered in this case with respect to Fujitsu, the 7-hour deposition contemplated by the Federal Rules should provide ample time to depose the inventor, especially given his health condition.

***TSMC's Position***: The complexity and scope of this case warrants additional time for the named inventor's deposition. The specifications of the six patents in suit total 82 pages in length; the patents have a total of 105 method claims; and they cite a total of 157 different prior art references. Only two of the patents share a common specification. Indeed, Zond previously agreed that "[t]he named inventor shall be made available in his personal capacity for up to two (2) seven (7) hour days which deposition shall count as a single deposition and shall be exclusive of Rule 30(b)(6) time in the event that he is named as a corporate representative for subject matter exclusive of that in his personal capacity . . . ." *See Zond v. TSMC I*, Joint Fed. R. Civ. P. Rule 26(f) Scheduling Report (ECF No. 56), at 7. TSMC submits that those same parameters, to which Zond previously agreed as recently as December 2013, should apply in this case. TSMC is certainly willing to make

accommodations for the named inventor's health issue (e.g. shorter deposition days of perhaps

5 hours per day, and spreading the deposition over non-consecutive days). 

(c)     Deposition Location:  The parties agree that the parties (*i.e.*, all Rule 30(b)(6)

representatives), and their officers, directors, managing agents, and employees should be

deposed in their country of residence, business, or employment, unless the parties agree

otherwise.

(d)      Requests for Admission:  Each side may propound up to twenty-five (25)

requests for admission.  The foregoing limitations shall not apply to requests for admission

relating to the authenticity, or publication dates of documents, provided, however, that the

parties shall work in good faith to resolve any such disputes without recourse to requests for

admission.

(e)     Expert Depositions:  Expert depositions shall not count toward the fact

deposition limit, and the parties separately shall meet and confer regarding appropriate limits

on expert depositions in light of the expert reports served in this action; and

(f)     Privilege Logs:  *adopted save as modified by TSMC's suggestion*

*Zond's Position:*  Zond's proposal to TSMC here, as in *Zond v. TSMC I*, aimed at

avoiding any wasteful "busy work" of logging substantial communications between litigation

counsel and their respective clients, was as follows:

> Information concerning documents or things protected by the attorney-client
> privilege, work product immunity, or other privilege or protection ("Privileged
> Materials") that were created on or after the commencement of the action do not
> need to be included on any privilege logs.  In addition, Privileged Materials
> created by or on behalf of litigation counsel or exchanged with litigation counsel,
> regardless of their date, do not need to be included on a privilege log.  The parties
> will negotiate a mutually agreeable time for the exchange of privilege logs.

As in *Zond v. TSMC I*, TSMC rejected Zond's proposal.  Therefore, as this Court ruled

in *Zond v. TSMC I*, Zond believes that:

"The parties should follow the requirements of the Federal Rules of Civil Procedure as interpreted by courts, until and unless the parties reach a mutually acceptable no-logging deal."

Based on the meet and confers in connection with this report, it appears that TSMC proposal is motivated by its intent to create a side-show in this case with respect to TSMC's baseless and offensive Rule 11 insinuations and threats. TSMC has not served a Rule 11 motion in compliance with Rule 11's safe harbor provisions, has not met and conferred with Zond regarding its specific concerns, or filed such a motion with the Court. Indeed, TSMC did not inform Zond of its intention to proceed with a Rule 11 motion (or of its intention to file multiple IPRs but not ask this Court to stay the case) until mere hours before this report was due. It is baseless and premature for TSMC to ask for privilege logging provisions targeted towards intruding on Zond's attorney-client and work product privilege for purposes of its potential Rule 11 motion. TSMC's Rule 11 aspirations are not an adequate basis for deviating from the standard privilege logging practice of the Federal Rules of Civil Procedure.

*TSMC's Position*: Concurrent with the filing of proposed Scheduling Order, TSMC is serving on Zond in accordance with the 21 day safe harbor provisions of Fed. R. Civ. P. 11(c)(2) a motion for sanctions under Rule 11 for having failed to conduct an adequate pre-filing investigation prior to asserting three of the patents at issue. The service of this motion follows TSMC giving Zond two opportunities to explain the good faith basis for its patent assertions, and Zond being unable to do so. Because this issue likely will implicate attorney-client privileged communications and work product of Zond's lawyers both leading to the filing of this lawsuit and its actions following TSMC giving Zond notice of its concerns, TSMC proposes that both sides create logs of all privileged communications and work

18

product that relate to the pre-filing investigation of this lawsuit, whether such communications and/or work product occurred or were created before or after the filing of this lawsuit. Other than the foregoing category, TSMC agrees with the language in Zond's proposal from above.

**F.      Rule 26(f)(3)(F): "any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)."**

The parties previously agreed to a protective order in *Zond v. TSMC I*, D.I. 58. The parties will submit the same Protective Order as entered in *Zond v. TSMC I*, for the Court's consideration. but until the time the Court enters a protective order in this case, the parties agree to abide by the terms of the protective order entered in *Zond v. TSMC I* for the purposes of discovery in this case. This interim protection is applicable to documents and information produced by third parties as well. In light of this agreement. the parties further agree that absence of a formal protective order entered in the case shall not be an excuse to withhold or delay production of documents or information.

## IV. SERVICE OF DOCUMENTS

The parties agree that communications between and among them, including correspondence, notifications required by any protective order, and service of documents filed under seal, may occur by email. Service by email or electronically will be treated as equivalent to service by hand so that no additional time for a response is permitted. For a document to which a response is required under the Federal Rules. local rules, or rules of the Court, service by email shall be effective on the date the document is sent only if it is sent by 6 p.m. (Eastern Time); otherwise, the document shall be considered to have been served the following business day.

## V.  TRIAL BY MAGISTRATE

The parties decline to consent to trial by a magistrate judge.

## VI. CERTIFICATIONS PURSUANT TO L.R. 16.1(D)(3)

The parties will separately file the certifications required by Local Rule 16.1(D)(3).


Dated: October 3, 2014                  Respectfully submitted,

ZOND, LLC

By its counsel,

/s/ *Robin M. Davis*
David S. Godkin (BBO#196530)
Andrew A. Caffrey III (BBO#660481)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
617-307-6100
godkin@birnbaumgodkin.com
caffrey@birnbaumgodkin.com

David C. Radulescu, Ph.D.
Tigran Vardanian
Robin M. Davis
RADULESCU LLP
136 Madison Ave, 6th Floor
New York, NY 10016
646-502-5950
david@radulescullp.com
tigran@radulescullp.com
robin@radulescullp.com

*/s/ Anthony J. Fitzpatrick*
Anthony J. Fitzpatrick (BBO No. 564324)
Patricia R. Rich (BBO No. 640578)
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone (857) 488-4200
Facsimile: (857) 401-3018
Email: ajfitzpatrick@duanemorris.com
Email: prich@duanemorris.com

L. Norwood Jameson (*pro hac vice*)
David C. Dotson (*pro hac vice*)
DUANE MORRIS LLP
1075 Peachtree Street NE, Suite 2000
Atlanta, Georgia 30309
Telephone: (404) 253-6900
Facsimile: (404) 253-6901
Email: wjameson@duanemorris.com
Email: dcdotson@duanemorris.com

Richard C Kim (*pro hac vice*)
DUANE MORRIS LLP
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: (619) 744-2200
Facsimile: (619) 744-2201
Email: rckim@duanemorris.com

R. Terry Parker (*pro hac vice*)
DUANE MORRIS LLP
1540 Broadway
New York, NY 1036-4086
Telephone: (212) 692 1000
Facsimile: (212) 692 1020
Email: tparker@duanemorris.com

*Attorneys for Defendants Taiwan
Semiconductor Manufacturing Company,
Limited, and TSMC North America Corp.*