UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| TSMC TECHNOLOGY, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED, and TSMC NORTH AMERICA CORP.,<br><br>     Plaintiffs,<br><br>  v.<br><br>ZOND, LLC,<br><br>     Defendant. | CIVIL ACTION NO. 14-721-LPS-CJB |

**PROPOSED SCHEDULING ORDER**

Pursuant to the Court's Order of December 19, 2014 ("Order"), Plaintiffs TSMC Technology, Inc. ("TTI"), Taiwan Semiconductor Manufacturing Company Limited ("TSMC Ltd."), and TSMC North America Corp. ("TSMCNA") (collectively, "TSMC") and Defendant Zond, LLC ("Zond") hereby submit the following Proposed Scheduling Order.  TSMC and Zond (collectively, the "parties" or individually a "party") have met and conferred concerning this Proposed Scheduling Order and, as ordered by the Court, this Proposed Scheduling Order takes into account the efforts the parties have already undertaken regarding discovery and case management in *Zond, LLC v. Fujitsu Semiconductor Ltd., et. al.*, Case No. 1:14-cv-12438 (D. Mass.) (the "Second TSMC Massachusetts Action").  Where the parties have disagreements, the competing proposals are set forth herein as follows:  TSMC's proposals are shown in **bold and in blue highlighting**; Zond's proposals are shown in **bold and in yellow highlighting.**  Pursuant to the Court's Order, the parties are each filing separately a two page letter submission explaining why their proposals should be adopted.

887061.01

      For the Court's convenience, the parties have attached a chart of the deadlines proposed by the parties, as well as the corresponding deadline in the Second TSMC Massachusetts Action, as Exhibit A to this Proposed Scheduling Order.

This __ day of ____ , 201_, the parties having met and conferred as ordered by the Court and having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Treatment of TSMC Massachusetts Actions Materials.</u>  All documents, disclosures, and discovery responses from *Zond, LLC v. Fujitsu Semiconductor Ltd., et. al.*, Case No. 1:14-cv-12438 (D. Mass.), as well as inspections conducted in the Second TSMC Massachusetts Action, shall be treated as if produced, disclosed, and conducted in this case. Documents, discovery responses and deposition transcripts produced in *Zond v. TSMC, Ltd., et al.*, No. 1:13-cv-11634 (D. Mass.) shall also be treated as if produced in this case.

2. <u>Rule 26(a)(l) Initial Disclosures and E-Discovery</u>.  The parties previously served Rule 26(a)(1) initial disclosures in the Second TSMC Massachusetts Action which shall be treated as if served in this case, pursuant to the parties' agreement above.  TSMC Technology, Inc. shall serve its Rule 26(a)(1) initial disclosures within 14 days of **[TSMC'S Proposal:  the Order on Zond's Motion to Dismiss (D.I. 17)]** [Zond's Proposal:  this Order].  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, and is incorporated herein by reference).  The parties will submit a joint proposed Electronically Stored Information ("ESI") Order on or before January 12, 2015.  To the extent that there are disputed issues regarding the proposed ESI Order, the parties will each separately file a letter (of no more than two single-spaced pages) setting forth their position as to these disputed issues.

3. <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed within forty-five (45) days of an Order on Zond's Motion to Dismiss.

4. <u>Application to Court for Protective Order</u>.  The parties agree that the Stipulated Protective Order submitted by the parties in the Second TSMC Massachusetts Action shall be

amended to include the following paragraph and re-filed to address the protected material in this case:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY," or "RESTRICTED CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Moreover, the parties agree that should product samples be produced or made available for inspection **[TSMC Proposal:  and should TSMC receive permission from third parties for disclosure of any third party confidential information contained in such product samples]**, such samples shall only be disclosed to the parties permitted under the RESTRICTED CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY designation of the Protective Order.

     5.     Papers Filed Under Seal.  In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript.  With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

887061.01

6. <u>Courtesy Copies</u>. Other than with respect to "discovery matters," which are governed by paragraph 9(f), and the final pretrial order, which is governed by paragraph 19, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>ADR Process</u>. This matter is referred to Magistrate Judge [**Burke/Thynge**] to explore the possibility of alternative dispute resolution.

8. <u>Disclosures and Narrowing of Asserted Clams</u>.

    a. <u>Infringement Contentions/Non-Infringement Contentions/Invalidity Contentions.</u>

**[TSMC's Proposal: The parties have already exchanged Infringement Contentions, Non-Infringement Contentions, and Invalidity Contentions in the Second TSMC Massachusetts Action which, pursuant to the parties' agreement concerning the treatment of discovery in the Second TSMC Massachusetts Action, shall be treated as if exchanged in this case. TSMC reserves the right to request any appropriate relief from the Court related to Zond's previously-served Infringement Contentions, including the right to move to compel Zond to correct deficiencies in the previously-served Contentions. TSMC Technology, Inc. shall serve responses to any requests for production served on TSMC Technology, Inc. within the time frame set forth in the Federal Rules of Civil Procedure.]**

**[Zond's Proposal:**

**(1)    TSMC Technology, Inc. shall produce documents sufficient to show the research, design, and development of circuits being used in 28 nanometer and below technology that are used TSMC Ltd. in connection with manufacturing wafers, as described by TSMC's**

counsel during the November 4, 2014, hearing in this action by January 15, 2015.

(2) Zond shall serve Preliminary Infringement Contentions by January 29, 2015.

(3) TSMC shall serve Non-Infringement Contentions by March 2, 2015.

(4) If invalidity is asserted in the case, TSMC shall serve Preliminary Invalidity Contentions by March 2, 2015. ]

b. <u>Narrowing Asserted Claims</u>

[TSMC's Proposal: Zond's deadline to reduce the asserted claims to no more than three (3) claims from each patent-in-suit or eighteen (18) in total claims is February 9, 2015. No later than thirty (30) following the Court's *Markman* order, Zond will reduce the number of total claims it intends to try to no more than twelve (12) claims.

[Zond's Proposal: Zond's deadline to reduce the asserted claims to no more than ten (10) claims from each patent and not more than a total of 32 claims is April 16, 2015. 30 days following the Court's Markman order, Zond will reduce the number of total claims it intends to try to no more than a total of sixteen (16).]

c. <u>Narrowing of Prior Art.</u>

[TSMC's Proposal: If TSMC alleges invalidity, TSMC will reduce the number of invalidity references it intends to rely on at trial once Zond has reduced the number of asserted claims to 12. For clarity, will respect to any narrowing of invalidity references, obviousness combinations shall not count as separate prior art references.]

[Zond's Proposal: TSMC's deadline to reduce the asserted prior art references to no more than twelve (12) prior art references against each patent and not more than a total of forty (40) references is April 30, 2015.

4

> **Fourteen days after Zond reduces the number of total claims it intends to try to no more than sixteen (16), TSMC will reduce the number of prior art references to no more than six (6) references per patent from among the twelve prior art references previously identified for that particular patent and not more than a total of twenty (20) references from among the set of previously asserted prior art references. For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference. Each obviousness combination counts as a separate prior art reference.]**

9. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before October 30, 2015.

    b. <u>Requests for Admission</u>. A maximum of 25 requests for admission are permitted for each side. The foregoing limitation shall not apply to requests for admission relating to the authenticity, or publication dates of documents, provided, however, that the parties shall work in good faith to resolve any such disputes without recourse to requests for admission.

    c. <u>Interrogatories</u>.

        i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side. To the extent that the same interrogatory is served on more than one Plaintiff, it will only count as one interrogatory. For clarity, interrogatories already served in the Second TSMC Massachusetts Action will count towards each side's total permitted number of interrogatories. However, Zond will be permitted to serve on Plaintiff TSMC Technology, Inc. a version of the interrogatories it served in the Second TSMC Massachusetts Action that is modified to account

887061.01

      for the fact that TSMC Technology, Inc. is an additional party in this case.  To the extent that these interrogatories are the same as those served in the Second TSMC Massachusetts Action on the TSMC entities parties to that case except that they have been modified (including with respect to Definitions) to account for the fact that they are being served on TSMC Technology, Inc., these interrogatories will not additionally count towards Zond's 25 interrogatory limit.

   ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; *i.e.,* the more detail a party provides, the more detail a party shall receive.

 d. <u>Depositions</u>.

   i. <u>Initiation of Party Depositions</u>.

    **[TSMC's Proposal:  The parties may begin taking party depositions on March 2, 2015.]**

    **[Zond's Proposal:  No corresponding deadline.]**

   ii. <u>Limitation on Deposition Discovery of Fact Witnesses</u>.  Depositions, except as otherwise provided herein, agreed, or ordered by the Court, shall be limited to up to seven (7) hours per deposition.

    **[TSMC's Proposal:  Each 30(b)(6) notice counts as one deposition, in accordance with the Federal Rules of Civil Procedure.  Each side is limited to a total of ten (10) fact**

        depositions, including depositions of third parties.  Each side is limited to a total of thirty (30) hours of Rule 30(b)(6) testimony, irrespective of how many persons are identified to testify pursuant to Rule 30(b)(6) and irrespective to any time that they testify in their personal capacity.]

[Zond's Proposal:  Each side is limited to a total of 90 hours of party fact depositions, and a total of 50 hours of non-party fact depositions.]

iii.    <u>Limitation on Deposition Discovery of Named Inventor.</u>  The named inventor shall be made available in his personal capacity for one (1) deposition for no longer than (7) hours.

iv.    <u>Location of Depositions</u>.

[TSMC's Proposal:  All the parties (*i.e.*, all Rule 30(b)(6) representatives) and their officers, directors, managing agents, and employees should be deposed in their country of residence, business, or employment, unless the parties agree otherwise.]

[Zond's Proposal: Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.]

v.    <u>Good faith Limitation on Travel.</u>  To the extent that multiple TSMC witnesses located in Taiwan will be deposed in this action, the Parties will work cooperatively to schedule depositions

887061.01

        **[TSMC's Proposal: in such a manner to avoid piecemeal travel to Taiwan]**.

vi. <u>Limitation on Expert Depositions.</u>  Each testifying expert will be deposed for up to **[TSMC's Proposal: 14 hours] [Zond's Proposal: 7 hours]** for each report on a separate subject matter (e.g., if an expert opines on infringement and validity, **[TSMC's Proposal: 28 hours] [Zond's Proposal: 14 hours]** of deposition testimony would be permitted).

vii. <u>Interpreters.</u>  For depositions of witnesses requiring an English interpreter, the parties agree that every 1.5 hours of deposition time on the record shall be counted as one hour for the purpose of the time limit on individual depositions **[TSMC's Proposal: as well as the limit on Rule 30(b)(6) testimony referenced above]**.

viii. <u>Additional Depositions.</u>  Notwithstanding the foregoing limitations on depositions, any party may request leave to take additional depositions for good cause shown.

e. <u>Disclosure of Expert Testimony.</u>

i. <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due no later than 60 calendar days from the issuance of the claim-construction order.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is no later than 90 calendar days from the issuance of the claim-construction order.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert

8

        reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii.    <u>Expert Discovery Close.</u>  Expert discovery will close 120 calendar days from the issuance of the claim-construction order.

    iii.    <u>Expert Declarations</u>.  The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions), on the condition that any such author of an expert declaration must be made available for a deposition on the subject matter of the declaration at least 10 days in advance of the due date for the response to the dispositive motion, except if the author of the expert declaration filed in connection with a case-dispositive motion was previously deposed on the subject matter of the declaration—*i.e.*, in connection with the expert deposition on the subject matter of the expert's corresponding expert report.  Any declaration filed in connection with case-dispositive motions shall not go outside of the scope of the opinions disclosed in that expert's expert report submitted in this case.

    iv.    <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

f.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii. Should counsel find, after good faith efforts –including *verbal* communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

_____

Delaware Counsel: _____

Lead Counsel: _____

The disputes requiring judicial attention are listed below:

[provide here a non-argumentative list of disputes requiring judicial attention]

iii. On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing

10

      the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

   iv. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

   v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

10. <u>Motions to Amend</u>.

  a. Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

  b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

  c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

11. <u>Motions to Strike</u>.

  a. Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

  b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

    c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

  12. <u>Tutorial Describing the Technology and Matters in Issue</u>.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology in issue and should not be used for argument.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  If the parties separately submit their tutorials, the tutorial will be provided to the other side at the same time that it is provided to the Court.  Each party may comment, in writing (in no more than five (5) pages) on the opposing party's tutorial.  Any such comment shall be filed no later than the date on which the answering claim construction briefs are due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial (currently best are "mpeg" or "quicktime").

  13. <u>Claim Construction Issue Identification</u>.  On March 19, 2015, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and on April 2, 2015 the parties shall exchange their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on April 30, 2015.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

887061.01

14. <u>Claim Construction Briefing</u>.  The parties shall contemporaneously submit initial briefs on claim construction issues on May 21, 2015.  The parties' answering/responsive briefs shall be contemporaneously submitted on June 18, 2015.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.  Initial briefs on claim construction shall be no longer than 45 pages.  Responsive briefs on claim construction shall be no longer than 20 pages.

15. <u>Hearing on Claim Construction</u>.  Beginning at ___ .m. on July __, 2015, the Court will hear argument on claim construction.  The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due:  (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

16. <u>Supplementation</u>.  Absent agreement among the parties and approval of the Court, no later than thirty (30) days following the entry of the Court's Order on claim construction, Zond will make its final identification of all accused products **[TSMC's Proposal:  and the parties must finally supplement their infringement contentions, non-infringement contentions, invalidity contentions, and all invalidity references.]**

17. <u>Case Dispositive and *Daubert* Motions</u>.  All case dispositive and *Daubert* motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed 150 days after issuance of the claim-construction order.  Oppositions to any dispositive and *Daubert* motions filed will be due 30 days after opening briefs are filed.  Replies in support of any dispositive and *Daubert* motions will be filed 15 days after opposition briefs are filed.  Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

13

   a. <u>No early motions without leave</u>.  No case dispositive motion under Rule 56 may be filed earlier than 140 days after issuance of the claim-construction order without leave of the Court.

   b. <u>Page limits combined with *Daubert* motion page limits</u>.  Each party is permitted to file as many case dispositive motions as desired; provided, however, that each *SIDE* will be limited to a combined total of **[TSMC's Proposal:  80 pages for all opening briefs, a combined total of 80 pages for all answering briefs, and a combined total of 40 pages for all reply briefs]** [Zond's Proposal:  40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs] regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to **[TSMC's Proposal:  100 pages for all opening briefs, 100 pages for all answering briefs, and 50 pages for all reply briefs for each *SIDE*]** [Zond's Proposal:  50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *SIDE*]**.**

   c. <u>Hearing</u>.  The Court will hear argument on all pending case dispositive and *Daubert* motions at a date and time convenient for the Court**.**  Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions.

  18. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7 .1.1.

  19. <u>Pretrial Conference</u>.  On [**TSMC's Proposal:  September __ , 2016**] [**Zond's Proposal:  June __, 2016**]**,** the Court will hold a pretrial conference in Court with counsel beginning at ___ .m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil

Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order- Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before **[TSMC's Proposal: August/September __ , 2016]** [Zond's Proposal: March __, 2016]. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(l)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order – Patent, the parties shall include in their joint proposed final pretrial order, among other things:

      a. <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

      b. <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

      c. <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

      d. <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

15

20.     Motions *in Limine*.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each **SIDE** shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21.     Jury Instructions, *Voir Dire*, and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed *voir dire*, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference.  This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in WordPerfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

22.     Trial.  This matter is scheduled for a **[TSMC's Proposal:  It is too early in the case to determine the number of trial days necessary in this case] [Zond's Proposal:  eight (8) day trial]** beginning at 9:30 a.m. on **[TSMC's Proposal:  October __ , 2016] [Zond's Proposal:  July __, 2016],** or another date convenient for the Court, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

23.     Judgment on Verdict and Post-Trial Status Report.  Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report,

indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

24. Post-Trial Motions. Unless otherwise ordered by the Court, all **SIDES** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

25. Service of Documents. The parties agree that communications between and among them, including correspondence, notifications required by any protective order, and service of documents filed under seal, may occur by email.

 

                                                  UNITED STATES DISTRICT JUDGE