

RICHARD L. RENCK
*E-MAIL:* rlrenck@duanemorris.com

*www.duanemorris.com*

January 5, 2015

Magistrate Judge Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, DE 19801-3555

Re: *TSMC Technology Inc. v. Zond LLC, No. 1:14-cv-00721* **Scheduling Order**

Dear Magistrate Judge Burke:

Plaintiffs TSMC Technology Inc., Taiwan Semiconductor Manufacturing Co. Ltd., and TSMC North America Corp. ("TSMC") respectfully submit this letter in support of TSMC's proposals in the Proposed Scheduling Order.

TSMC has proposed a case schedule and discovery deadlines that make every effort to comply with the Court's Order to "take into account the efforts the parties have already undertaken regarding discovery and case management in the Second TSMC Massachusetts Action." This includes incorporating all prior discovery into this case, all infringement and invalidity contentions, and living by the discovery limits and agreements under which the parties have been operating for months in the second Massachusetts Action that Zond initiated. Zond's proposals, on the other hand, seek to greatly expand discovery and redo key events in the Massachusetts Action that the parties already completed, such as the service of infringement and invalidity contentions. Zond also seeks a lengthy delay before it is reasonably required to narrow its more than 100 potential patent claims, though it previously agreed to do so by January 9, 2015. With this deadline in mind, TSMC has submitted to burdensome and expensive early discovery, including a three-day inspection of TSMC's technology in Taiwan, so that such a claim reduction could occur. Zond's proposals would basically have this work go to waste.

### TSMC's Proposed Schedule Complies with this Court's Order.

After meeting and conferring with Zond several times, four principal areas of disagreement remain, each of which is addressed below. Each disagreement involves an attempt by Zond to either completely redo work already finished or greatly expand previously ordered discovery limits, which the parties have been operating under for months.

(1) **The Court should reject Zond's attempt to rework its patent disclosures.**

TSMC proposes that this case pick up where the Massachusetts Action left off, where the parties already have served their patent disclosures. Zond, by comparison, wants to start over. The same patents and accused products are at issue in this case as in the Massachusetts Action. Zond's proposal to re-serve infringement, non-infringement, and invalidity contentions has no purpose other than to allow Zond to correct weaknesses in its existing contentions in light of TSMC's later-filed non-infringement and invalidity contentions, and its proposal that the parties start again simply places duplicative burdens on TSMC.[1] *See* Proposed Scheduling Order at ¶ 8.a.

---

[1] TSMC Technology Inc. has agreed to respond to any discovery served on it in this case within the time frame set forth in the Federal Rules of Civil Procedure, and to serve initial disclosures within 14 days of the Order on Zond's Motion to Dismiss. Proposed Scheduling Order at ¶¶ 2, 8.a., 9.c.

DuaneMorris

Magistrate Judge Burke
January 5, 2015
Page 2

### (2) Zond seeks to delay narrowing its asserted claims, which will unreasonably increase the burden on TSMC.

TSMC proposes that Zond narrow its 105 asserted claims before depositions and claim construction begin, just as the Court ordered it to do in the Massachusetts action. In the Massachusetts action, Zond must reduce the number of asserted claims to 18 by January 9, 2015. In this proposed Scheduling Order, however, Zond seeks to pursue all of its possible claims until mid-way through the claim construction process, and only to narrow them down to a workable 12 claims *after* a *Markman* order has issued and fact discovery is nearly complete. *See id. at* ¶ 8.b.

Zond's proposal to maintain 105 claims until the middle of claim construction when it will narrow them to 32, and then only narrow them again to 12 *after* a claim construction order has issued, would require the parties to waste substantial time, money, and resources taking fact discovery and proposing constructions of claims that will never be tried.[2] Zond has already engaged in an exhaustive, three-day inspection at TSMC of the devices and device operations that it contends infringe it patents, has already received TSMC's non-infringement and invalidity contentions, and has had months to study technical documents produced by TSMC, giving Zond ample information to make an election of claims by February 9, 2015 as proposed by TSMC. This is a month later than the January 9, 2015 deadline in the Massachusetts Action to reduce asserted claims to no more than 3 per patent.

### (3) TSMC's proposed trial date in October 2016 is more practical and workable.

Zond's proposed trial date of July 2016 should be rejected because it leaves only a year after the *Markman* hearing for a claim construction order, expert discovery, dispositive and *Daubert* motion practice, and decisions on any dispositive and *Daubert* motions. TSMC's October 2016 proposed trial appears more in line with Delaware trial scheduling and would allow the parties to complete discovery and motion practice and provide sufficient time for the Court to rule on claim construction issues and dispositive and *Daubert* motions. Of course, TSMC will be ready for trial earlier if need be.

### (4) The Deposition Limitations of the Massachusetts Action Should Apply Here.

This Court should adopt the deposition discovery limitations from the Massachusetts Action. These limitations allow for ten depositions per side (including third party depositions and 30(b)(6) depositions), are consistent with the Federal Rules, and allow Zond to discover its case. *See id. at* ¶¶ 9.d.ii, 9.d.vii. The parties also have agreed to a "good cause" provision for additional depositions *See id. at* ¶ 9.d.viii For the sake of efficiency and convenience of all parties, Zond should also be held to its prior agreement to conduct depositions in the country of residence, business, or employment of the deponent and only to begin party depositions after significant discovery is completed to minimize burdens on party-deponents.[3] *See id. at* ¶ 9.d.iv-v.

---

[2] Zond's proposal, which fails to meaningfully limit the number of asserted claims, has a domino effect on other issues that are in dispute between the parties, such as the number of pages that will be necessary for dispositive motion practice, the number of days for trial, and the hours of percipient witness and expert depositions that will be necessary. *See id.* at ¶¶ 9.d.iv., 17.b.

[3] TSMC proposed a March 2015 deadline for this event rather than the original Massachusetts Action deadline to ensure that the Motions to Enjoin and Motions to Dismiss are fully decided before proceeding with any party depositions.

DuaneMorris

Magistrate Judge Burke
January 5, 2015
Page 3

                                                 Sincerely,

                                                 Richard L. Renck