**BAYARD**

222 Delaware Avenue • Suite 900                                              Writer's Direct Access:
P.O. Box 25130 • Wilmington, DE 19899                                              (302) 429-4232
Zip Code For Deliveries 19801                                    Email:  sbrauerman@bayardlaw.com

**BY HAND DELIVERY**                                                    January 5, 2015

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

      RE:   *TSMC Technology, Inc., et al. v. Zond, LLC*, C.A. No. 14-721-LPS-CJB

Dear Judge Burke:

    Defendant Zond, LLC ("Zond") submits this letter in support of its positions on the various disputes between the Parties concerning the proposed Scheduling Order.

    **Narrowing Disclosures (Paras. 8(b), 8(c), 16).**  TSMC proposes that Zond immediately limit its claims, but refuses to commit to any limitations on its invalidity case.[1] Courts around the country have recognized the wisdom of ***coupling*** limiting claims ***with*** limiting prior art references, and Zond is merely seeking this equitable process.  *See, e.g.* Federal Circuit Advisory Committee's Model Order Limiting Excess Patent Claims and Prior Art.  This Court has no narrowing requirements in its rules, but Zond understands that the Court encourages parties to narrow their case in a timely fashion.  Thus, Zond proposes an early limitation—in April—to no more than 32 claims, and a post-*Markman* limitation to no more than 16 claims. These reductions would be followed closely by reductions in prior art references to no more than 40 references initially, and 20 finally.  Moreover, Zond's proposal allows it to narrow its claims in view of TSMC's proposed claim constructions, which are important in allowing Zond to make an informed narrowing.  *See e.g., EMC Corp. v. Purse Storage Inc.* C.A. No. 13-1985-RGA (D. Del. Sept. 19, 2014) (D.I. 66) (reduction to 32 claims after exchange of claim construction proposals).  In Massachusetts, Judge Young ordered Zond to limit its claims to no more than three per patent by January 9, 2014. This deadline is too drastic and too soon. Importantly, in the Massachusetts case, despite the passage of a substantial completion of document production deadline, TSMC has not yet produced database data that is critical evidence relevant to Zond's infringement claims—namely, the voltage waveforms for the accused processes. Moreover, TSMC's equipment supplier, Applied Materials, closely coordinating strategy with TSMC, has still not made any substantial document production in response to a subpoena served at the outset of discovery. Thus, given the withholding of important discovery by TSMC and its supplier, Zond is not in a position to fairly reduce its claims now. Given the delay inherent in shifting to the Delaware action, Zond does not expect to be in any better position on TSMC's proposed date—February 9. Thus, Zond's proposed deadlines and phased approach is the equitable approach.

    **Fact Deposition Time Limits (Para. 9(d)(ii), (vii)).** Zond's proposed deposition time limits are reasonable and appropriate for a case of this size and complexity. Zond proposes 90 hours of party depositions per side to account for the three Plaintiffs in this case. Zond's experience in the Massachusetts litigation is that TSMC insists that the TSMC entities act independently of one another, and that each claim and defense must be assessed separately for each TSMC entity.  TSMC

---

[1] Indeed, even TSMC's tepid "proposal" to reduce its invalidity references closer to trial to an undisclosed number of references, is effectively gutted by its proposal that obviousness combinations shall not count as separate prior art references.  Without the limitation on obviousness combinations, prior art limitations are toothless.  For example, if TSMC were ultimately limited to 20 references—as Zond proposes—without the concomitant limitation on obviousness combinations, TSMC could theoretically assert over 1 million unique obviousness combinations.

also represented to this Court that each Plaintiff has a different role within TSMC, which implicates different activities pertinent to this case. Thus, Zond must have the opportunity to take full and fair discovery from all three Plaintiffs.

Zond proposes 50 hours of third party depositions because substantial third party discovery is needed to establish liability and damages here. In particular, Zond has to prove the sale and importation trail of accused products into the United States. Zond also must collect technical information about equipment TSMC uses to infringe the patents-in-suit. Therefore, Zond needs to depose TSMC's suppliers of magnetron sputtering equipment and of power supplies used within that equipment, as well as several of TSMC's customers to obtain information regarding the importation of the accused products into the United States.

TSMC's proposal of 10 total fact depositions *including third parties* is untenable as it is transparently designed to ensure that Zond is unable to meaningfully take testimonial discovery. Indeed, it effectively amounts to a single deposition per relevant party (including third parties). Although this was the limit imposed by Judge Young at the outset of the Massachusetts case (over Zond's objection), Zond anticipated having to petition the Court for more depositions after attempting (and undoubtedly failing) to complete discovery with just 10 total depositions. In addition, this limit is effectively lower than TSMC's proposal in Massachusetts, because TSMC neglects the additional TSMC entity, TTI, that is a party in this case and not in the Massachusetts case. Finally, TSMC's proposal to limit Zond to 30 hours of 30(b)(6) testimony is only intended to ensure that Zond is prevented from taking complete 30(b)(6) testimony, as this limit amounts to less than a single complete deposition per Plaintiff. In the collective experience of the counsel for Zond, patent cases require several days of 30(b)(6) testimony per party. Thus, Zond proposes that there be no separate limit on 30(b)(6) testimony within the allotment of deposition time.

**Fact Deposition Location and Timing (Paras. 9(d)(iv), (v).** TSMC proposes to require that counsel for Defendant Zond fly to Taiwan at great expense in order to depose the witnesses located there. As the Court is well aware, TSMC rushed to file this declaratory judgment action in this Court specifically to avoid litigating in Massachusetts. When TSMC made that choice, it should have known that this Court requires that Plaintiffs' witnesses must be produced for deposition in this District. TSMC made its choice of forum and must live with its rules and procedures. Moreover, it is much more efficient for every party to fly a witness to the United States than to fly several lawyers from each side to Taiwan for each deposition.

**Discovery from TSMC Technology, Inc. ("TTI") and Infringement Contentions (Paras. 2, 8(a) and 9(c)(ii)).** Zond proposes an infringement contentions deadline of January 29, 2015 with the hope that TSMC will produce certain data that Zond has been seeking in Massachusetts well in advance of that date. Moreover, there is an additional party in this case that is not present in Massachusetts—TTI—and Zond proposes that TTI produce limited discovery related to its bases for claiming declaratory judgment jurisdiction as well as its as initial disclosures before the infringement contentions deadline. TSMC's insistence that the parties proceed with the Massachusetts contentions in this case is unreasonable: there is an additional party, and Zond has not yet even pleaded infringement against any party. Given the jointly proposed close of fact discovery in October, there is no need for an earlier disclosure date.

**Protective Order and the Production of Wafer Samples (Para. 4).** TSMC's insert in para. 4 is an attempted end-run around motion practice over a contested issue regarding production of sample wafers that purportedly contain third-party confidential information. Without any briefing on the issue, and contrary to the law, TSMC effectively seeks permission to withhold production of sample wafers so long as a respective third party refuses to consent to the production, even though the agreed protective order encompasses third party information. *See Corning Inc. v. SRU Biosystems, LLC.,* 223 F.R.D. 191, 195 (D. Del. 2004).

BAYARD

The Honorable Christopher J. Burke
January 5, 2015

Respectfully submitted,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman (sb4952)

SBB:tm
37298-1
cc:     All counsel