IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TSMC TECHNOLOGY, INC., TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LIMITED and TSMC NORTH AMERICA CORP., <br><br> Plaintiffs, <br><br> v. <br><br> ZOND, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 14-721-LPS-CJB

## REPORT AND RECOMMENDATION

Presently before the Court is Defendant Zond, LLC's ("Zond" or "Defendant") Motion to Dismiss (the "Motion to Dismiss"). (D.I. 17). For the reasons that follow, the Court recommends that Defendant's Motion to Dismiss be GRANTED-IN-PART.

I.  **Background**

A.  **The Parties**

Plaintiff Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC Ltd.") is a corporation organized under the laws of Taiwan, with its headquarters in Hsinchu, Taiwan. (D.I. 1 at ¶ 2) Plaintiff TSMC Technology, Inc. ("TTI") is a corporation organized under the laws of Delaware with a place of business in San Jose, California, and is an indirect subsidiary of TSMC Ltd. (*Id.* at ¶ 1) Plaintiff TSMC North American Corp. ("TSMC NA," and together with TSMC Ltd. and TTI, "Plaintiffs" or "TSMC") is a corporation organized under the laws of California, with a place of business in San Jose, California, and is a subsidiary of TSMC Ltd. (*Id.* at ¶ 3)

Zond is a limited liability company organized under the laws of Delaware. (*Id.* at ¶ 4). It has its principal place of business in Mansfield, Massachusetts. (D.I. 15 at ¶ 3) Zond is the

owner of the various patents-in-suit in this matter: United States Patent Nos. 6,806,651 ("the '651 Patent"), 6,896,773 ("the '773 Patent"), 6,896,775 ("the '775 Patent"), 6,903,511 ("the '511 Patent"), 7,095,179 ("the '179 Patent"), and 7,446,479 ("the '479 Patent") (collectively, "the Group Two Patents"). (D.I. 1 at ¶ 5)

## B. Facts Leading Up to the Filing of the Instant Case

In July 2013, Zond filed seven actions against seven different defendants or sets of defendants in the United States District Court for the District of Massachusetts ("District of Massachusetts"); in each case, Zond alleged infringement of seven of Zond's patents (the "Group One Patents"). (D.I. 1 at ¶ 8; D.I. 8 at 3, 7-8); *Zond, LLC v. Fujitsu Ltd. et al.*, Civil Action No. 13-cv-11634-WGY (D. Mass.) ("*Zond, LLC I*"), (D.I. 19).[1] In one of those actions (the "First TSMC Massachusetts Action"), although the number and identity of the defendants changed during the case, those defendants eventually came to include TSMC Ltd. and TSMC NA. (*Zond, LLC I*, D.I. 19, D.I. 47)[2] In that action, Zond focused its infringement allegations on certain TSMC products ("circuit devices at the 28 and 20 [nanometer] and smaller nodes[]") manufactured using "unique manufacturing processes[.]" (*Zond, LLC I*, D.I 19 at ¶ 40). On June 2, 2014, the First TSMC Massachusetts Action was administratively closed, due to pending *inter partes* review proceedings occurring before the United States Patent and Trademark Office

---

[1] Zond also alleged infringement of an eighth patent, U.S. Patent No. 8,125,155 (the "'155 Patent") in the original Complaint it filed in each of the Group One Patent cases, (*see, e.g., Zond, LLC I*, D.I. 1), but these allegations were dropped in Amended Complaints later filed in all but one of these cases, (*see, e.g., Zond, LLC I*, D.I. 19).

[2] At one point in the First TSMC Massachusetts Action, two other TSMC-related entities, TSMC Development, Inc. and Wafertech, LLC, were named defendants. (*Zond, LLC I*, D.I. 19) Those defendants were eventually dismissed from the case. (*Zond, LLC I*, D.I. 47)

2

("PTO"). (D.I. 1 at ¶ 8; *Zond, LLC I*, D.I. 124)

On June 5, 2014, counsel for Zond sent a letter addressed to TSMC Ltd. and TSMC NA, to the attention of their in-house counsel (the "June 5 Letter"). (D.I. 1, ex. G at 1; D.I. 22 at 4) The letter, after recapping the history of the First TSMC Massachusetts Action, concluded as follows:

> [B]ased on investigation, including the discovery in the [First TSMC Massachusetts Action], Zond believes that [TSMC Ltd. and TSMC NA, referred to together in the letter as "TSMC"] infringes several other Zond patents, including without limitation [the six Group Two Patents]. Zond intends to vigorously protect and enforce its intellectual property rights. In particular, Zond intends to file next week a new action in the District of Massachusetts, related to the [First TSMC Massachusetts Action], involving the same parties and the same accused TSMC products and processes, including products sold by TSMC to many of its customers. Unless TSMC promptly obtains a license to the right to use Zond's patented technology, Zond sees litigation as the only available avenue to put an end to TSMC's continued infringing activities.
>
> If TSMC wishes to obtain a license to the above referenced and other Zond patents, please reach out to me by Noon Eastern time, on Monday, June [9], 2014.

(D.I. 1, ex. G at 1-2)

### C. Procedural Background as to the Instant Case

Instead of "reach[ing] out" to Zond's counsel in response to the above-referenced letter, on June 8, 2014, Plaintiffs commenced this action. (D.I. 1) In Plaintiffs' Complaint, they seek a declaratory judgment that they do not infringe, directly or indirectly, each of the Group Two Patents. (*Id.* at ¶¶ 14-37)

On July 8, 2014, Zond filed the Motion to Dismiss. (D.I. 17) On October 16, 2014, Chief Judge Leonard P. Stark referred this action to the Court to hear and resolve all pretrial

3

matters, up to and including the resolution of case-dispositive motions. (D.I. 28) On November 4, 2014, the Court heard oral argument on the instant Motion to Dismiss, as well as on Plaintiffs' motion seeking to enjoin Zond's later-filed action in the District of Massachusetts (the "Motion to Enjoin") and Zond's motion seeking to transfer venue of this case to the District of Massachusetts (the "Motion to Transfer"). (D.I. 33 (hereinafter "Tr."))[3]

## II. DISCUSSION

Zond's Motion to Dismiss seeks, respectively: (1) dismissal of TTI as a party due to lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) dismissal of claims as to all parties for failure to state a claim pursuant to Rule 12(b)(6); and (3) discretionary dismissal of the action pursuant to the Declaratory Judgment Act. (D.I. 18 at 1) The Court will address each issue in turn.

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Zond seeks to dismiss TTI's claims against it for lack of subject matter jurisdiction, pursuant to the Declaratory Judgment Act.

#### 1. Legal Standard

Rule 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. "Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact)." *Kuhn Constr. Co. v. Diamond State Port Corp.*, Civ. No. 10-637-SLR, 2011 WL 1576691, at *2 (D. Del. Apr. 26, 2011). "In reviewing a facial attack, the court must only consider the

---

[3] On December 19, 2014, the Court issued a Report and Recommendation recommending that the District Court grant the Motion to Enjoin and ordering the denial of the Motion to Transfer. (D.I. 34)

4

allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "In reviewing a factual attack, the court may consider evidence outside the pleadings." *Id.*

The Declaratory Judgment Act requires that a "case of actual controversy" exist between the parties before a federal court may exercise jurisdiction. 28 U.S.C. § 2201(a). In determining whether there is subject matter jurisdiction over declaratory judgment claims, a court should ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks and citation omitted) (noting that the Declaratory Judgment Act's requirement that a "'case of actual controversy'" exist is a reference to the types of cases and controversies that are justiciable under Article III); *see also Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1334 (Fed. Cir. 2008). A case or controversy must be "based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*—an objective standard that cannot be met by a purely subjective or speculative fear of future harm." *Prasco, LLC*, 537 F.3d at 1339 (emphasis in original). Thus, in the patent context, "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *Id.* (internal quotation marks and citation omitted).

A decision as to whether an actual controversy exists in the context of a patent declaratory judgment claim "will necessarily be fact specific and must be made in consideration

5

of all the relevant circumstances." *W.L. Gore & Assocs., Inc. v. AGA Med. Corp.*, Civil No. 11-539 (JBS-KMW), 2012 WL 924978, at *4 (D. Del. Mar. 19, 2012) (citing *MedImmune, Inc.*, 549 U.S. at 127). The burden is on the party asserting declaratory judgment jurisdiction (here, Plaintiffs) to establish that an Article III case or controversy existed at the time that the claim for declaratory relief was filed and that it has continued since. *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1329 (Fed. Cir. 2014); *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, Civ. No. 12-1301-SLR, 2013 WL 1856308, at *2 (D. Del. May 2, 2013).

### 2. Discussion

As an initial matter, the parties spar a bit over whether Zond's challenge is a facial or factual attack on subject matter jurisdiction, and, relatedly, as to what evidence may be considered here. (D.I. 25 at 7; Tr. at 109, 115, 137-40) Zond argues that the challenge is a facial one, while Plaintiffs assert that it is a factual challenge. (*Id.*) The Court agrees with Zond. When Zond asserts that jurisdiction does not exist as to TTI's claims, it does not rely upon any fact evidence outside of the Complaint. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("The Defendants' Rule 12(b)(1) motions are properly understood as facial attacks because they contend that the Amended Complaints lack sufficient factual allegations to establish standing."); *see also Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). Instead, Zond's emphasis is on why the allegations *in the Complaint* (and the June 5 Letter, attached as an exhibit to the Complaint), even accepted as true, do not demonstrate that a case or controversy exists. (D.I. 18 at 15 (Zond asserting that none of the "pled statements" as to TTI supports subject matter jurisdiction)); *cf. Panavise Prods., Inc. v. Nat'l Prods., Inc.*, 306 F. App'x 570, 572 (Fed. Cir. 2009) (explaining that a "factual attack" to

6

subject matter jurisdiction was made where the defendant submitted a declaration that challenged the facts alleged by the declaratory judgment plaintiff in the complaint).[4] Accordingly, the Court will consider this to be a facial challenge, and will therefore consider only "the allegations of the complaint and documents referenced therein and attached thereto" in resolving that challenge. *Gould Elecs. Inc.*, 220 F.3d at 176.[5]

The Complaint contains very few allegations related to TTI. In fact, the only allegation that specifically mentions TTI comes in the paragraph in which Plaintiffs list TTI's state of incorporation and the location of its place of business. (D.I. 1 at ¶ 1) It is also notable that when the Complaint begins to discuss the existence of a legal controversy between certain TSMC entities and Zond, TTI's name is conspicuously absent from those paragraphs. The Complaint's first reference to the "immediate and real threat of harm posed by Zond[,]" for example, comes when it describes the June 5 Letter, in which it states that Zond was "threatening to bring a new lawsuit against *TSMC Ltd. and TSMC [NA]* alleging infringement of the Patents-in-Suit, none of

---

[4] In its briefing on this issue, Zond does occasionally make reference to a document outside of the pleadings, such as when it notes the content of a declaration of TSMC Ltd. Senior Vice President Richard L. Thurston (the "Thurston Declaration") that Plaintiffs filed along with the Motion to Enjoin. (D.I. 18 at 15 (citing D.I. 8, ex. A)) But Zond is not referencing this material in order to challenge the factual accuracy of allegations in the Complaint; its claim is clearly that the *content of the Complaint itself* does not support subject matter jurisdiction. (*Id.*) To the extent that Zond makes fleeting reference to the Thurston Declaration in its briefing, in the Court's view, it does so largely to underscore the lack of factual allegations in the Complaint as to TTI's claims. (*See, e.g.*, D.I. 25 at 7 (Zond arguing that "none of [the] facts [in the Thurston Declaration] were pled within the four corners of TSMC's Complaint and, therefore, do nothing to cure its facial deficiencies."))

[5] In light of this, to the extent that Plaintiffs cite to the Thurston Declaration in order to bolster their claim of subject matter jurisdiction (i.e., to demonstrate the nature of TTI's involvement with semiconductor circuits that are the subject of the suit), the Court declines to consider the contents of that extra-Complaint evidence.

7

which have ever been asserted against *TSMC Ltd. and TSMC [NA]*." (*Id.* at ¶ 9 (emphasis added)) The Complaint goes on to claim that it is that "threat letter[,]" in conjunction with the "prior litigation [in the District of Massachusetts involving the Group One Patents] against *TSMC Ltd. and TSMC [NA]*, and others in the semiconductor industry[,]" that is alleged to give rise to "an actual and justiciable controversy between TSMC and Zond as to the non-infringement of the Patents-in-Suit." (*Id.* at ¶ 11 (emphasis added))

Yet neither the June 5 "threat letter" nor the referenced "prior litigation" involved TTI. The June 5 Letter is addressed only to TSMC Ltd. and TSMC NA, and it makes no mention of TTI. (*Id.*, ex. G at 1) Indeed, there is no indication in the Complaint that Zond has ever accused TTI of infringing any of its patents (including the Group Two Patents), or that Zond has ever engaged TTI in any "prior litigation."[6] The lack of any allegation that Zond has engaged in pre-Complaint communications with TTI, while not dispositive in and of itself, provides strong indication that there is no subject matter jurisdiction here. *Edmunds Holding Co. v. Autobytel Inc.*, 598 F. Supp. 2d 606, 610 (D. Del. 2009) ("Thus, while an overt, specific act toward the declaratory judgment plaintiff is not required to demonstrate the existence of an actual controversy, none of the cases that [plaintiff] cites supports the proposition that the absence of an overt, specific act is not a significant hurdle to a finding of jurisdiction under the Declaratory Judgment Act.").[7]

---

[6] Indeed, it appears undisputed that, prior to this suit, Zond never communicated with TTI in any way, nor ever made reference to its existence. (D.I. 18 at 3, 8)

[7] *Compare Panavise Prods., Inc.*, 306 F. App'x at 573 (finding that a declaratory judgment plaintiff lacked subject matter jurisdiction for its claims against a defendant, where, *inter alia*, there was a total "lack of direct pre-complaint communication between [defendant] patentee and [the] declaratory plaintiff" and where none of the defendant's six prior lawsuits

8

Even to the extent that TTI had not received direct threats or other communications from Zond, the Complaint could have articulated a specific rationale as to why TTI nevertheless objectively faced the threat of future injury from Zond. (D.I. 18 at 15 (Zond noting that the Complaint does not allege "that [TTI] engages in any potential[ly] infringing activity or plans to do so")); *see also Cat Tech LLC v. TubeMaster, Inc.*, 528 F. 3d 871, 880 (Fed. Cir. 2008) (noting that if a declaratory judgment plaintiff "has not taken significant, concrete steps to conduct infringing activity, the dispute is neither 'immediate' nor 'real' and the requirements for justiciability have not been met"). Yet Plaintiffs did not do so.

It is true that the Complaint notes that Zond has sued other TSMC entities (TSMC Ltd. and TSMC NA) in the First TSMC Massachusetts Action as to the same accused products and processes—one of a number of suits involving the Group One Patents that Zond filed in the District of Massachusetts. (D.I. 1 at ¶ 8) And "[p]rior litigious conduct is one circumstance to be considered in assessing whether the totality of the circumstances creates an actual controversy." *Prasco, LLC*, 537 F.3d at 1341. But TTI itself was not targeted in that Group One Patent litigation, nor is there any allegation that, aside from the First TSMC Massachusetts Action, Zond has ever sued any other TSMC entities. *Cf. Prasco, LLC*, 537 F.3d at 1341 (finding that defendant patentee's one prior suit against the declaratory judgment plaintiff, which concerned different products and unrelated patents, was "not the type of pattern of prior conduct

---

asserting infringement of the patent-in-suit had targeted the plaintiff's products), *with Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901-02 (Fed. Cir. 2008) (finding that subject matter jurisdiction existed where the declaratory judgment plaintiff had itself been the recipient of several threatening letters, had watched the defendant sue other competitors in the field in recent years, and where the defendant's public statements and annual reports suggested an intent to continue an aggressive litigation strategy).

9

that makes reasonable an assumption that [the defendant] will also take action against [the plaintiff] regarding [plaintiff's] new product."). The Court does not find the magnitude of Zond's asserted prior litigious conduct to be so great as to overcome the deficiencies set out above.

For all of these reasons, the Court concludes that TTI has not made sufficient allegations in the Complaint to allow for a finding that an actual controversy exists between it and Zond with respect to the Group Two Patents. Ultimately, then, TTI's allegations fall well short of what is necessary to establish subject matter jurisdiction under the Declaratory Judgment Act.

### B.     Motion to Dismiss for Failure to State a Claim

The portion of Defendant's Motion to Dismiss that is filed pursuant to Rule 12(b)(6) seeks dismissal of all of Plaintiffs' claims regarding non-infringement. The Court will first address the direct non-infringement claims, and then the indirect non-infringement claims.[8]

#### 1.     Direct non-infringement

A plaintiff pleading a claim of direct infringement must put forward allegations that equal or exceed the level of specificity required by Form 18 of the Federal Rules of Civil Procedure. *McRo, Inc. v. Rockstar Games, Inc.*, Civil Action Nos. 12-1513-LPS-CJB, 12-1517-LPS-CJB,

---

[8] Zond also identified another ground for dismissal under Rule 12(b)(6): improper "group pleading[.]" (D.I. 18 at 16-17) During oral argument, however, Zond conceded that this ground for dismissal "goes hand in hand with the declaratory judgment jurisdiction issue for [TTI]." (Tr. at 115; *see also* D.I. 18 at 16 ("TSMC's group pleading attempts to hide the fact that [TTI] lacks standing by pleading that all TSMC entities have a real controversy with Zond[.]"); D.I. 25 at 8-9) In other words, Zond's claim is that in order to cover up for the lack of subject matter jurisdiction as to TTI's claims, Plaintiffs used improper group pleading to conflate TTI's allegations with those of the other TSMC Plaintiffs. In light of the fact that the Court has recommended dismissal of TTI's claims due to a lack of subject matter jurisdiction, the Court finds that this additional asserted ground for dismissal is moot, and need not be addressed.

12-1519-LPS-CJB, 2014 WL 1051527, at *2 (D. Del. Mar. 17, 2014) (citing *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283-84 (Fed. Cir. 2013)), *report and recommendation adopted*, 2014 WL 1677366 (D. Del. Apr. 24, 2014). Form 18 provides the following exemplary language relating to the required allegation of infringement:

> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

Fed. R. Civ. P., App. of Forms, Form 18 (emphasis in original).[9] District Courts that have held (as this Court has) that Form 18's requirements apply to direct infringement claims have also held that those same requirements apply to claims for a declaratory judgment of non-infringement. *See, e.g., Gradient Enters., Inc. v. Skype Techs. S.A.*, 932 F. Supp. 2d 447, 451 (W.D.N.Y. 2013); *PageMelding, Inc. v. ESPN, Inc.*, No. C 11-06263, 2012 WL 3877686, at *2 (N.D. Cal. Sept. 6, 2012). Neither party disputes that this is the applicable standard, (D.I. 18 at 13-14; D.I. 22 at 7), and the Court will apply it here.

Zond claims that Plaintiffs' direct non-infringement allegations do not meet even the "lenient pleading standards of Form 18" because "TSMC does not allege anywhere in its Complaint which of its products does not infringe Zond's patents." (D.I. 18 at 2; *see also id.* at 13-14; D.I. 25 at 1, 3-4) In terms of providing sufficient notice as to the nature of the accused products at issue, Form 18 requires little: only an identification of a general category of accused

---

[9] In total, Form 18 requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *K-Tech Telecomms.*, 714 F.3d at 1283 (citation omitted). Zond challenges Plaintiffs' allegations only as to whether the third of these requirements is met.

11

products. *Clouding IP, LLC v. Amazon.com, Inc.*, C.A. Nos. 12–641–LPS, 12–642–LPS, 12–675–LPS, 2013 WL 2293452 at *2 (D. Del. May 24, 2013).

The Complaint's counts seeking a declaration of non-infringement are essentially identical (with only the patent number modified), (*see, e.g.*, D.I. 1, ¶¶ 14-37); they simply state that "TSMC has not infringed and does not infringe . . . directly . . . any claim of the [patents-in-suit]" and that "TSMC . . . is entitled to a declaration of non-infringement of the [patents-in-suit,]" (*see, e.g., id.* at ¶¶ 16-17). However, the counts also incorporate the remainder of the allegations in the Complaint by reference. (*See, e.g., id.* at ¶ 14) An introductory paragraph in the Complaint, in turn, makes reference to the June 5 Letter that gave rise to the "immediate and real threat of harm" precipitating "this Declaratory Judgment action." (*Id.* at ¶ 9). That letter, attached as Exhibit G to the Complaint, indicates that the controversy at issue here involves "the same accused TSMC products and processes" that were at issue in the First TSMC Massachusetts Action. (*Id.*, ex. G at 1) And as Zond is aware, in the First TSMC Massachusetts Action, the TSMC accused products were delineated as "circuit devices at the 28 and 20 nm and smaller nodes" and the accused TSMC processes were "generating and using strongly ionizing plasmas in a manufacturing environment" to manufacture such circuit devices. (*Zond I, LLC*, D.I. 19 at ¶ 40)[10]

Thus, it is clear from the Complaint that Plaintiffs have identified "the same accused

---

[10] In resolving a Rule 12(b)(6) motion, a court can take into account, *inter alia*, the content of exhibits attached to a complaint and matters of public record (such as the content of a complaint filed in another case). *See ING Bank, fsb v. PNC Fin. Servs. Grp., Inc.*, 629 F. Supp. 2d 351, 354 (D. Del. 2009) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F. 2d 1192, 1195 (3d Cir. 1993)); *see also Marshall Inv. Corp. v. Krones, Inc.*, Civil Action No. 13-CV-118, 2013 WL 1962671, at *1 n.2 (W.D. Pa. May 10, 2013).

12

products and processes that Zond is accusing in the [First TSMC Massachusetts Action,]" (Tr. at 141), and it is also clear as to the general categories of products and processes that were at issue there. For these reasons, the instant allegations are sufficient to satisfy Form 18's low bar. *See Clouding IP*, 2013 WL 2293452, at *2.

### 2. Indirect non-infringement

Allegations of indirect patent infringement must meet the requirements of Federal Rule of Civil Procedure 8, as those requirements have been further elucidated by the Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See McRo, Inc.*, 2014 WL 1051527, at *4 (citation omitted). When a court examines whether these requirements have been met, it must conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In assessing the plausibility of a claim, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (internal quotation

13

marks and citation omitted).[11]

Plaintiffs' allegations of indirect non-infringement are extremely sparse, to the point of almost being non-existent. The counts of the Complaint simply state that "TSMC has not infringed and does not infringe . . . contributorily, or by inducement [] any claim of the [patents-in-suit]" and that "TSMC . . . is entitled to a declaration of non-infringement of the [patents-in-suit]." (*E.g.*, D.I. ¶¶ 16-17). Indeed, the counts are so sparse that they do not even recite the wording of the elements of contributory or induced infringement (let alone facts that assertedly demonstrate that these elements have been placed at issue or otherwise cannot be satisfied here). (*Id.*)

Thus, for example, there are no factual allegations in the Complaint (or any exhibits attached thereto) indicating why, as to contributory non-infringement, the accused products at issue are not "especially made or especially adapted for use in an infringement[.]" 35 U.S.C. § 271(c). As to induced non-infringement claims, there are not any factual allegations that, for example, address why Plaintiffs did not have the specific intent to induce infringement by the asserted direct infringers. *See McRo, Inc.*, 2014 WL 1051527, at *6. Nor are there any factual allegations as to how Zond has previously argued why Plaintiffs are engaging in indirect infringement of the patents-in-suit. In their briefing, Plaintiffs provide no further specificity on

---

[11] Again, there is no dispute that these pleading requirements, which would apply to a plaintiff's claim of indirect infringement, also apply here to a declaratory judgment plaintiff's claim of indirect non-infringement. (D.I. 18 at 10; D.I. 22 at 9) The Court thus applies these requirements herein. *See, e.g., Gradient Enters., Inc.*, 932 F. Supp. 2d at 451; *PageMelding, Inc.*, 2012 WL 3877686, at *2.

14

this score. (D.I. 22 at 9-11)[12]

It is true that in the First TSMC Massachusetts Action, Zond accused certain of the Plaintiffs of indirect infringement as to the same accused products that are at issue here. And perhaps Plaintiffs intend to import some aspects of Zond's allegations in that case into their own declaratory judgment claims of indirect non-infringement here. (Tr. at 147) But the current Complaint makes no clear or direct reference to the specific nature of the indirect infringement allegations in that prior suit. Nor does it articulate how what was alleged there has relevance to claims in this case, which relate to a different set of patents (i.e., the Group Two Patents) than those at issue in the First TSMC Massachusetts Action.

In the end, Plaintiffs are seeking a declaration of indirect non-infringement without identifying "allegations by the patentee or other record evidence that establish at least a reasonable potential that such a claim could be brought." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014); *see also PageMelding, Inc.*, 2012 WL 3877686, at *3 ("[Declaratory judgment claimant] has not alleged any facts, that if true, would lead to a reasonable inference that it did not intend another party to infringe the patent-at-issue."). Thus,

---

[12] In their briefing, Plaintiffs cite to only one case in support of their position as to this issue: *Elan Pharma International Ltd. v. Lupin Ltd.*, Civil Action No. 09-1008 (JAG), 2010 WL 1372316 (D.N.J. Mar. 31, 2010). *Elan* is cited for the proposition that because the parties will eventually be required to disclose their non-infringement contentions later in the case, pursuant to the Court's Revised Patent Form Scheduling Order, then requiring more of Plaintiffs now would "undermine this Court's procedures." (D.I. 22 at 10) For the reasons set out in *Idenix Pharmaceuticals, Inc. v. Gilead Sciences, Inc.*, Civil Action No. 13-1987-LPS, 2014 WL 4222902, at *5 (D. Del. Aug. 25, 2014), the Court rejects this argument. Regardless of what internal procedures a court deploys for patent cases, such procedures could not modify the pleading requirements set forth in the Federal Rules of Civil Procedure, nor allow for disposing with such requirements. *See id.* at *5 n.6; *cf. Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 302-03 (D. Del. 2013).

15

Plaintiffs' claims are plainly insufficient to state a claim for indirect non-infringement.

## C. Discretionary Dismissal Under the Declaratory Judgment Act

Lastly, Zond asserts that the Court should decline to exercise jurisdiction over Plaintiffs' declaratory judgment claims because the action has been filed contrary to the purpose of the Declaratory Judgment Act. (D.I. 18 at 4); *see also Serco Servs. Co., L.P. v. Kelley Co., Inc. v. Kelley Co., Inc.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995) (noting that a court has discretion under the Declaratory Judgment Act to dismiss declaratory judgment claims, including to do so in favor of a later-filed infringement suit regarding the same matter). More specifically, Zond asserts that by filing the instant action in this District, and not the District of Massachusetts (home to the First TSMC Massachusetts Action), Plaintiffs filed an anticipatory suit and were engaging in "forum shopping" that should not be countenanced. (D.I. 18 at 4, 18)

Zond's arguments in this regard are the same as those it made in opposing Plaintiffs' Motion to Enjoin and in promoting its own Motion to Transfer. (*Id.* at 18 (Zond asserting that "all of the factors that support [its] Motion for Transfer . . . also support declining to exercise jurisdiction under the Declaratory Judgment Act.") In resolving those two motions in a previously-filed Report and Recommendation, the Court addressed each of these arguments and explained why it ultimately found them unavailing. *See generally TSMC Tech., Inc. v. Zond, LLC*, Civil Action No. 14-721-LPS-CJB, 2014 WL 7251188 (D. Del. Dec. 19, 2014). For the same reasons as those discussed in that Report and Recommendation, the Court does not recommend that the District Court exercise its discretion under the Declaratory Judgment Act to dismiss this suit.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that Zond's Motion to Dismiss be GRANTED-IN-PART. Specifically, the Court recommends that the Motion be granted with respect to all claims made by TTI, with such claims being dismissed for lack of subject matter jurisdiction. And it recommends that the Motion also be granted with respect to all of Plaintiffs' indirect non-infringement claims. However, the Court recommends that the Motion be denied in all other respects.

As to TTI's claims (particularly because the challenge to subject matter jurisdiction here was a facial one), and as to all of Plaintiffs' indirect non-infringement claims, the Court recommends that dismissal be without prejudice. It is within this Court's discretion to grant leave to amend, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and because amendment should be allowed "when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), and because it is not clear that amendment would cause undue prejudice or would be futile, the Court recommends that Plaintiff be given leave to file a further amended complaint addressing the deficiencies outlined above. *See, e.g., AngioDynamics, Inc. v. Diomed Holdings, Inc.*, C.A. No. 06–02 GMS, 2006 WL 2583107, at *5 (D. Del. Sept. 7, 2006); *accord Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 980 (Fed. Cir. 2005) (explaining that "dismissal with prejudice is generally inappropriate where [a] standing defect can be cured").

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the

loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: January 8, 2015

/s/ Christopher J. Burke
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE