IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TSMC TECHNOLOGY, INC., ET AL., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 14-721-LPS-CJB |
| | : | |
| ZOND, LLC, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 39-page Report and Recommendation (the "Report") (D.I. 34), dated December 19, 2014, recommending that Plaintiffs TSMC Technology, Inc. ("TTI"), Taiwan Semiconductor Manufacturing Company, Limited ("TSMC Ltd."), and TSMC North America Corp.'s ("TSMC NA") (collectively, "Plaintiffs" or "TSMC") Motion to Enjoin Zond LLC from Maintaining a Later-Filed Action in the District of Massachusetts ("Motion to Enjoin") (D.I. 7) be granted;

WHEREAS, the Report also orders that Defendant Zond, LLC's ("Zond" or "Defendant") Motion to Transfer Venue of this Action to the District of Massachusetts Pursuant to 28 U.S.C. § 1404(a) ("Motion to Transfer") (D.I. 13) is denied;

WHEREAS, on January 2, 2015, Zond objected to the Report ("Objections") (D.I. 36), and specifically objected to the recommendation that the Motion to Enjoin be granted and to the denial of the Motion to Transfer;

WHEREAS, on January 16, 2015, TSMC responded to the Objections (D.I. 43);

WHEREAS, the Court has considered Plaintiff's Motion to Enjoin *de novo*, as it presents

1

case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

WHEREAS, the Court has considered Zond's Objections to the Motion to Transfer and reviewed the Magistrate Judge's order denying transfer for whether the Magistrate Judge committed "clear error" or conducted an analysis that is "contrary to the law," *see, e.g., Agincourt Gaming LLC v. Zynga Inc.*, 2013 WL 3936508, at *2 (D. Del. July 29, 2013) (explaining that motion to transfer venue is not case-dispositive motion); *Pragmatus AV, LLC v. Yahoo! Inc.*, 2013 WL 174499, at *1-2 (D. Del. Jan. 16, 2013) ("[A] motion to transfer venue is non-dispositive and subject to a 'clearly erroneous' or 'contrary to law' standard of review.");

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's Objections (D.I. 36) are OVERRULED, Judge Burke's Report (D.I. 34) is ADOPTED, Plaintiff's Motion to Enjoin (D.I. 7) is GRANTED, and Defendant's Motion to Transfer (D.I. 13) is DENIED.

2. Given the Court's adoption of the Report, and its agreement with the Report's detailed discussion of the factors supporting granting the Motion to Remand and denying the Motion to Transfer, it is unnecessary to address each point raised by Defendant in the Objections. Although the Court has considered each of Defendant's issues, it limits its comments here to those that require discussion.

3. For reasons carefully explained in the Report, resolution of the Motion to Enjoin essentially turns on resolution of the Motion to Transfer. As the Court is not vacating or reversing Judge Burke's order denying the Motion to Transfer, it follows that the Court should overrule Defendant's objections to the recommendation to grant the Motion to Enjoin.

4. The transfer analysis required in this case is, as Judge Burke observed, "nuanced." (Report at 11) Yet the burden on Defendant to justify transfer is always a heavy one, and the overall balance of pertinent factors must strongly favor transfer. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("[U]nless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.") (internal quotation marks and citation omitted). If, as here, Plaintiffs' choice of forum is legitimate and rational, it is entitled to substantial weight in the analysis, even if Delaware is not its "home turf." *See, e.g., Nalco Co. v. AP Tech Group, Inc.*, 2014 WL 3909114, at *1 (D. Del. Aug. 8, 2014). Under the circumstances presented here, it seems likely that neither a grant nor a denial of the Motion to Transfer would constitute clear error of law or fact, meaning that objections to the Magistrate Judge's decision would almost certainly be overruled. In any event, here Defendant has failed to show that any aspect of Judge Burke's analysis is either clearly erroneous or contrary to the law. Accordingly, the Objections to the denial of the Motion to Transfer must be overruled.

5. The Court agrees with Judge Burke that the exceptions to the "first-filed" rule for anticipatory actions or forum shopping do not apply. While Zond's characterization of TSMC's reasons for wanting to avoid litigating before Judge Young in the District of Massachusetts may conceivably be accurate (*see* D.I. 36 at 5-6), the alternative explanations provided by TSMC (*see* D.I. 43 at 5-7) and Judge Burke (*see* Report at 16-24), are not at all implausible.

6. The Court agrees with Judge Burke that practical considerations favor transfer to Massachusetts, and also finds no clear error in the weight Judge Burke accorded to this factor in the overall transfer analysis. (*See* Report at 31-36) The Court perceives nothing erroneous in the Report's conclusions that Judge Young has not yet "delved deeply into the technology." (*Id.* at

3

35)

7. The Court agrees with Judge Burke that the convenience of witnesses factor is neutral. (*See id.* at 28-30) Zond relies heavily on one witness – its patent prosecution counsel – but has given the Court no basis from which it could conclude either that this witness is likely to be a witness Zond would like to call at trial or, if so, that this witness would be unwilling to appear voluntarily at trial.

January 26, 2015  
Wilmington, Delaware

UNITED STATES DISTRICT COURT