

RICHARD L. RENCK
E-MAIL: rlrenck@duanemorris.com

January 29, 2014

Magistrate Judge Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, DE 19801-3555

    Re:   *TSMC Technology Inc. v. Zond LLC, No. 1:14-cv-00721 ESI Protocol/Order*

Dear Judge Burke:

Unfortunately, despite numerous meet and confer attempts, the parties remain at an impasse as to the number of e-mail custodians. TSMC proposes 12 email custodians per side, while Zond proposes 10 custodians per party. Below, the parties set forth their respective positions. After the Court rules on this issue, the parties propose to submit a final ESI Order for the Court's entry.

                                                Respectfully Submitted,

                                                Richard L. Renck (#3893)

**TSMC's POSITION:**

As made clear during the January 20, 2014 hearing, TSMC will not object to the Court's R&R to dismiss TTI. TSMC agrees to pay for the ESI fees and costs for 12 total custodians for the two remaining parties, while Zond insists that TSMC should pay for 20 total custodians. Based on TSMC's most recent litigation experience, 12 custodians will cost TSMC an estimated **$1.8 million** for collection, processing, and review. To be clear, TSMC does not object to producing emails for the additional 8 custodians Zond seeks *if Zond will agree to pay for the related ESI fees and costs.* But Zond has rejected that offer.

**1. Zond does not require the email discovery it seeks in order to prove its case.** Zond has asserted that it requires emails from at least 10 account managers (or more) to prove that TSMC infringes based on its "role in the flow of relevant product into the United States" (even though TSMC's wafers are all made in Taiwan). In rejecting TSMC's proposals,[1] Zond has not offered any explanation why searching e-mails of a representative sample of 12 custodians is not sufficient for Zond's purposes. Nor has Zond explained why it requires more than what TSMC has already produced—price quotations, invoices, distribution agreements, and tax agreements— documents that go to the heart of the TSMC-customer relationship.

Zond has also rejected a reasonable proposal by TSMC for phased ESI discovery to avoid costly overproduction of ESI in the first instance. Specifically, TSMC proposed that if, after production of the 12 custodians' documents, Zond alleges that additional custodian emails are needed, the parties meet and confer to determine whether an agreement can be reached. Assuming that Zond's goal is sufficient discovery to prove its claims and defenses, rather than harassment of TSMC, this compromise position should be acceptable to Zond.

**2. TSMC's estimate that it must spend millions of dollars to produce email is substantiated by its most recent litigation.** Zond has repeatedly questioned TSMC's representation that it spent in the order of $100,000-$150,000 per e-mail custodian for ESI-related fees and costs. TSMC is willing to submit a declaration and supporting invoices to substantiate this figure, based on its experience in Inv. No. 337-TA-906, a 2-patent infringement lawsuit brought by Tela Innovations against TSMC in December 2013.[2]

**3. TSMC's 12-custodian proposal, along with the other documents that TSMC has produced to date, appropriately balances the benefits and burdens of ESI discovery.** To the extent the Court is inclined to order TSMC to produce the ESI of eight additional custodians that Zond seeks at an additional expense of **$1.2 million**, TSMC respectfully requests that the Court defer this decision until after TSMC produces email for 12 custodians and the case has progressed further. Zond's amended infringement contentions are still woefully deficient and other forms of discovery are available and should be exhausted before TSMC must incur over $1 million in additional discovery fees and costs, especially when Zond is offering to produce email for just **2 custodians**. Deferral is consistent with how other judges have handled such disputes in this District. *See Cloud Farm Associates LP v. Volkswagon Group of America Inc., et al,* 10-cv-502 (D. Del. 2010) (Stark, J.) (docs. 54, 90) (deferring ruling on custodian limits in connection with proposed protective order to seven months later, after discovery had progressed).

---

[1] Zond's only offer to close the gap between parties' number of proposed custodians has been to suggest that TSMC accept Zond's 20 custodian proposal but to agree to a protocol that seeks to lessen the burden of reviewing **privileged** documents (attorney-client or work product). Zond's proposal fails to consider how TSMC might handle sensitive technical information ("STI"). TSMC must carefully review its documents to ensure that its STI (recipes, process flows, etc.) is adequately protected. TSMC's manufacturing processes are its "crown jewels," and Zond is well aware that TSMC was the victim of trade secret misappropriation in the 2000s. Six years of litigation ensued in California and elsewhere, which eventually led to a 9-week trial and a settlement in the hundreds of millions of dollars. *See TSMC v. SMIC,* Case No. RG-06-286111 (Alameda Superior Court). TSMC, therefore, is more than justified in taking necessary precautions to protect its valuable manufacturing process.

[2] Importantly, as TSMC has pointed out in its January 2016 letter, its experience is consistent with the experiences of other large corporations (citing, among others, SAP and Microsoft).

898576.01

**ZOND'S POSITION**

Despite the extra time afforded by the Court, the parties were unable to reach an agreement on the number of e-mail custodians because of TSMC's unwillingness to provide any further information as to the makeup of its relevant sales organizations. Thus, Zond requests that the Court follow its Default Standard For Discovery, Including Discovery of Electronically Stored Information ("Default Standard") and limit email production to ten custodians per party.

As explained in Zond's January 16 letter, the issues in this case are unique. In addition to the technical and damages e-mail discovery that is common to every patent case, Zond requires email discovery on TSMC's role in the flow of relevant product into the United States. A significant aspect of Zond's infringement case centers on the fact that the infringing methods are performed by TSMC outside of the United States. Thus, Zond's case will necessarily focus on TSMC's sales and offers to sell in the United States products made by Zond's patented processes (as carried out by TSMC) abroad, and TSMC's inducement of its customers to sell and import such products into the United States. In order to prove its case, Zond's evidence will include communications between TSMC and its U.S. customers showing inducement and related sales communications. Since Zond must prove its case in relation to each customer, Zond requires at least one custodian per customer per TSMC entity.[3] Since TSMC sells to a number of relevant customers—and during this process Zond has already identified to TSMC eight high priority U.S. customers—the number of email custodians that Zond seeks, is more than justified.

TSMC's two main objections to the ten-custodian-per-party limitation—(1) burden and (2) proportionality—lack merit. TSMC has asserted a number of times that to produce emails from a single custodian costs between $100,000-$150,000. But TSMC has never backed that up. Indeed, none of the "evidence" cited by TSMC in its January 16 letter shows that the marginal costs and fees associated with the production of email *alone* is anywhere near $100,000 per custodian. In contrast, the study cited by Zond in its January 16 letter shows that the costs and fees per custodian for all ESI (not just email) is a small fraction of TSMC's estimate. In any event, TSMC's burden arguments are significantly weakened by the dismissal of TSMC Technology Inc. from the case. As a result of that dismissal, the gap between the parties' proposals was reduced to just eight custodians. Nevertheless, in an attempt to obviate TSMC's objection and reach compromise, Zond proposed an email review protocol that Zond's counsel has used in other cases to significantly reduce the costs of email production in exchange for TSMC's agreement to produce email from ten custodians per party, but TSMC rejected it.

Finally, as noted in Zond's January 16 letter, TSMC's proportionality arguments fail. TSMC attempts to draw comparisons without proper context. TSMC asks the Court to compare Zond, effectively a two-person company, to TSMC, among one of the largest multinational companies in the world, and conclude that each party should produce emails from about the same number of custodians. The Court should instead decide the dispute on the basis of the relevance and role that email will play in the expected claims and defenses in this case and decide the dispute on that basis, as Zond requests. Once viewed properly, the Court should agree with Zond that ten email custodians per party is more appropriate for this case than twelve per side.

---

[3] Zond attempted to explore with TSMC whether there were overlapping account managers so as to reduce this number, but TSMC refused to provide this level of detail.

898576.01